UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**DISTRICT OF COLUMBIA,**          )
                                   )
    **PLAINTIFF,**             )
                                   )
v.                                 )     NO. 1:21-CV-03267-APM
                                   )
**PROUD BOYS INTERNATIONAL, L.L.C.**, *et al.,*  )     Oral Hearing Requested
                                   )
    **DEFENDANTS.**            )
_____)

### DEFENDANT LAURA STEELE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

George R.A. Doumar, D.C. Bar 415446
Raj H. Patel, D.C. Bar 240973
Doumar Martin, PLLC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel: 703-352-1300
Fax: 703-352-1301
gdoumar@doumarmartin.com
rpatel@doumarmartin.com

*Counsel for Laura Steele*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................iii

Statement of Facts ..........................................................................................................1

Standard of Review ........................................................................................................2

Summary of Argument ...................................................................................................3

Argument ........................................................................................................................5

    I.     The District Has No Standing to Bring a Claim for Common Law Torts Alleging Personal Injury ..............................................................................5

    II.    The District Fails to Allege Standing for Harm in the Section 1985(1) Claim .........................................................................................................6

          a.    The District Can Not Rely on Rights and Interests of Third Parties .......7

          b.    The Costs of Operating a Police Force Were Not Proximately Caused by Laura Steele ........................................................................8

          c.    The District is Not a Federal Officer or Federal Official Protected by § 1985 ...........................................................................8

    III.   There Are No Specific Allegations That Involve Laura Steele Agreeing to a Conspiracy ..............................................................................................11

    IV.   A Cognizable § 1985(1) Claim Is a Predicate for a § 1986 Claim; Alternately, Ms. Steele Had No Power to Prevent or Aid in Preventing the Alleged Wrongs Committed under § 1986 ................................................13

Conclusion ....................................................................................................................14

Certificate of Service ....................................................................................................15

# TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 662 (2009)...............................................................................2

Barr v. Clinton, 370 F.3d 1196 (D.D.C. 2004) ..................................................................11

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...............................................................2

Black Lives Matter D.C. v. Trump, 544 F. Supp. 3d. (D.D.C. 2021)................................11

Blassingame et al. v. Trump et al., 1:21-cv-008858 (D.D.C.) ............................................1

Brainerd v. Potratz, 421 F. Supp. 836 (N.D. Ill. 1976).....................................................10

Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711 (9th Cir. 1981). .................10

Cannon v. Univ. of Chicago, 441 U.S. 677 (1979)..............................................................9

Citizens League for Civil Rights, Inc. v. Baker, 464 F. Supp. 1389 (W.D. Wis. 1978)........10

Coggins v. McQueen, 447 F. Supp. 960 (E.D.Pa.1978). ...................................................10

Cox v. Dep't of Treasury, 2021 U.S. Dist. LEXIS 66140 (D.D.C. 2021). ..........................3

Curran v. Portland Superintending School Committee, 435 F. Supp. 1063 (D. Me. 1977). .10

DesVergnes v. Seekonk Water District, 448 F. Supp. 1256 (D. Mass. 1978). ..................10

Edwards v. Aurora Loan Servs., LLC, 791 F. Supp. 2d 144 (D.D.C. 2011). ..................2, 3

Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9 (D.D.C. 2001). ..3

Hermes v. Hein, 479 F. Supp. 820 (N.D. Ill. 1979)...........................................................10

Holmes v. Sec. Investor Protection Corp., 503 U.S. 258 (1992). .......................................7

Kedra v. City of Philadelphia, 454 F. Supp. 652 (F.D. Pa. 1978). ...................................10

Kenyatta v. Moore, 623 F. Supp. 224 (S.D. Miss. 1985). ...................................................9

Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014)..................7, 8

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1991). ...................................................3, 6-7

Martin Hodas, East Coast Cinematics, Inc. v. Lindsay, 431 F. Supp. 637 (S.D.N.Y.1977). 10

Mazloum v. D.C. Metro. Police. Dep't, 522 F. Supp. 2d 24 (D.D.C. 2007). ......................6

Moore v. Trump, 1:22-cv-00010 (D.D.C.). .....................................................................1, 2

