UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, <br><br> Plaintiff, <br><br> v. <br><br> PROUD BOYS INTERNATIONAL, L.L.C., *et al*., <br><br> Defendants. | No. 1:21-CV-03267-APM |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS KLEIN, MINUTA, AND PEPE'S MOTION TO STAY**

Plaintiff the District of Columbia (the "District"), respectfully submits this memorandum of law in opposition to Defendants Jonathan Peter Klein ("Klein"), Roberto Minuta ("Minuta"), and Joseph Pepe's ("Pepe") (together "Moving Defendants") March 11, 2022 motion to dismiss and stay further proceedings. ECF Nos. 84, 90.

## PRELIMINARY STATEMENT

On March 11, 2022, Moving Defendants filed simultaneously a motion to dismiss the District's claims against them for failure to state a claim and a motion to stay all proceedings in this action. In the stay motion, Moving Defendants claim that a stay is necessary because they each have a pending criminal case against them arising from their participation in the attack on the Capitol on January 6, 2020. Moving Defendants argue that this case should not proceed on a parallel track because having to defend against Plaintiff's claims, which also arise from Moving Defendants' planning, promotion of, and participation in the violent January 6 attack on the Capitol, would force them to choose between defending themselves in this matter and invoking their 5th Amendment right against self-incrimination.

The prospect raised by the Moving Defendants, however, is not a circumstance they imminently face. This case has just commenced and is in the Rule 12, pre-discovery stage. Under the current schedule, motions to dismiss the amended complaint will not be fully briefed until July 27, 2022. Accordingly, as this Court recently decided in a related case, Moving Defendants' motion to stay is premature. *Smith* v. *Trump*, No. 1:21-CV-02265-APM (Minute Order denying motions to stay proceedings, entered Nov. 10, 2021). The motion should be denied without prejudice, and protection of the Moving Defendants' 5th Amendment rights, to the extent they exist, can and should be addressed individually, when this case reaches a point where any defendant's rights are actually implicated.

**ARGUMENT**

Defendants bear a high burden to prevail on a motion to stay. *Doe* v. *Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012). "A total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy appropriate for extraordinary circumstances." *Weil* v. *Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987); *see Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 98, 103–04 (2d Cir. 2012) (affirming denial of motion to stay). Indeed, "the Constitution rarely, if ever, requires such a stay." *Louis Vuitton,* 676 F.3d at 98. Instead, whether to grant a stay is firmly in this Court's discretion. *See S.E.C.* v. *Dresser Indus., Inc.*, 628 F.2d 1368, 1374–35 (D.C. Cir. 1980).

"[T]he mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings" does not itself warrant a stay. *See, e.g.*, *HT S.R.L.* v. *Velasco*, No. 15-664, 2015 WL 13759884, at *7 (D.D.C. Nov. 13, 2015) (quoting *Horn* v. *Dist. of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002)). Indeed, a stay is not appropriate unless a defendant faces imminent risk of "*substantial* prejudice[.]" *See Dresser*, 628 F.2d at 1374 (emphasis added). Courts have repeatedly found no such risk when a civil case is at the pre-discovery stage. *See, e.g.*, *Smith*, No. 1:21-CV-02265-APM (Nov. 10, 2021); *see also Gunn* v. *City of Montgomery, Ala.*, No. 2:16-CV-557-WKW-WC, 2017 WL 4277548, at *2 (M.D. Ala. Feb. 17, 2017) (motion to stay denied as premature where defendant had not articulated a basis from which the court could infer that the obligation to file a responsive pleading would prejudice their 5th Amendment rights at the motion to dismiss stage).

In determining whether to stay a civil proceeding pending the outcome of a related criminal proceeding, the court may consider factors including: "the interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to them if it is delayed"; the

3

"public interest in the pending civil and criminal litigation"; the "interests of and burdens on the defendant"; the "interest of persons not parties to the civil litigation"; and the "convenience of the court in the management of its cases and the efficient use of judicial resources." *Manning* v. *McHugh*, No. 12-1802 (CKK), 2014 WL 12789614, at *2 (D.D.C. Jan. 30, 2014) (citing *Barry Farm Resident Council, Inc. v. Dept. of Navy*, Nos. 96-cv-1450, 96-cv-1700, 1997 WL 118412, at *1 (D.D.C. Feb. 18, 1997)).

**In this case,** consideration of all of the relevant circumstances militates against a stay of these proceedings.

*First*, as noted *supra*, Moving Defendants do not face any imminent choice in this matter between defending themselves and invoking their 5th Amendment right against self-incrimination. Moving Defendants argue that they will be prejudiced by being forced to participate in discovery, including by responding to interrogatories and testifying in depositions. *See* ECF No. 84 at 16. But discovery in this case is months away. Under the current schedule, Moving Defendants will file responses to the Amended Complaint by May 18, 2022, including Rule 12 motions. Those motions will not be briefed until July 27, 2022, and will not be ruled upon for some additional period. Moving Defendants have not explained why the filing of a Rule 12 motion would compromise their 5th Amendment rights. Indeed, the Moving Defendants already filed such a motion in this case, making clear that any 5th Amendment concerns they assert do not apply at this stage. ECF No. 84 (March 11, 2022).

