**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DISTRICT OF COLUMBIA,**  **Plaintiff,**  **v.**  **PROUD BOYS INTERNATIONAL, LLC, ET AL,**  **Defendants.** | **Case No. 21-cv-03267** |

**DEFENDANTS JONATHAN PETER KLEIN, ROBERTO MINUTA, WILLIAM JOSEPH PEPE REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

John M. Pierce
21550 Oxnard Street
3d Floor, PMB#172
Woodland Hills, CA 91367
Tel: (213) 279-7846
Email: jpierce@johnpiercelaw.com

*Attorney for Defendants Jonathan Peter Klein,*
*Roberto Minuta and William Joseph Pepe*

Defendants Klien, Minuta, and Pepe tender this reply to Plaintiff's Opposition of Defendants' motion to stay proceedings.

The Plaintiff incorrectly characterizes for the court the nature of harm that will cause harm to defendants. Moreover, in the plaintiff's opposition, they led this Court to believe that the request of the stay was at an inappropriate time—this is also incorrectly characterized.

Defendants filed their Motion to Stay the proceeding in conjunction with Defendant's Motion to Dismiss as an *alternative* if this Court ruled against the dismissal and proceeded into the discovery phase.  Defendants still ensure that is the position that has been taken even though Plaintiff has filed an Amended Complaint.

As expressed in Defendant's opening brief for a stay of the proceedings, Defendants have met the burden of all four factors previously briefed.  To ensure a complete record, Defendants reiterate the required factors to prevail on a motion to stay that has been addressed by courts in the same district-- 1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay. *See U.S. ex rel. Westrick v. Second Chance,* No. 04–280, 2007 WL 1020808, at *2 (D.D.C. Mar. 31, 2007); *see also Horn v. Dist. of Columbia,* 210 F.R.D. 13, 15 (D.D.C. 2002) (laying out similar factors).

While it is true, the court will not stay a case for the mere relationship between the criminal and civil proceedings, *see, e.g.*, *HT S.R.L. v. Velasco*, No. 15-664, 2015 WL 13759884, at *7 (D.D.C. Nov. 13, 2015) (quoting *Horn*, 210 F.R.D. at 15), the Plaintiff cannot intend for this Court to believed there is a "mere relationship"; rather, the cases are so similar, the Plaintiff cited to each of the criminal cases for the purpose of incorporating the entirety of the criminal complaint as part of the pleadings in the civil complaint.

1

Since the filing of the amended complaint has reset the clock for briefing of the matter, rather than ruling on the matter currently, the court should take up the consideration of Defendant's Motion to Stay in due course with the current briefing schedule of the amended complaint. Once again, Defendants moved this Court to issue a stay on the proceedings as an *alternative* and rather to ensure efficiency for all parties involved and the courts, the matter should simply be briefed along with the amended complaint.

## CONCLUSION

For the forgoing reasons, the Plaintiff's mischaracterization to this Court that will likely cause harm to the Defendants combined with the filing of the amended complaint where the briefing schedule controls when Defendants must respond, Defendants respectfully request this Court to delay its ruling on the Motion to Stay and establish a briefing schedule where the issues within the Amended Complaint are addressed.

Date: April 25, 2022                    Respectfully Submitted,

John M. Pierce
21550 Oxnard Street
3d Floor, PMB#172
Woodland Hills, CA 91367
Tel: (213) 279-7846
Email: jpierce@johnpiercelaw.com

*Attorney for Defendants Jonathan Peter Klein, Roberto Minuta and Joseph Pepe*

2

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, April 25, 2022, I caused a copy of the

foregoing document to be served on all counsel through the Court's CM/ECF case filing system.


/s/ John M. Pierce
John M. Pierce