UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-03267 (APM) |
| ) | |
| **PROUD BOYS** ) | |
| **INTERNATIONAL, L.L.C., et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff District of Columbia's Motion for Order Authorizing Alternative Service and Extension of Time to Serve Bru, Schaffer, Ochs, and Vallejo, ECF No. 138 [hereinafter Pl.'s Mot.], is granted in part and denied in part.

Plaintiff's request to serve by alterative means is governed by Rule 4(e)(3)(A) of the D.C. Superior Court Rules of Civil Procedure. It provides that, "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by a method prescribed in Rule 4(c) or (e)(1)-(2), the court may permit an alternative method of service that the court determines is reasonably calculated to give actual notice of the action to the party to be served." Rule 4(c) concerns personal service. Rules 4(e)(1) and 4(e)(2) permit service by specified types of mail. And Rule 4(e)(3)(B) identifies three examples of "alternative methods of service": (i) delivery to the individual's place of employment; (ii) transmittal by electronic mail; and (iii) "any other manner that the court deems just and reasonable."

Plaintiff asks to serve Defendants Nicholas R. Ochs, Jon R. Schaffer, Marc A. Bru, and Edward Vallejo by electronic mail to their respective counsel in their criminal cases. Pl.'s Mot. at

14–17.  That request is denied.  The court does not consider such method of service to be "just and reasonable," as it would transform criminal defense counsel into a court-compelled agent of Plaintiff.  The court does not find that circumstance "just" or "reasonable."

Alternatively, Plaintiff asks the court to permit service by publication.  But District of Columbia law does not allow service by publication in cases such as this one.  *See* D.C. Code § 13-336(b); *Spevacek v. Wright*, 512 A.2d 1024, 1026 (D.C. 1986) ("Since substituted service is in derogation of the common law, statutes purporting to authorize constructive service by publication must be strictly construed.").  And, even if it did, Plaintiff has not fulfilled the procedural prerequisite for service by publication as to Schaeffer, Ochs, and Vallejo.  *See* D.C. Code § 13-338(1) (requiring before service by publication that "[a] summons for the defendant has been issued and returned 'not to be found,'" which the court takes to mean an unsuccessful mailing).

Additionally, the court cannot authorize service by any alternative method as to Schaeffer, Ochs, and Vallejo because Plaintiff has not yet attempted service by mail under either Rule 4(e)(1) or 4(e)(2).  *See* D.C. Super. Ct. Civ. R. 4(e)(3)(A) (requiring as a prerequisite to allowing an alternative method of service that the plaintiff "has been unable to accomplish service by a method prescribed in Rule . . . (e)(1)-(2)").  Plaintiff appears to have identified a home address for, at least, Schaffer and Ochs.  *See* Pl.'s Mot. at 6, 11.  Attempting such service may seem futile given their efforts to evade service, but it must be tried before the court can permit any alternative method of service.

The court, however, will authorize Plaintiff to serve Defendant Bru by electronic mail.  Plaintiff has shown that (1) efforts to serve Bru personally and by mail at his last known address have been unsuccessful, and (2) Bru has used his personal email address for successful communication within the past six months.  *See* Pl.'s Mot. at 8–10; D.C. Super. Ct. Civ. R.

2

4(e)(3)(B)(ii).  As required by Rule 4(e), contemporaneously with service by email Plaintiff shall "send[] a copy, by first class mail, to [Bru's] last-known business or residential address . . . ." D.C. Super. Ct. Civ. R. 4(e)(3)(B)(ii)(b).  The court will issue a separate order permitting service by electronic mail on Bru, so that Plaintiff can serve such order along with the complaint and summons, as required by Rule 4(c)(1).

Finally, the court grants Plaintiff an additional seven days from the date of this Order to serve Bru and an additional 30 days to serve Ochs, Schaffer, and Vallejo, as Plaintiff has demonstrated good cause for the extensions.

Dated:  July 15, 2022

Amit P. Mehta
United States District Judge