**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

DISTRICT OF COLUMBIA,

                              Plaintiff,

              v.

PROUD BOYS INTERNATIONAL, L.L.C., *et al*.,

                              Defendants.

---

No. 1:21-CV-03267-APM

**PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE
OR LIMITED, EXPEDITED DISCOVERY IN AID OF SERVICE, WITH A
<u>CORRESPONDING TIME EXTENSION TO SERVE SCHAFFER AND VALLEJO</u>**

Plaintiff District of Columbia (the "District") moves the Court for an order:  (1) authorizing alternative service of process on Defendants Jon Ryan Schaffer and Edward Vallejo (the "Remaining Defendants") by "nail and mail" service – meaning leaving or affixing (to the extent practicable) copies of the summons and operative complaint at the door of the residence of each Remaining Defendant, with a copy of the same papers sent by first-class mail to the same address; or (2) service by publishing notice of this action in the Washington Post.  In the alternative, for Vallejo, the District seeks an order authorizing limited, expedited discovery in aid of service to obtain his contact information and the address at which he is under the supervision by the District of Columbia Pretrial Services Agency ("Pretrial Services").  Finally, in all events, the District seeks a reasonable extension of time, consistent with any relief granted based on this motion, to finalize service on Schaffer and Vallejo.

Since it commenced this action, the District has worked diligently to locate and serve all named defendants.  To do so, the District has filed several motions over the past six months

documenting its significant efforts to locate and serve defendants, including its efforts to serve both Remaining Defendants, for months, across several states, employing a variety of tools and teams of skip tracers, process servers, private investigators, and outside counsel. Dkts. 88, 105, 138.  Despite these efforts, and while nearly 40 other named defendants have now been served, Schaffer and Vallejo continue to evade the District's process servers.

On July 15, 2022, the Court granted in part and denied in part the District's June 30 motion, Dkt. 138 (the "June 30 Motion"), seeking an order authorizing alternative service on, and extending the time to serve, the then-four defendants who had not been served:  Bru, Ochs, Schaffer, and Vallejo. Dkt. 141 (the "July 15 Order").  The Court denied the District's request for authorization to serve Schaffer and Vallejo by electronic mail to their respective criminal lawyers, as well as a separate request to serve them by publication.  *Id.* at 2.  But in doing so, the Court explained that service by mail under the applicable D.C. Superior Court rules "must be tried before the court can permit any alternate method of service."  *Id.*  Then, because of the District's well-documented record of service-related diligence in this action, the Court found good cause and extended the service period for Schaffer and Vallejo for 30-days, through August 15, 2022.  *Id.* at 3.[1]

The District's diligence regarding service continued after the July 15 Order.  Indeed, since the District last sought alternative relief, it has continued to look for ways to serve the Remaining Defendants, and has made several more attempts to serve both.  The new attempts at service include two new (unsuccessful) in-person attempts for Vallejo.  In addition, as the Court's July 15

---

[1] In its July 15 Order, the Court separately authorized alternative service by email on Defendant Bru.  The District promptly complied, serving him in the manner described in the Court's Order.  Dkt. 144 (proof of service).  Since the July 15 Order, the District has also successfully served Ochs through a certified mailing that he acknowledged receiving.  Dkt. 147 (proof of service).

Order contemplated as a necessary prerequisite before the Court would authorize alternative service, *id.* at 2, the District has made multiple unsuccessful attempts to serve each Remaining Defendant by certified mail, with return receipts requested.  Kohlhofer Decl. ¶¶ 5-10.  Based on the District's inability to find and serve either Remaining Defendant, despite a lengthy record of good faith, diligent attempts to serve them, the District has a demonstrated need for alternative relief to finalize service for these defendants.  Accordingly, for the reasons below, the Court should order at least one form of service-related relief requested in this motion for each of the Remaining Defendants.  The Court should also extend the service period consistent with any resulting order(s).

