UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**PROUD BOYS** )<br>**INTERNATIONAL L.L.C.,** *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 21-cv-03267 (APM) |

## ORDER

Defendant Laura Steele seeks a more definite statement of the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(e). Def. Steele's Mot. for a More Definite Stmt., ECF No. 173. That motion is denied as untimely and on the merits.

"[U]nder Rule 12(g)(2), [a defendant] is precluded from making motions under Rule 12(e) or 12(f) that were available to him at the time he filed his motion to dismiss. Rule 12(g)(2) requires a party to consolidate its available Rule 12 defenses in a single motion." *Powers-Barnhard v. Butler*, No. 19-cv-01208 (BKS/ATB), 2021 WL 105752, at *2 (N.D.N.Y. Jan. 12, 2021). Because a motion for a more definite statement was "available" to Defendant when she filed her motion to dismiss, but she did not assert such objection, her present effort to do so is untimely. *See* 5C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1385 (3d ed. 2023) ("[I]f the defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he or she is bound by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or

her."); *id.* § 1378 ("Rules 12(g) and 12(h) require the movant to consolidate a Rule 12(e) motion with any of the Rule 12(b) defenses that are 'available' to him at the time he seeks a more definite statement."). Plaintiff reads the court's statement in its Memorandum Opinion that "[n]o Defendant has opted for an available cure if they are concerned about a lack of notice: a motion for a more definite statement," Mem. Op. and Order, ECF No. 171, at 4 n.4, as an invitation to file such motion. The court's mere observation that no Defendant had filed a motion for a more definite statement did not, however, express any view about the timeliness of a later-filed motion.

The motion also fails on the merits. "[W]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules." *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010) (internal quotation marks and citations omitted). Further, a motion for a more definite statement is "typically disfavored by the courts, and properly filed where a plaintiff's complaint is unintelligible, not where a complaint suffers for lack of detail." *Lindsey v. United States*, No. 05-cv-1761 (RBW), 2009 WL 1110900, at *3 (D.D.C. Apr. 27, 2009) (cleaned up). Here, the court already has held that the Amended Complaint satisfies the requirements of Rule 8 as to certain conspiracy claims. *See* Mem. Op. and Order, ECF No. 171, at 15. Nor is the complaint so vague and ambiguous that Defendant cannot respond to the allegations. That there are fewer particularized allegations against Defendant does not prevent her from responding to them and the complaint as a whole. Further, Defendant's demand for more specifics concerning the damages sought is better obtained through discovery. *See Potts*, 269 F.R.D. at 42 ("[C]ourts are reluctant to compel a more definite statement pursuant to Rule 12(e) out of fear that such action will become a substitute for discovery.").

2

Accordingly, for the foregoing reasons, Defendant Steele's Motion for a More Definite Statement, ECF No. 173, is denied.

Dated: June 20, 2023

Amit P. Mehta
United States District Court Judge