Neely v. Blumenthal, 458 F. Supp. 945, 951 (D.D.C. 1978)..................................................10

Sierra Club v. Kempthorne, 589 F. Supp. 2d. 720 (W.D. Va. 2008)....................................2

Sines v. Kessler, 324 F. Supp. 3d 765 (W.D. Va. 2018). ......................................................12

Smith et al v. Trump et al., 1:21-cv-02265 (D.D.C.)...........................................................1, 2

Thompson et al. v. Trump et al., 1:21-cv-0400 (D.D.C.). .....................................................1

United Bhd. Of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 462 U.S. 825 (1983)....................................................................................................................9

United States ex rel. Hoss v. Cuyler, 452 F. Supp. 256, 279 (E.D.Pa.1978)........................10

Wagar v. Hasenkrug, 486 F. Supp. 47 (D. Mont. 1980)........................................................10

Wultz v. Islamic Republic of Iran, 864 F. Supp. 2d 24 (D.D.C. 2012). ................................5

Defendant Laura Steele ("Ms. Steele") moves to dismiss all counts in the Complaint ("Complaint" or "Compl.") filed by Plaintiff the District of Columbia (the "District") in this matter, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See generally Complaint (ECF 1).

**STATEMENT OF FACTS**

The Complaint filed by the District covers a wide variety of pre-January 6 activity over several months by a number of groups and people, which allegations include mostly alleged statements and postings, and some activities, but there is no allegation that Laura Steele ("Ms. Steele") participated in any wrongful activity or engaged in any activity relevant to the Complaint before January 3 or 4, 2021, which was the Sunday or Monday before a rally on Wednesday, January 6. See Compl., ¶ 38; see generally affidavit and documents cited at ¶ 38 from the Meggs et al criminal complaint ("Aff.") ¶ 46, 47, 74. Ms. Steele allegedly sent an application by e-mail sometime on or after January 3 at her brother's request, and then drove to Washington on January 5, 2021. See Compl., ¶ 38, Aff. ¶ 44-47, 74. There are no allegations of communications, planning or other prior involvement involving Ms. Steele.

Other similar cases relating to January 6 involving Section 1985(1) claims have been brought by individuals such as Congresspersons and Capitol police officers. See, e.g., Thompson et al. v. Trump et al., 1:21-cv-0400 (D.D.C.); Smith et al. v Trump et al., 1:21-cv-02265 (D.D.C); Blassingame et al. v. Trump, 1:21-cv-00858 (D.D.C); Moore v. Trump, 1:22-cv-00010 (D.D.C). In contrast, the District as a governmental entity has brought this case directly, alleging Section 1985 and 1986 claims as well as a conspiracy to commit various individual torts such as intentional infliction of emotional distress and assault and battery.

Also unlike the other civil cases, here the District of Columbia has not sued Donald Trump.

1

The Moore and Blassingame Plaintiffs above sued only Trump. The Smith Plaintiffs focused on Mr. Trump as well as ringleaders or organizations involved in months of communications and planning.

The District, on the other hand, casts a far wider net as to defendants than in other suits, for example listing many individuals who apparently attended the rally as well as John Does 1-50 as defendants, but omitting Donald Trump, the then President, as well as leaders of certain organizations.

Mr. Trump fomented a stop-the-steal movement for weeks, and then on January 6 encouraged rallygoers to march to the Capitol, promising to be right there with them. Instead, then President Trump went back to the White House and presumably watched matters unfold on television.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the Complaint. Sierra Club v. Kempthorne, 589 F.Supp.2d 720, 727 (W.D. Va. 2008). To survive a motion to dismiss, a complaint must allege more than "labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The District's Complaint here does not state plausible causes of action, at least not against Ms. Steele.

A motion to dismiss for lack of standing is generally considered under Rule 12(b)(1); plaintiff bears the burden of establishing standing to confer subject matter jurisdiction, and the court has an affirmative obligation to confirm its authority. Factual allegations regarding standing thus bear closer scrutiny than under a Rule(b)(6) motion. Edwards v. Aurora Loan

Servs., LLC, 791 F. Supp. 2d 144, 149 (D.D.C. 2011); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).