*Second*, the interests of the Plaintiff strongly favor proceeding expeditiously with this civil case. As described in the Amended Complaint, as a direct result of Moving Defendants' pre-planned and coordinated Attack on the Capitol with their co-conspirators, which included threatening, assaulting, and injuring those who tried to stop them, including officers of the

Plaintiff's Metropolitan Police Department, Plaintiff suffered extraordinary damages and costs and was left to deal with the aftermath of the violent disruption of the lawful operation of government. Plaintiff thus has an urgent interest in seeking justice under the federal laws and laws of the District of Columbia and preventing further harm. As this Court has acknowledged, a stay for any individual defendant risks future delay in this case: "[a] defendant who is not required to move or otherwise respond to the Amended Complaint now due to a stay will have to do so later, injecting needless delay in the process." *Smith*, No. 1:21-CV-02265-APM (Minute Order, Nov. 10, 2021). This will impede Plaintiff's efforts to timely redress the harms suffered as a result of the Moving Defendants' and their coconspirators' attack.

*Third*, both the public interest in the pending litigation and the interest of persons not parties to the civil litigation weigh heavily in favor of denying Moving Defendants' motion to stay. The January 6th Attack on the Capitol was an unprecedented conspiracy with the express purpose of preventing members of Congress and then-Vice President Michael Pence from discharging their official constitutional duties. There is a strong public interest in seeking accountability as swiftly and efficiently as possible for those who planned and participated in the January 6th Attack, including with regards to the unique issues raised in this civil proceeding as opposed to the ongoing criminal proceedings.

*Finally*, the Court's management of cases and the efficient use of judicial resources weighs against granting a motion to stay at this time. Because Moving Defendants have made no argument that they are prejudiced at this pre-discovery stage, there is no reason for the Court not to proceed on the consolidated schedule already ordered by the court for Rule 12 motions and responsive pleadings, which is applicable to the other defendants in this case. This is particularly true where defendants do not request a stay for a definite period, but rather indefinitely until

numerous multiple concurrent criminal proceedings are fully resolved.

<p align="center">CONCLUSION</p>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Moving Defendants' Motion to Stay without prejudice.

Dated: April 14, 2022

*Counsel for Plaintiff District of Columbia:*

**KARL A. RACINE, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By: /s/ *Kathleen Konopka*
Kathleen Konopka (D.C. Bar 495257)
Vikram Swaruup (D.C. Bar 1670692)
Brendan B. Downes ((D.C. Bar 187888)
400 6th St. NW
Washington, DC 20001
Tel: 202-724-6533
Email: vikram.swaruup@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By: /s/ *Norman Eisen*
Norman Eisen (D.C. Bar 435051)
1420 K Street NW
Washington, DC 20005
Tel: 202-656-8178
Email: norm@statesuniteddemocracy.org

By: /s/ *Christine P. Sun*
Christine P. Sun
Katherine Reisner
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Tel: 615-574-9108
Email: christine@statesuniteddemocracy.org
            katie@statesuniteddemocracy.org

By: /s/ *Aaron Scherzer*

**THE ANTI-DEFAMATION LEAGUE**

By: /s/ *Eileen B. Hershenov*
Eileen B. Hershenov
605 Third Avenue
New York, NY 10158-3650
Tel: 212-885-5805
Email: ehershenov@adl.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Jeannie S. Rhee*
Jeannie S. Rhee (D.C. Bar 464127)
2001 K Street, NW
Washington, D.C. 20006-1047
Tel:  202-223-7300
Fax:  202-223-7420
Email: jrhee@paulweiss.com

<div style="columns:2">

Aaron Scherzer
572 Valley Road, No. 43592
Montclair, NJ 07043
Tel: 862-367-6480
Email: aaron@statesuniteddemocracy.org

**DECHERT LLP**

By: /s/ *Matthew L. Larrabee*
Matthew L. Larrabee
1095 Avenue of the Americas
New York, NY 10036-6797
Tel: 212-698-3500
Fax: 212-698-3599
Email: matthew.larrabee@dechert.com

By: /s/ *Vincent H. Cohen, Jr.*
Vincent H. Cohen, Jr. (D.C. Bar 471489)
D. Brett Kohlhofer (D.C. Bar 1022963)
1900 K Street, NW
Washington, D.C. 20006-1110
Tel: 202-261-3300
Fax: 202-261-3333
Email: vincent.cohen@dechert.com
d.brett.kohlhofer@dechert.com

By: /s/ *Michael S. Doluisio*
Michael S. Doluisio
2929 Arch Street
Philadelphia, PA 19104-2808
Tel:  215-994-2000
Fax:  215-994-2222
Email: michael.doluisio@dechert.com

By: /s/ *Daniel J. Kramer*
Daniel J. Kramer
Andrew J. Ehrlich
Erin J. Morgan
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
aehrlich@paulweiss.com
ejmorgan@paulweiss.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that, on April 14, 2022, I caused the foregoing Opposition to Defendants Klein, Minuta, and Pepe's Motion to Stay to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining defendants have been served via first class mail.

                                                         */s/ Jeannie S. Rhee*
                                                        Jeannie S. Rhee