I.      **The Court Should Authorize Alternative Service Under District of Columbia Law**

The circumstances justify an order authorizing alternative service for Schaffer and Vallejo.  The record makes clear that the Remaining Defendants know about this action and are evading the good faith efforts to find and serve them.  Because "[t]he rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction," *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 35–36 (D.D.C. 2006), the Court should authorize alternative service on the Remaining Defendants.  That should take the form of either:  (i) "nail and mail" service (leaving process at defendants' front doors, with corresponding first-class mailings to the same addresses); or (ii) by publication.

a.      **Alternative Service is Warranted Under the Superior Court Rules Because the District Has Repeatedly Attempted to Serve Both Defendants Unsuccessfully**

To complete service on the Remaining Defendants, Federal Rule 4(e)(1) permits the District to utilize all methods that would be available under the District of Columbia Superior Court Rules of Civil Procedure.  *Jones v. Perkins*, No. 19-CV-03168 (APM), 2020 WL 6887742, at *2 (D.D.C. Nov. 24, 2020).  As adopted last year, Superior Court Rule 4(e)(3) allows for an

order permitting alternative service "'[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by' other methods, all of which recite verbatim the methods in Federal Rule 4(e)(2)." *United States ex rel. Guo v. Nat'l Endowment for Democracy*, No. 1:18-CV-02986 (TNM), 2022 WL 503765, at *3 (D.D.C. Feb. 18, 2022) (quoting D.C. Super. Ct. Civ. R. 4(e)(3)).

Consistent with the requirements of Federal and Superior Court Rules 4(e)(2), for months, the District has sought repeatedly to locate and personally serve each of the Remaining Defendants. D.C. Super. Ct. Civ. R. 4(e)(2)(A); Fed. R. Civ. P. 4(e)(2)(A).  The District has previously documented these attempts on several occasions, which are now re-attached to this Motion as Superior Court Rule 4(e)(3)(C) requires.  Kohlhofer Decl., Exs. 1-6.[2]  Further, in addition to the previously documented attempts, the District is attaching a new declaration and process server affidavit documenting additional attempts to serve both Remaining Defendants since the Court's July 15 Order.  Kohlhofer Decl., Vallejo Due Diligence Aff.  As contemplated in that Order, the District's most recent efforts include multiple attempts to serve both Remaining Defendants by certified mail.  Kohlhofer Decl. ¶¶ 5-10.  Thus, for the reasons below, and reasons that have led this Court to extend the service period for good cause on three previous occasions, Dkt. Nos. 89, 106, 141, the District's efforts to serve Schaffer and Vallejo satisfy the "diligent effort" standard.

### (i)    The District's Diligent Efforts to Serve Jon Ryan Schaffer

The District's counsel and its Server have dozens of attempts to serve Schaffer at seven different addresses across three different states.  Exs. 1-3.  Among these attempts, the District has made two unsuccessful attempts to serve Schaffer through certified mail, based on the procedure

---

[2] All cited exhibits are attached to the Kohlhofer declaration unless otherwise stated.

available under D.C. Super. Ct. R. Civ. P. 4(c)(4).  Ex. 7.  Copies of the United States Postal Service tracking histories for these unsuccessful attempts are attached to this motion.  *Id.* at 3-5, 14-16.  These latest service attempts are in addition to myriad previous attempts since December 2021.

Notably, the District's more recent efforts to serve Schaffer have also included five attempts to serve him personally at a Florida trailer home, where the District learned in June that he has been hiding since the District began attempting service.  As outlined in the District's June 30 Motion, the several attempts to serve Schaffer at his Auburndale, Florida trailer have included over eight hours of stakeouts, inquiries to his trailer community's leasing office, and conversations with his neighbors – who have confirmed his identity and have given the District's servers reason to believe that Schaffer has been inside the trailer as the District has been outside repeatedly attempting service.  Dkt. 138 at 7-8.

Before the District learned about Schaffer's Florida trailer home hideout, its efforts to locate him were also extensive:

- Before filing its original Complaint, the District used commercial databases to identify the best known address for Schaffer, Dkt. 88 at 2, and engaged a professional process server team with skip tracing capabilities and a nationwide network of servers, to assist in coordinating and effecting service on all named defendants, including Schaffer.  *Id.* .

- Thereafter, the District searched public records, ran skip traces, engaged in time-intensive stakeouts, initially making over a dozen service attempts at several different addresses.  *Id.* at 5-6.

- When those efforts failed, on March 14, 2022, the District moved the Court for additional time to serve Schaffer, outlining its diligence in detail.  *Id.*  The next day, the Court granted the District's motion for good cause, extending the service period by 90 days.  Dkt. 89.