Whether under Rule 12(b)(1) or Rule 12(b)(6), the party invoking federal jurisdiction bears the burden of establishing the elements of a cause of action and must support them with the manner and degree of evidence required at the successive stages of the litigation. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1991). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cox v. Dep't of the Treasury, 2021 U.S. Dist. LEXIS 66140, *4 (D.D.C. 2021). The District's factual allegations are not sufficient to establish standing or to state a plausible claim to relief against Ms. Steele.

## SUMMARY OF ARGUMENT

The District attempts in this litigation to improperly transform what is the government's criminal enforcement function against January 6 defendants into a vehicle for extensive civil damages and to appoint itself a civil law enforcement body. A government can prosecute individuals criminally (and Ms. Steele is being criminally prosecuted), but when individual torts are involved, individual plaintiffs bring suit.

The District of Columbia has no standing to bring tort claims for individuals such as for assault and battery and intentional infliction of emotional distress. Such claims brought in this matter are not only improper, but also impractical for a government to pursue on a mass tort-type basis.

As to Section 1985 and 1986 claims, the District is not a "federal official' whose job was intended to be impeded under 42 U.S.C. §§ 1985 and 1986, eliminating standing under §§ 1985 and 1986. Additionally, under § 1986, based on the allegations, Ms. Steele was not in any position

to stop any alleged wrongful actions.

Even if the District had standing to bring a claim directly against Ms. Steele, the allegations set forth in the Complaint fail to state a claim as there are no allegations that Ms. Steele communicated anything with alleged conspirators that would evidence or amount to an unlawful agreement. Although the Complaint details months of planning and documents the activities of certain ringleaders, Ms. Steele's alleged participation began only a few days before January 6. See Compl., ¶ 38, Aff. ¶ 46, 47, 71.

Given Ms. Steele's limited role, she was also not in any position to hinder or stop any alleged conspiracy under § 1986. She only appears in an allegation, based on the Complaint and documents in criminal cases, three days before January 6 and has limited involvement alleged. Based on the Complaint, Ms. Steele had no idea who most of the Defendants are or were, is not alleged to have any knowledge of almost all the activities and plans described in the Complaint and is alleged to have been involved in any activity for only a few days.

Various Capitol police officers and federal officials, specifically members of Congress, have brought claims already to vindicate the rights the types of rights that the District here seeks, in part, to vindicate. Not surprisingly, these other civil suits involve a much smaller group of defendants, either Donald Trump alone, or individuals who were the type of ringleaders that actually made and agreed to plans to overturn the election results and attempt to thwart the January 6 certification of President Biden's election.

The District of Columbia has no standing in this matter, and cannot bring individual torts, but to the extent there is standing, the proper Defendant is Donald J. Trump, not rallygoers like Ms. Steele and John Does 1-50 (or hundreds if not thousands of others) who went to the rally that day and were influenced by the then President's words.

**ARGUMENT**

The District's complaint should be dismissed as it fails properly to allege standing for the District and fails to allege facts to show that Ms. Steele conspired or was liable for not preventing the conspiracy. The District has no standing as the harm it alleges is either harm it did not suffer and could not suffer, or because the harm alleged is harm in operating a police force that was not proximately caused by alleged misconduct by Ms. Steele. The District also lacks standing under § 1985 as it is not a federal officer.

The Complaint should also be dismissed because allegations are not sufficient to support a claim for conspiracy under the common law, or to support claims under §§1985 or 1986. There are no allegations sufficient under §1986 that Ms. Steele had the power to prevent or aid in preventing the wrongs conspired to be done in the conspiracy.

I. **THE DISTRICT HAS NO STANDING TO BRING A CLAIM FOR COMMON LAW TORTS ALLEGING PERSONAL INJURY**

By alleging conspiracy to commit common law torts in the Complaint, the District has effectively alleged that it was assaulted, battered, and suffered emotional distress inflicted by Ms. Steele. A governmental entity or other organization cannot state a claim for a common law personal tort.