- Thereafter, the District attempted service nine more times at several new addresses identified through its ongoing searches of public and commercial records databases,

as well as with conversations with family members who were contact with Schaffer. Dkt. 105 at 4.

- In addition to dozens of other service attempts, the District's counsel attempted to coordinate service on Schaffer service through communication with Schaffer's criminal defense attorneys and prosecutors involved in Schaffer's criminal action. *Id.* at 5. Those attempts were likewise unsuccessful. *Id.*

Ultimately, despite repeated good faith attempts and extensive due diligence, none of the District's attempts to serve Schaffer have been successful. The record easily supports an Order for alternative service.

### (ii)    The District's Diligent Efforts to Serve Edward Vallejo

The District has been similarly diligent in attempting to find and serve Vallejo. Since the Court's July 15 Order, the District's process server team made two new in-person attempts to serve Vallejo at an address that appears in Vallejo's wife's skip trace report, but that had not previously been tried. Vallejo Due Diligence Aff. at 3 (discussing attempts at the North 31st Street address in Phoenix). On the first attempt, no one answered, despite several knocks on the door. *Id.* The process server also attempted to contact neighbors about the occupants of that address, but was unsuccessful. *Id.* Two days later, the District's process server returned for a second attempt. Notably, the process server saw (and documented) two vehicles were parked in the home's driveway, yet still no one answered repeated knocks at the door. *Id.* Before leaving, the server left a copy of the summons and complaint at the door. *Id.*

Separately, per the Court's July 15 Order, the District sent several certified mailings to several different Arizona addresses that this process has revealed as potentially associated with Vallejo. Kohlhofer Decl. ¶¶ 8-10. Despite these efforts, none have been successful in serving Vallejo. Ex. 8. While USPS reported that one of the mailings was delivered to "an individual" at a Phoenix addresses where the District has previously attempted in-person service, the recipient

6

did not sign the return receipt and USPS returned it to the District's counsel blank. *Id.* at 2 – 4 (USPS report and return receipt for certified mailing to E. Windsor Avenue address).

Likewise, before these latest attempts, since Vallejo was named as a Defendant the District has made repeated good faith attempts to find and serve him, in several different ways. Before the Court released Vallejo from pre-trial detention, the bulk of the District's initial service efforts were focused on attempts to coordinate service through the United States Marshal's Service. Dkt. 138. Following Vallejo's pretrial release, when he was released into the custody of his wife, Debra Vallejo, Order Setting Conditions of Release, *United States v. Edward Vallejo*, No. 22-cr-015 (APM) (D.D.C. May 4, 2022), Dkt. 122 ("Conditions of Release"), the District ran several new public records searches, and directed its skip tracers to search for potential locations for both Mr. and Mrs. Vallejo. With that information, it made repeated attempts at personal service at several different Arizona locations. Ex. 6 at 3-4.

On top of those attempts, on May 23, 2022, the District's counsel contacted Vallejo's criminal counsel by telephone and email. Vallejo's counsel informed the District that his representation is limited to Vallejo's criminal matters, and said he had not been authorized to accept service on Vallejo's behalf. *Id*. at 5. Vallejo's counsel agreed to ask his client whether he could share Vallejo's contact information and address with the District, but no such information has ever been shared. *Id.*

Next, because of Vallejo's affiliation with Homefront Battle Buddies, a group located at a rural, residential compound in Ash Fork, Arizona, the District attempted service there. Vallejo Due Diligence Aff. at 2-3. To make that attempt, given safety concerns expressed by the private process servers, the District's counsel engaged the local county Sheriff to make service attempts. *Id.* That avenue also proved unsuccessful. *Id.*

7

Finally, the District's counsel also attempted to locate Vallejo for service through Pretrial Services, which is tasked with supervising Vallejo's release pursuant to this Court's Order in Vallejo's parallel criminal action. Ex. 6 at 4-5; Ex. 3 at 2. After Pretrial Services in the District of Arizona referred the District's counsel to Pretrial Services in Washington, D.C., the District's counsel spoke with Pretrial Services Supervisor John Copes. Supervisor Copes explained that Pretrial Services could not disclose Vallejo's location based on an informal request from the District, as a matter of policy. Ex. 6 at 4-5.