Review of the elements of these personal torts makes it apparent that the District, as an organization and not an individual, is not a proper plaintiff and could never be. Intentional infliction of emotion distress requires that "one who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Wultz v. Islamic Republic of Iran, 864 F. Supp. 2d 24, 36 (D.D.C. 2012). The Complaint fails to allege how Ms. Steele has intentionally caused the District to suffer emotional distress, which is

5

understandable given that the District as an organization cannot experience emotional distress or any bodily harm.

The District alleging it was the victim of a conspiracy to be assaulted or battered should be dismissed as a physical impossibility. Even assuming the allegations are true, assault is defined as "an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim." Mazloum v. D.C. Metro. Police Dep't, 522 F. Supp. 2d 24, 41 (D.D.C. 2007). A battery is "an intentional act that causes a harmful or offensive bodily contact." The District, as an organization, has no way to be physically harmed or receive a harmful or offensive bodily contact.

To the extent that the District is seeking these torts for harm suffered by the Metropolitan Police Department ("MPD") officers, the District has no standing. The first element of standing is that there must be an "injury in fact" to the party bringing suit, in this case the District. Lujan, 504 U.S. at 561 (1991). The District as a governmental entity can have no injury in fact to a battery, assault, or intentional infliction of emotional distress. Any such standing based on being the employer of an individual who is the victim of a tort is unprecedented and would be an improper expansion of the doctrine of standing. The District has no body to harm, and so it can not allege the common law torts of intentional infliction of emotional distress, assault, or battery.

The District's Complaint is effectively a creative, novel form of mass-tort class action lawsuit (which would not qualify as a class action), however, instead of suing one large defendant, the District has sued dozens of defendants with quite different roles and levels of participation, if any.

## II. THE DISTRICT FAILS TO ALLEGE STANDING FOR HARM IN THE SECTION 1985(1) CLAIM.

Section 1985 claims are brought by individual federal officials, not governmental entities. The District is not a federal officer or official and has no standing to bring the claim alleged. The

doctrine of standing is the only thing preventing those accused of crimes from having to defend from civil lawsuits from the government in perpetuity. The District fails to demonstrate standing in the §1985 claim as the District alleges harm entirely dependent on the rights and interests of third parties other than the District, alleges harm that is not proximately caused by any alleged behavior of Laura Steele.  The District is also not a federal officer protected by Section 1985.

A plaintiff in federal court has the burden of showing that there is proper standing, which requires (1) "injury in fact," (2) a causal connection between the injury and the complaint, and (3) that the injury would be redressed by a favorable decision. Lujan 504 U.S. at 561. There also exist prudential limitations of standing, for example a plaintiff cannot rest his claim to standing on the rights and interests of third parties. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 129 (2014).

The Complaint lists three categories of damages the District seeks to recover in the lawsuit, none of which it has standing to bring. Those categories are (1) the "costs to dispatch…MPD officers…including transportation, coordination, and overtime expenses," (2) the "costs for…medical treatment for injured MPD officers," and (3) the "costs for paid leave for MPD officers who could not work as a result of their injuries." Compl. ¶ 286.

a.  **The District Can Not Rely on Rights and Interests of Third Parties.**

The District's claim for medical treatment is contingent on harm suffered by third parties, the MPD officers. Claims completely contingent on harm suffered by third parties have no standing. See Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 271 (1992); see also Lujan, 504 U.S. at 562. Alleging that the District's employees suffered harm does not give rise to any standing on behalf of the District, as the proper plaintiffs are the MPD officers who were harmed.

7

> b. **The Costs of Operating a Police Force Were Not Proximately Caused by Laura Steele.**

The costs to dispatch MPD officers and paid leave for MPD officers are the normal costs of operating a police force and are not compensable here as they are not proximately caused by any of the allegations against Ms. Steele. Whether an injury is proximately caused "is controlled by the nature of the statutory cause of action." Lexmark, 572 U.S. at 133. The harm must have a "sufficiently close connection to the conduct the statute prohibits." Id. The Court gives the example that a competitor unlawfully forced out of business "will be able to sue for its losses, [but] the same is not true of the competitor's landlord, its electric company, and other commercial parties who suffer merely as a result of the competitors' inability to meet its financial obligations." Id. The paid leave the District is suing for is the same as the landlord suing for its rent. If a federal official was hurt in discharging their duty, the official's employer would have no right to have the paid leave that they paid for their employee being out. Similarly, a tort for conspiracy to commit a crime proximately causing police to expend resources in preventing crime would appear to be a tautological exercise that is redundant. The government could then always sue criminals civilly for committing crimes. Our criminal justice system provides the proper avenue for governmental entities to seek punishment and levy fines and costs for the government.