Taken together, the District's well-documented record of diligence, which has taken many forms and included repeated attempts to serve Vallejo at the few potential Arizona locations where he may be living, provide an adequate basis for alternative service. Particularly for this defendant who the Court has "restricted to 24-hour-a-day lock down at [his] residence," Conditions of Release at 2, the obvious inference from so many failed in-person service attempts (and several more failed certified mailing attempts) is that Vallejo has been intentionally evading service.

### b. The District's Alternative Service Proposals Are "Just and Reasonable" Methods to Serve Schaffer and Vallejo, Who Know About the Case and Are Evading Service

If the proponent of an alternative service order establishes "diligent efforts," Superior Court Rule 4(e)(3) permits the Court to order service by *any manner* "reasonably calculated to give actual notice of the action to the party to be served." D.C. Sup. Ct. Civ. R. 4(e)(3)(A). The rule provides a non-exhaustive list of what qualifies, but makes clear that the plaintiff may also employ any other method the Court deems "just and reasonable." *Id.* 4(e)(B)(iii).

### i. The Court Can and Should Authorize "Nail and Mail" Service based on the Superior Court Alternative Service Rule

For both Schaffer and Vallejo, the most efficient, "just and reasonable" path forward is an Order authorizing service by leaving a summons and the Amended Complaint at or on (as practicable) the front door of the current dwelling for each, while also separately sending a copy of the same papers to the same address.  For Schaffer, the District proposes to direct the papers to his current dwelling, which the District believes to be the Auburndale, Florida trailer, where he refuses to answer the door for process servers.  For Vallejo, the District proposes to direct the papers to the three most recent addresses that appear on the skip trace report of Vallejo's wife, Debra Vallejo.  *See* Conditions of Release at 2 (Order restricting Defendant Vallejo to 24-hour-a-day lockdown at his residence, in the custody of his wife, Debra Vallejo); *see also* Vallejo Due Diligence Aff., Ex. H (July 29, 2022 skip trace report for Debra Vallejo including her reported address history).[3]

Service under this "nail and mail" method has been reliably utilized in several jurisdictions, including Maryland, which has repeatedly authorized the method under Md. Rule 2-121(c), an alternative service rule substantially similar to the District's.  *See also, e.g.*, N.Y. C.P.L.R. § 308(4) (New York rule allowing for "affix and mail" mail service, where service cannot be made in other ways with due diligence).  As courts in Maryland have explained, "[w]hen available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative

---

[3] The complete mailing addresses that the District proposes to serve for both Schaffer and Vallejo appear in the accompanying proposed Order.

service." *BRC Uluslararasi Taahut Ve Ticaret A.S. v. Lexon Ins. Co.*, No. 8:19-CV-00771-PX, 2020 WL 6083285, at *1 (D. Md. Oct. 15, 2020) (quoting *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423808, at *1 (D. Md. Feb. 15, 2013)); *see id.* at 2 (ordering "nail and mail" alternative service, based on Fed. R. Civ. P. 4(e)(1) and Md. Rule 2-121(c), where plaintiff documented repeated good faith attempts to serve evasive defendants).

> ii.   **Alternatively, the Court Can and Should Authorize Service by Publication Based on the Superior Court Alternative Service Rule**

Alternatively, the Court should enter an Order under Superior Court Rule 4(e)(3) authorizing the District to serve Schaffer and Vallejo by published notice in the Washington Post. Under the sweeping Superior Court Rule 4(e)(3), "the court may permit an alternative method of service" in *any manner* it finds to be "reasonably calculated to give actual notice of the action to the party to be served," so long as the Court deems the alternative method "just and reasonable." While the Court previously denied a similar request to serve by publication in the District's June 30 Motion, it did so based on D.C. Code § 13-336(b), which the District had not raised or briefed. *See* July 15 Order at 2.  Although D.C. Code § 13-336(b) authorizes service by publication for certain types of defendants in certain types of actions, it does not purport to limit service methods otherwise available under the law.  In fact, according to an adjacent code provision, D.C. Code § 13-331, which governs the scope of § 13-336(b), "th[e] chapter does not limit or affect the right to serve process in any other manner now or hereafter . . . permitted by . . . rule of court."  That caveat perfectly describes the recently-adopted Superior Court Rule 4(e)(3).  Thus, given the

breadth of Superior Court Rule 4(e)(3), District law *does allow for* an order permitting service by publication, provided the order is "just and reasonable" given the facts of the case.[4]