Allowing recovery here would essentially force many people who are arrested and their associates to defend themselves civilly for each arrest, as well as criminally. Alleged wrongdoers and their associates would find themselves civilly liable to pay governments to help fund police departments for the troubles arising out of arresting them, in addition to criminal fines and costs. The state already has the power to prosecute people criminally and seek fines and costs.

> c. **The District is Not a Federal Officer or Federal Official Protected by § 1985.**

The District is not a federal officer or official, and therefore there is no standing for it to

bring suit against Ms. Steele. The principal purpose of §1985 was initially to grant, through private remedy, some protection for federal officials in Reconstruction South. Kenyatta v. Moore, 623 F. Supp. 224 (S.D. Miss. 1985); see also United Bhd. Of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 462 U.S. 825, 836 (1983). The primary purpose is not to allow for the authorities to turn every criminal case into a civil damages case in which the accused must pay the costs of government.

According to case law and the words of § 1985 itself, the only plaintiffs with statutory standing under § 1985 are federal officers. The statutory language states that:

> "(1) If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, **any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States** to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;"
> "…(3)…the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."
> 42 U.S.C. § 1985.

The language is clear. The phrase "the party so injured or deprived" means the federal official the conspiracy was attempting to prevent from discharging their duty. The only proper plaintiffs under § 1985 are federal officials. The mere "fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979). Congresspeople, for example, are federal officers who may plausibly have standing, and such persons have sued Donald Trump and others.

The prototypical 1985(1) case is a suit brought by federal officials who were prevented

from discharging their duty and were injured. State officials, instead of federal officials, have tried to bring claims asserting a cause of action under the statute. However, overwhelming authority confirms that even state officials are not protected by § 1985(1). Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 718 (9th Cir. 1981). In Canlis, state law enforcement officers were attacked by a group of vigilantes claiming to be a "posse comitatus" while serving an arrest warrant. Id. The "posse comitatus" had formed to prevent union representative from legally entering a farm's private property to organize farm workers. Id. The court held that as the plaintiffs were state officials, they were not protected by a § 1985. Id. The court stated that those courts that have dealt with the question of proper plaintiffs have done so in passing, confirming "the obvious limitation of the statute's applicability" and cited eleven cases in a survey of the subject. Id. at 718, n. 13.[1]

There is no standing for the District to bring suit under § 1985(1) because § 1985(1) only protects federal officers in discharging their duty, and the District is not a federal officer prevented from discharging its duty. The District, as a third party not proximately harmed by any of the alleged actions who was not contemplated as protected by § 1985(1). If the District could sue, seemingly every person resisting arrest or otherwise taking unlawful action could become a civil defendant in a case brought by the government separate form criminal prosecution. The District lacks standing for § 1985(1) and thus that claim should be dismissed.

---

[1] Cases limiting plaintiffs to federal officials include the following: Wagar v. Hasenkrug, 486 F. Supp. 47, 50 (D.Mont.1980); Hermes v. Hein, 479 F. Supp. 820, 825 (N.D.Ill.1979); Citizens League for Civil Rights, Inc. v. Baker, 464 F. Supp. 1389, 1391 (W.D.Wis.1978); Neely v. Blumenthal, 458 F. Supp. 945, 951 (D.D.C.1978); Kedra v. City of Philadelphia, 454 F. Supp. 652, 662 (F.D.Pa.1978); United States ex rel. Hoss v. Cuyler, 452 F. Supp. 256, 279 (E.D.Pa.1978); DesVergnes v. Seekonk Water District, 448 F. Supp. 1256, 1260 (D.Mass.1978), modified on other grounds, 601 F.2d 9 (1st Cir. 1979); Coggins v. McQueen, 447 F. Supp. 960, 966 n.6 (E.D.Pa.1978); Curran v. Portland Superintending School Committee, 435 F. Supp. 1063, 1079 n.9 (D.Me.1977); Martin Hodas, East Coast Cinematics, Inc. v. Lindsay, 431 F. Supp. 637, 645 n.11 (S.D.N.Y.1977); Brainerd v. Potratz, 421 F. Supp. 836, 839 n.2 (N.D.Ill.1976), aff'd, 566 F.2d 1177 (7th Cir. 1977).