In this case, the District would propose publishing a notice of the action in the Washington Post, which has covered the January 6 events extensively and is the largest newspaper in the District, where the Defendants' criminal actions are pending. Service as such easily satisfies due process and the "just and reasonable" standard because the Remaining Defendants plainly know about this case, yet are resisting participating in it; the Remaining Defendants would be served based on publication in a major newspaper covering the area where the events at issue took place; and the newspaper is easily the largest newspaper that is published in the area where the action is pending. Courts routinely grant service by publication in a variety of contexts, and "the Supreme Court sanctioned service by publication 'where it is not reasonably possible or practicable to give more adequate warning,'" *Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

## II.      If the Court Does Not Authorize Alternative Service on Vallejo, It Should Authorize Limited, Expedited Discovery in Aid of Service

If the Court declines the District's above-described motions as to Vallejo, the District alternatively seeks an order pursuant to Federal Rule 26(d)(1), authorizing it to serve one limited subpoena on a representative of Pretrial Services to elicit information sufficient to show the address where Vallejo is currently residing, as well as, if available, his current telephone number and email address, so that the District may contact him to attempt to coordinate service with him

---

[4] Even if D.C. Code § 13-338(1) did limit the availability of an order for service by publication, since the July 15 Order, the District has attempted to serve both Schaffer and Vallejo by certified mail (multiple times). Kohlhofer Decl. ¶ 5-10. None of these attempts have been successful. *Id. Cf.* July 15 Order at 2 (noting that the District had not yet satisfied procedure requirements under D.C. Code § 13-338(1) for service by publication, "which the court takes to mean an unsuccessful mailing").

directly.  The proposed subpoena would be narrowly tailored to elicit information directly relevant to service only, and would instruct Pretrial Services to redact or otherwise withhold any other information in the record.  Such information could be produced in a non-privileged, non-sensitive (or otherwise redacted) document, or shared through a written or oral deposition of limited length.

While discovery generally must await the parties' Rule 26(f) conference, the Court may order otherwise.  Fed. R. Civ. P. 26(d)(1).  The District satisfies the requirements for this Court to order the narrowly targeted expedited discovery requested.  The District has alleged a strong *prima facie* case for each of its claims, including against Vallejo – who federal authorities have separately charged with seditious conspiracy, in a parallel criminal proceeding also pending before this Court, relating to the same events described in the Amended Complaint.  *United States v. Rhodes, et al.*, No. 1:22-cr-00015-APM (D.D.C. 2022).  Among other allegations, Vallejo was caught on security cameras transporting numerous weapons into a hotel just outside of the District, in relation to a "quick reaction force" he and co-conspirators were planning to deploy to the Capitol.  *See, e.g.,* Dkt. 94 at ¶¶ 90, 167, 175, 178, 246, 282.

The District's request is the only way it will be able to access the information from Pretrial Services, given the agency's policies and regulations.  When the District attempted to reach out informally to obtain the same information, Supervisor Copes declined as a matter of agency policy. By contrast, the agency's regulations specifically contemplate responding to "demands" for information pursuant to subpoena, 28 C.F.R. §§ 802.25 – 802.27, and any related concerns under the Privacy Act would similarly be alleviated with the Order that authorizes the requested subpoena, 5 U.S.C. § 552a(b)(11).  Indeed, after weighing the factors required by the agency's regulations, the Pretrial Services General Counsel is authorized to permit disclosure of limited information, which the agency otherwise would not disclose.  Responding to a subpoena this

12

limited in scope would not be unduly burdensome for the agency.  And it would facilitate an efficient path to ensure Vallejo is served properly, which advances the interests of all parties and the Court.

### III.   The Court Should Also Extend the Service Period for a Period Consistent with the Alternate Service Method it Fashions

Rule 4(m) provides that the Court must extend the time for service for "good cause." *See Jewell* v. *BestBus Co.*, 319 F. Supp. 3d 323, 325 (D.D.C. 2018).  "Good cause arises when 'a plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances.'"  *Id.* (quoting *Raynor* v. *District of Columbia*, 296 F. Supp. 3d 66, 72 (D.D.C. 2017)).  Even absent good cause, under Rule 4(m), the district court retains broad discretion to extend the time for effecting and filing proof of service.  At this point, all of the current service deadlines expire on August 15, 2022.  As explained above, based on the District's diligence to date, coupled with its now pending motion for an order authorizing alternative service, there is ample good cause for a further extension of time to allow the District to complete the service phase of this action for the two final defendants.  If the Court grants the District's primary request for alternative service through the "nail and mail" publication, the District requests ten additional days to complete service.  If the Court orders service by publication, the District requests a 60-day extension to comply.  Finally, if the Court grants the District's request for limited discovery, the District requests a reasonable amount of time to comply, so that the District may serve the subpoena and ultimately utilize the information to make further attempts to serve Vallejo.