**III.   THERE ARE NO SPECIFIC ALLEGATIONS THAT INVOLVE LAURA STEELE AGREEING TO A CONSPIRACY.**

The allegations against Ms. Steele do not amount to participation in a civil conspiracy because they do not allege that she communicated with any of the conspirators to make an unlawful agreement to violate § 1985. The allegations merely state that Ms. Steele sent in an application a few days before January 6 at her brother's request, traveled to Washington for the rally, and entered the Capitol. Ms. Steele may have been in the Capitol for a total of 20 minutes. That is insufficient to hold her liable for civil conspiracy.

Plaintiffs in § 1985 cases must allege "the elements of civil conspiracy, including: an agreement to take part in an unlawful action or a lawful action in an unlawful manner." Barr v. Clinton, 370 F.3d 1196, 1200 (D.D.C. 2004). Plaintiffs must do more than merely allege that a defendant communicated, they must allege details "that suggest an unlawful agreement." Black Lives Matter D.C. v. Trump, 544 F.Supp. 3d 15, 39 (D.D.C. 2021).

The only specific allegations concerning Ms. Steele in the Complaint, including the criminal complaint, affidavit in support, and other material filed against Ms. Steele and allegedly incorporated in the Complaint (and assuming a procedure for wholesale incorporation of other lawsuits and statements by third parties in a civil complaint is proper, which it is not), are that Ms. Steele:

   i.   Sent an application on January 3 or 4, 2021 to the Oath Keepers;
   ii.  Traveled with Graydon Young, her brother, to Washington;
   iii. Donned a vest on January 6;
   iv.  Assembled in a circle on Capitol grounds;
   v.   Entered the Capitol in a "stack" formation;
   vi.  Moved within the Capitol;
   vii. And burned clothing she'd worn on the day she'd entered the Capitol.

See Compl. ¶ 38, Aff. ¶¶ 44-46, 70-73.[2]

---

[2] Ms. Steele reserves the right to deny these factual allegations, including those cited in the various other documents indirectly relied on by the Plaintiff.

Almost none of this is set forth in the Complaint but is gleaned from statements in the criminal case dockets. Parties incorporate agreements into a Complaint to support cited provisions in the Complaint, but it seems far afield to incorporate entire files from other cases. A Plaintiff should provide notice of claims through factual allegations relating to a defendant in the Complaint. Here, rather than allege specific allegations against specific Defendants in each count, the Plaintiff draws with an improperly broad brush to taint not just Donald Trump and ringleaders, but potentially everybody who went to a rally that day and those who posted supporting information online.

There is no agreement alleged as to Ms. Steele. None of those above allegations and communications consist of an unlawful agreement. The only communications in those allegations are that Ms. Steele associated with the Oath Keepers a few days before January 6, which is not in itself an unlawful agreement.

Similar to one of the defendants in Sines v. Kessler, which concerned the violent "Unite the Right" rally that took place in Charlottesville in 2017, there are inadequate allegations here to allow for a § 1985 conspiracy claim. In that case, the complaint was dismissed against one of the defendants, Peinovich, despite allegations that he hosted a racist podcast, previously associated with co-defendants who were conspirators, was featured on a poster for the rally and promoted it, arrived at the rally with a "security team," and tweeted that white business owners that voiced support for equality and diversity did not mean "they will be spared somehow." Sines v. Kessler, 324 F. Supp. 3d 765, 794-95 (W.D. Va. 2018).[3] That was still not enough. The court held that, because there were no allegations that Peinovich communicated with co-conspirators to organize

---

[3] The Sines matter also involved a limited number of defendants, namely organizations and their leaders, who had made extensive plans over a period of months.