### IV.   CONCLUSION

For the foregoing reasons, the District respectfully asks that the Court grant one of the requested orders for alternate service for both Schaffer and Vallejo.  If it declines such Order as to Vallejo, the District requests an order authorizing limited, expedited discovery as described above.

Finally, in all events, the District requests an order authorizing a reasonable extension of time so

that the District may finalize service, consistent with the terms of any resulting order.

Dated: August 15, 2022                                    Respectfully submitted,

*Counsel for Plaintiff District of Columbia:*

**KARL A. RACINE, ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA**

By:     /s/ *Kathleen Konopka*
        Kathleen Konopka (D.C. Bar 495257)
        Vikram Swaruup (D.C. Bar 1670692)
        Brendan B. Downes (D.C. Bar 187888)
        400 6th St. NW
        Washington, DC 20001
        Tel: 202-724-6533
        Email: vikram.swaruup@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By:     /s/ *Norman Eisen*
        Norman Eisen (D.C. Bar 435051)
        1420 K Street NW
        Washington, DC 20005
        Tel: 202-656-8178
        Email: norm@statesuniteddemocracy.org

By:     /s/ *Christine P. Sun*
        Christine P. Sun
        Katherine Reisner
        3749 Buchanan St., No. 475165
        San Francisco, CA 94147-3103
        Tel: 615-574-9108
        Email:christine@statesuniteddemocracy.org
              katie@statesuniteddemocracy.org

By:     /s/ *Aaron Scherzer*
        Aaron Scherzer
        572 Valley Road, No. 43592
        Montclair, NJ 07043
        Tel: 862-367-6480
        Email: aaron@statesuniteddemocracy.org

**THE ANTI-DEFAMATION LEAGUE**

By: /s/ *Eileen B. Hershenov*
     Eileen B. Hershenov
     605 Third Avenue
     New York, NY 10158-3650
     Tel: 212-885-5805
     Email: ehershenov@adl.org

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By:  /s/ *Jeannie S. Rhee*
     Jeannie S. Rhee (D.C. Bar 464127)
     2001 K Street, NW
     Washington, D.C. 20006-1047
     Tel:  202-223-7300
     Fax:  202-223-7420
     Email:jrhee@paulweiss.com

By: /s/ *Daniel J. Kramer*
     Daniel J. Kramer
     Andrew J. Ehrlich

14

**DECHERT LLP**

By:  /s/ *Matthew L. Larrabee*
      Matthew L. Larrabee
      1095 Avenue of the Americas
      New York, NY 10036-6797
      Tel: 212-698-3500
      Fax: 212-698-3599
      Email: matthew.larrabee@dechert.com

By:  /s/ *Vincent H. Cohen, Jr.*
      Vincent H. Cohen, Jr. (D.C. Bar 471489)
      D. Brett Kohlhofer (D.C. Bar 1022963)
      1900 K Street, NW
      Washington, D.C. 20006-1110
      Tel: 202-261-3300
      Fax: 202-261-3333
      Email: vincent.cohen@dechert.com
            d.brett.kohlhofer@dechert.com

By:  /s/ *Michael S. Doluisio*
      Michael S. Doluisio
      2929 Arch Street
      Philadelphia, PA 19104-2808
      Tel:  215-994-2000
      Fax:  215-994-2222
      Email: michael.doluisio@dechert.com

Erin J. Morgan
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
      aehrlich@paulweiss.com
      ejmorgan@paulweiss.com

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system.  Plaintiff is serving remaining defendants via first class mail or other permitted means.

/s/ *Michael S. Doluisio*
Michael S. Doluisio
2929 Arch Street
Philadelphia, PA 19104-2808
Tel:  215-994-2000
Fax:  215-994-2222
Email: michael.doluisio@dechert.com

16