12

the event, the plaintiffs had inadequately plead that he joined the conspiracy. Similarly, Ms. Steele never came to some agreement and did not participate in organizing any of the January 6th attack. Her mere associations with alleged conspirators and even her entry into the Capitol with a crowd encouraged by the President of the United States that afternoon, is not sufficient to hold her liable as a conspirator herself.

### IV. A COGNIZABLE § 1985(1) CLAIM IS A PREDICATE FOR A § 1986 CLAIM; ALTERNATIVELY, MS. STEELE HAD NO POWER TO PREVENT OR AID IN <u>PREVENTING THE ALLEGED WRONGS COMMITTED UNDER § 1986.</u>

The District fails to allege a § 1986 cause of action because it failed to allege that Ms. Steele had knowledge of or participated in an underlying § 1985 conspiracy, as discussed above. The District's complaint also fails because it does not allege Ms. Steele had any power to prevent or aid in the prevention of the commission of the wrongs of January 6. The District has not alleged that Ms. Steele had any special knowledge of conspired criminal activity that she could have disclosed to the police or any power over the alleged conspirators to prevent the commission of the wrongs. Ms. Steele did no organization and made no speeches. The proper defendant here, if any, would be Donald Trump and the other ringleaders, who did organize the events of January 6 and did give speeches.

If Donald Trump had requested the January 6 rallygoers to go home, or chant on the Washington Monument grounds alone, that likely would have been effective to stop rallygoers from marching to the Capitol, though under the District's broad theory such persons might still be liable for intimidation, conspiracy or infliction of emotional distress. There is no evidence that Ms. Steele did any planning to overturn an election or was a leader of any effort or organization; she traveled to Washington, got caught up in the then President's encouragement that day and followed the crowd. Ms. Steele had the same power as any other individual in America who watched their

13

television or posted on Facebook in preventing the alleged conspiracy and wrongdoing. Accordingly, the § 1986 claim against her should be dismissed.

## CONCLUSION

The District lacks standing to bring the claims it attempts to bring in its Complaint, which should accordingly be dismissed with prejudice. The damages alleged are either not personal to the District or not proximately caused by any alleged behavior of Ms. Steele. The District is also not a "federal official" under § 1985.

The District has also cast far, far too wide a net for standing purposes. In seeking to sue dozens, or possibly a hundred or more defendants, and alleging that as many as a thousand or more police officers may have suffered some January 6-related injury for which the District seeks compensation, the implications of the District's complaint itself make clear why governmental entities do not have standing to bring essentially mass tort claims, and why the scope of even a civil conspiracy claim has some reasonable limits. Also under the District's theories, thousands more people could be liable for the conspiracy alleged.

There are prudential limits on standing. The District's Complaint would lead to a mass tort class action nightmare, against potentially hundreds of defendants, and in any case a trial that might never end.

Defendants like Ms. Steele, a former law enforcement officer and security guard who was fired from her job after January 6 and remains unemployed, could not under such circumstances have any effective opportunity to defend themselves.

Accordingly, the Court should dismiss the District's claims against Ms. Steele with prejudice.

Dated: March 11, 2022.

Respectfully submitted,

/s/ George R.A. Doumar
George R.A. Doumar, D.C. Bar 415446
Raj H. Patel, D.C. Bar 240973
Doumar Martin, PLLC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel: 703-352-1300
Fax: 703-352-1301
gdoumar@doumarmartin.com
rpatel@doumarmartin.com

*Counsel for Laura Steele*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, a copy of the foregoing was sent, by ECF, to all counsel of record and registered parties.

/s/ George R.A. Doumar
George R.A. Doumar, D.C. Bar 415446
Raj H. Patel, D.C. Bar 240973
Doumar Martin, PLLC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel: 703-352-1300
Fax: 703-352-1301
gdoumar@doumarmartin.com
rpatel@doumarmartin.com

*Counsel for Laura Steele*