**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DISTRICT OF COUMBIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>PROUD BOYS INTERNATIONAL, LLC, *et al.*,<br><br>                    Defendants. | Civil Action No. 21-cv-03267-APM |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1), and for good cause shown, the Court hereby enters the following Stipulated Protective Order:

WHEREAS, during the course of the above-captioned action, including any related discovery, pre-trial, trial, post-trial or appellate proceedings (the "Action"), the parties to this Action (the "Parties")[1] and third parties may be required to disclose confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, a protective order pursuant to Rule 26(c) is necessary in this Action to prevent unnecessary disclosure or dissemination of such confidential and sensitive information, facilitate discovery, and ensure efficient and prompt resolution of this Action;

WHEREAS, certain Parties have stipulated to the provisions set forth below, as reflected in the signatures at the end of this Stipulated Protective Order;

---

[1] This Stipulated Protective Order shall apply to and bind any party who appears in this Action after its issuance.

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Stipulated Protective Order shall control the disclosure, dissemination, and use of material produced in discovery in this Action:

1.     This Stipulated Protective Order is being entered to facilitate the production, exchange and discovery of documents, electronically stored information, testimony, and tangible things in this Action (collectively, "Discovery Material") that merit protection from unauthorized disclosure ("Designated Material").

a.     **Confidential Material**.  As used herein, "Confidential Material" shall refer to any document, information, tangible thing, or deposition testimony that contains (1) private health or medical records of any person; (2) personal identification information of any person, including, but not limited to, identification numbers, addresses, and telephone numbers for any person, and the name of any minor child; (3) confidential policies, protocols, sources, or methods of the United States Capitol Police, Washington, D.C. Metropolitan Police Department, or other law-enforcement agency; (5) personnel or employment records of any person; (6) confidential financial records; and (7) competitively or commercially sensitive information.  Confidential Material must be designated as such reasonably and in good faith by the producing party in accordance with the process set forth in Paragraph 2 of this Order.  All complete or partial copies of Confidential Material, written summaries of Confidential Material, and information derived from Confidential Material constitute Confidential Material subject to the terms of this Stipulated Protective Order.  Confidential Material shall be limited to information and documents that have not been previously disclosed or produced by the designating party or have been previously disclosed or produced with a Confidential designation.

2

b.        **Attorneys' Eyes Only Material**. As used herein, "<u>AEO Material</u>" means any Discovery Material that that has been specifically marked or designated as "Attorneys' Eyes Only" by any Designating Party and that includes Discovery Material that the Designating Party reasonably and in good faith believes constitutes or discloses information that is of such a sensitive nature that its dissemination cannot adequately be protected by the Confidential Material designation.

c.        For the avoidance of doubt, information available in the public domain shall not constitute Designated Material. The following Discovery Materials shall not be designated as Designated Material unless the custodian of such Discovery Material (*i.e.*, the United States Capitol Police, Washington, D.C. Metropolitan Police Department, Office of the Architect of the Capitol, Speaker of the House, etc.) indicates that they should be so designated: (1) video surveillance recordings and audio surveillance recordings of, and from, the United States Capitol buildings and grounds that were recorded on January 6, 2021; (2) United States Capitol Police and Washington D.C. Metropolitan Police Department Computer Aided Dispatch System documents and recordings from January 6, 2021; (3) law enforcement officer body-worn camera recordings that were recorded by officers on duty at the United States Capitol buildings and grounds on January 6, 2021; and (4) law enforcement motor vehicle dashboard camera, MVR video recording device, or similar recording device recordings that were recorded at the United States Capitol buildings and grounds on January 6, 2021.

2.        **Manner of Designation**.

a.        Discovery Material may be designated as Designated Material under this Stipulated Protective Order by the person or entity producing it (the "<u>Producing Party</u>"), or by any other Party to this action, either by placing or affixing the phrase "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" on each designated page of the so-designated Discovery Material in a manner that will not interfere with its legibility or readability, or by making a statement on the record of a deposition, or by following the procedures set forth in Paragraph 4 following a deposition, or by other means agreed to by the Parties.

      b.     If a Producing Party produced any Discovery Material prior to the effective date of this Order, then the Producing Party may designate, within 14 days from the date of this Order, any such Discovery Material as Designated Material.  The provisions of Paragraph 7 (Challenges to Confidentiality Designations) still apply to the designation of prior produced documents as Designated Material. The Parties agree that, pending the resolution of any such disputed matter, under Paragraph 7, they will treat the information or document as Designated Material under the terms of this Order.

      c.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Discovery Material that a Producing Party believes in good faith should have been designated as Designated Material, regardless of whether the Discovery Material was so designated at the time of disclosure, will not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any other Discovery Material concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all Parties to whom the Discovery Material was disclosed that the Discovery Material should have been designated as Designated Material within a reasonable time after disclosure.  Such notice will constitute a designation of the relevant Discovery Material as Designated Material under this Stipulated Protective Order.

3.      **Protection of Designated Material**.

a.      Designated Material may be used by a Party other than the Designating Party only for the prosecution and/or defense of claims asserted in this Action.  Designated Material may not be used by such Party for any other purpose, including but not limited to any use by such Party in any other country, state, federal, local and/or municipal, administrative or legal proceeding, lawsuit, enforcement action, arbitration, mediation, or other proceedings, regardless of the nature of the relationship between such proceeding and the claims asserted to this action. Designated Material must not be made public at any time, except as permitted under this Stipulated Protective Order.  Notwithstanding the foregoing, a Party other than the Designating Party may disclose Designated Material as permitted under this Stipulated Protective Order.

b.      A Party other than the Designating Party may disclose Designated Material to only the following persons:

(i)      The Parties to this Action, provided that AEO Material may not be disclosed to the Parties, and further provided that counsel expressly advises each Party represented by such counsel of the need to maintain the confidentiality of Confidential Material pursuant to the terms of this Stipulated Protective Order;

(ii)      Any Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof;

(iii)      Any Persons in whose files the Designated Material was found or any custodian who otherwise possessed the Designated Material;

(iv)      Counsel representing any Party in connection with this Action, and their associates, legal assistants, and other support employees who are assisting in this Action;

(v)      Law enforcement agencies, provided that they agree in writing to be bound and comply with this Order;

(vi)      Any expert, consultant, mediator, arbitrator, mock juror, or other professional consulted or retained for the purposes of this Action, as well as such professional's support staff, subject to the terms of Paragraph 3(c) below;

     (vii)    Personnel of third-party vendors engaged by any of the Parties to assist in (a) the coding, imaging, or other management of documents for purposes of this litigation; or (b) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial, in either case (a) or (b) subject to the terms of Paragraph 3(c) below;

     (viii)   The Court and authorized Court personnel, including court reporters and videographers at any deposition taken in this case, provided that a Party wishing to use Designated Material in open court must give prior notice of such Party's intent to do so to the Designating Party, and provide reasonable opportunity for the opposing party to object and seek an appropriate remedy, including an order of this Court;

     (ix)    Jurors and witnesses at any hearing, deposition, or trial of this case, provided that a Party wishing to show Designated Material to jurors or a witness in open court must give prior notice of such Party's intent to do so to the Designating Party, and provide reasonable opportunity for the opposing party to object and seek an appropriate remedy, including an order of this Court; and

     (x)    Any other person who is permitted to receive such Designated Material pursuant to an order of this Court or the prior written consent of the Designating Party.

    c.    Before any Designated Material may be disclosed to any person described in Paragraph 3(b)(v), (b)(vi), or (b)(vii), each such person must attest under oath, in a written document in the form attached hereto as "Exhibit A," that he or she is fully familiar and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court with respect to any disputes arising under this Stipulated Protective Order. Counsel must maintain a copy of each signed "Exhibit A" until the final termination of this Action, as set forth in Paragraph 10 below.

    4.    **Depositions**. Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this Action shall presumptively be treated as Designated Material until the 30th calendar day after the deposition transcript is delivered to any Party or the witness (the "30-Day Period"). Within the 30-Day Period, a Party

may designate any portion of such deposition transcript as Designated Material by sending written notice to all other Parties identifying the specific portions of testimony that are so designated. After the expiration of the 30-Day Period, only designated portions of the deposition transcript will be protected by the terms of this Stipulated Protective Order.

5.      **Inadvertent Disclosures; No Waiver of Privilege**.

a.      The inadvertent disclosure of Discovery Material subject to a claim of attorney-client privilege, work product protection, or other applicable privilege or protection ("Privileged Discovery Material"), is not a waiver of privilege or of protection from discovery in this Action or in any other federal or state proceeding. For example, the mere disclosure of privileged or work product protected documents in this Action as part of a production of multiple documents will be considered inadvertent and will not, by itself, constitute a waiver in this case or in any other federal or state proceeding. This Stipulated Protective Order should be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and any analogous state rule of evidence.

b.      A Party or non-party seeking protection for inadvertently disclosed Privileged Discovery Material is not required to show that reasonable steps were taken to avoid the inadvertent disclosure of such documents or information. Upon receiving written notice from a Producing Party that Privileged Discovery Material has been produced (a "Clawback Notice"), the Party or Parties that have received privileged or protected documents (the "Receiving Party") (1) must promptly return, sequester, or destroy the specified Privileged Discovery Material and any copies the Receiving Party may have, including by deleting or otherwise permanently removing the Privileged Discovery Material from any document review databases, e-rooms, and other systems used by the Receiving Party to house documents; (2) must not use or disclose the

Privileged Discovery Material until the Producing Party's privilege claim is resolved; and (3) must take reasonable steps to retrieve and destroy the Privileged Discovery Material from any third parties to whom the Receiving Party disclosed such Privileged Discovery Material before receiving the Clawback Notice.

   c. Within 14 days of serving a Clawback Notice, the Producing Party must provide the Receiving Party with a privilege log for the Privileged Discovery Material at issue, from which the Receiving Party can determine whether or not to challenge the claim of privilege or other protection for those documents. Such a challenge by the Receiving Party, however, may not allege that privilege was waived for the challenged documents because they were produced as part of a mass production.

   d. The Receiving Party may make no further use of the Privileged Discovery Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the Privileged Discovery Material is later designated by a court as not, or no longer, privileged or protected. The contents of the Privileged Discovery Material must not be disclosed to anyone who was not already aware of such contents before the Clawback Notice was served, except that, should the Receiving Party file a motion challenging the privilege designation of a document on grounds other than inadvertent production, the Producing Party may submit the challenged document under seal for the Court's *in camera* review when it files its response to that motion. If the Receiving Party has any notes or other work product reflecting the contents of the privileged or protected documents, the Receiving Party may not review or use those materials unless a court later designates the privileged or protected documents as not, or no longer, privileged or protected.

6.      **Filing of Designated Material**. This Protective Order does not, by itself, authorize the filing of any document under seal. Any documents to be filed under seal must be done in accordance with Local Civil Rule ("LCvR") 5.1(h) or other applicable rule governing the sealing of documents.  The Parties shall take reasonable efforts to avoid filing Designated Material on the public docket.  When filing Designated Material, a Party other than the Designating Party shall also file a motion pursuant to LCvR 5.1(h) requesting the provisional treatment of the Designated Material as sealed to give the Designating Party a reasonable opportunity to request the sealing of such Designated Material.  The burden of justifying the sealing of any Designated Material rests with the Designating Party.  The Designating Party's failure to file a motion to seal within 7 days of the initial filing of the Designated Material will result in the placement of such Designated Material on the public docket.  Any opposition shall be filed within 7 days of the motion to seal. No reply shall be permitted without leave of Court.

7.      **Challenges to Confidential Designations**.

a.      A Party may challenge the propriety of any designation under this Stipulated Protective Order at any time by serving the Designating Party with a captioned notice of objection (a "Notice of Objection"), which must identify with particularity the Discovery Material as to which the designation is challenged and state the basis for each challenge.

b.      Within 7 days following service of a Notice of Objection, or such other time as agreed to by the relevant Parties, the Party who served the Notice of Objection (the "Challenging Party") and the Designating Party must confer in good faith, in person or by telephone, to attempt to resolve the challenge (the "Objection Conference").

c.      In the event the Challenging Party and the Designating Party are unable to resolve the challenge informally, the Challenging Party may notify the Court within 7 days after the Objection Conference and request the Court's intervention to resolve the impasse.

d.      The original designation remains effective until the Court has ruled on the motion and during the period while any timely-filed objections are under consideration by the Court, as provided in Fed. R. Civ. P. 72(a).

8.      **Designated Material Subpoenaed or Ordered Produced in Other Proceedings**.

a.      If a Receiving Party is served with a subpoena, discovery requests, or an order issued in another litigation or arbitration, or in a criminal or civil investigation or regulatory or administrative proceedings, which would compel disclosure of any material or document designated in this action as Designated Material, the Receiving Party must, to the extent permitted by law, so notify the Designating Party, in writing and as soon as reasonably practicable.

b.      The Receiving Party must also inform in writing the person who caused the subpoena, discovery request, or order to issue in the other proceedings that some or all of the requested materials are the subject of this Stipulated Protective Order. In addition, the Receiving Party must promptly deliver a copy of this Stipulated Protective Order to the requesting person in the other proceedings.

c.      The purpose of imposing the duties described in this paragraph is to alert the interested persons to the existence of this Stipulated Protective Order and to afford the Designating Party an opportunity to try to protect its Designated Material in the other proceedings.

d.      The obligations set forth in this paragraph remain in effect while any Party has in its possession, custody, or control Designated Material received from any Designating Party or non-party in connection with this Action.

e.     Nothing in this Paragraph 8 should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful direction from another court or from a government agency.

9.     **Modification of this Order.**  The Parties may seek modification of this Stipulated Protective Order at any time for good cause. The Parties agree to meet and confer before seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by order of this Court.

10.     **Obligation Upon Termination of Litigation.** This Stipulated Protective Order shall survive the termination of this action.

a.     Within 60 days after the settlement or final adjudication of the entirety of this Action, including any appeals ("Termination"), all Designated Material, and all copies thereof, shall be returned to the relevant Designating Party (if the Designating Party so requests within 30 days after Termination and pays the reasonable costs of such return) or shall be certified to the Designating Party as having been destroyed.

b.     Notwithstanding anything to the contrary in this Stipulated Protective Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Designated Material may be used in another legal proceeding, though Designated Material shall be destroyed or returned at the conclusion of all other permitted proceedings in the manner set forth in Paragraph 10(a).

c.     Notwithstanding anything to the contrary in this Stipulated Protective Order, counsel of record may retain a file of any litigation documents filed with the Court in this Action and any attorney work product in the possession or control of counsel for any Party that

reflects or includes information derived from documents or testimony designated as Designated Material.

11.      **Seeking Additional Relief.**   Nothing herein prevents any party from seeking additional relief from the Court not specified in this Stipulated Protective Order, including claims of privilege and other defenses to production or disclosure.

12.      **Asserting Privacy Rights.** Nothing herein prevents any non-party from asserting privacy rights as to documents or information held by the Parties.

13.      **Jurisdiction.** The Court shall retain jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order, as well as any other related orders, as it may from time to time deem appropriate.

**SO ORDERED**.

Entered on _____, 2023.

_____
The Honorable Amit P. Mehta
United States District Court Judge

12

Approved by the parties as to form and substance:

*Counsel for Plaintiff District of Columbia:*

**BRIAN L. SCHWALB, ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA**

By:      /s/ *Brendan B. Downes*
   Brendan B. Downes (D.C. Bar 187888)
   400 6th St. NW
   Washington, DC 20001
   Tel: 202-724-6533
   Email: Brendan.downes@dc.gov


**STATES UNITED DEMOCRACY CENTER**

By:      /s/ *Norman Eisen*
   Norman Eisen (D.C. Bar 435051)
   Christine P. Sun
   Katherine Reisner
   Gillian Feiner
   Zack Goldberg
   1101 17th St NW, Suite 250
   Washington, DC 20036
   Tel: (202) 999-9305
   Email: norm@statesuniteddemocracy.org
     christine@statesuniteddemocracy.org
     katie@statesuniteddemocracy.org
     gillian@statesuniteddemocracy.org
     zack@statesuniteddemocracy.org

**DECHERT LLP**

By:      /s/ *Matthew L. Larrabee*
   Matthew L. Larrabee
   1095 Avenue of the Americas
   New York, NY 10036-6797
   Tel: 212-698-3500
   Fax: 212-698-3599
   Email: matthew.larrabee@dechert.com

By:      /s/ *Vincent H. Cohen*
   Vincent H. Cohen, Jr. (D.C. Bar 471489)

**THE ANTI-DEFAMATION
LEAGUE**

By:      /s/ *Eileen B. Hershenov*
   Eileen B. Hershenov
   605 Third Avenue
   New York, NY 10158-3650
   Tel: 212-885-5805
   Email: ehershenov@adl.org

By:      /s/ *James Pasch*
   James Pasch
   605 Third Avenue
   New York, NY 10158-3650
   Tel: 212-885-5806
   Email: jpasch@adl.org

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**

By:      /s/ *Jeannie S. Rhee*
   Jeannie S. Rhee (D.C. Bar 464127)
   2001 K Street, NW
   Washington, D.C. 20006-1047
   Tel: 202-223-7300
   Fax: 202-223-7420
   Email: jrhee@paulweiss.com

D. Brett Kohlhofer (D.C. Bar 1022963)
1900 K Street, NW
Washington, D.C. 20006-1110
Tel: 202-261-3300
Fax: 202-261-3333
Email: vincent.cohen@dechert.com
    d.brett.kohlhofer@dechert.com

By:    /s/ *Michael S. Doluisio*
    Michael S. Doluisio
    2929 Arch Street
    Philadelphia, PA 19104-2808
    Tel:  215-994-2000
    Fax:  215-994-2222
    Email:  michael.doluisio@dechert.com

By:    /s/ *Daniel J. Kramer*
    Daniel J. Kramer
    Andrew J. Ehrlich
    Erin J. Morgan
    Hillary S. Black
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Tel: 212-373-3000
    Fax: 212-757-3990
    Email: dkramer@paulweiss.com
    aehrlich@paulweiss.com
    ejmorgan@paulweiss.com
    hblack@paulweiss.com

***Counsel for Defendants Connie Meggs and Kelly Meggs:***

**BRAND│WOODWARD**

By:    /s/ *Stanley Woodward Jr.*
    400 Fifth Street, NW
    Suite 350
    Washington, DC 20001
    202-996-7447
    Email: stanley@brandwoodwardlaw.com

***Counsel for Defendants Joseph Randall Biggs and Henry "Enrique" Tarrio:***

**HULL MCGUIRE PC**

By:    /s/ *J. Daniel Hull*
    John Daniel Hull
    1420 N Street, NW
    Washington, DC 20005
    202-429-6520
    Fax: 412-261-2627
    Email: jdhull@hullmcguire.com

**Counsel for Defendant Jon Schaffer:**

**ATTORNEYS FOR FREEDOM LAW FIRM**

By:      <u>/s/ *Jody Lynn Broaddus*          </u>
            Jody Lynn Broaddus
            3185 S. Price Road
            Chandler, AZ 85248
            480-755-7110
            Email: jody@attorneysforfreedom.com

**Counsel for Brian Ulrich**

**KICKLIGHTER LAW, P.C.**

By:      <u>/s/ *Claude M. Kicklighter, Jr.*     </u>
            Claude M. Kicklighter, Jr.
            412 North Laurel Street
            Springfield, GA 31329
            912-754-6003
            Fax: 912-754-6336
            Email: mickey@kick-law.com

**Counsel for Defendant Zachary Rehl:**

**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**

By:      <u>/s/ *Patrick Trainor*         </u>
            Patrick Trainor
            19 Union Avenue
            Suite 201
            Rutherford, NJ 07070
            201-777-3327
            Email: pt@ptesq.com

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COUMBIA,

          Plaintiff,

      v.

PROUD BOYS INTERNATIONAL, LLC, *et al.*,

          Defendants.

Civil Action No. 21-cv-03267-APM

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

My full name is _____. My address is _____. I hereby acknowledge that I am to have access to information designated in this action as CONFIDENTIAL or ATTORNEYS' EYES ONLY material, as permitted by the terms of the Parties' Stipulated Protective Order, in the above captioned action. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered on _____, 2023, under paragraph 3 (Protection of Designated Material) thereof, and that I have been given a copy of and have read said Stipulated Protective Order and agree to be bound by the terms thereof. I further agree to subject myself to the jurisdiction of the United States District Court for the District of Columbia regarding resolution of any matter pertaining to said Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America and the District of Columbia that the foregoing is true and correct.

Dated:_____

Signature:_____

Print Name:_____

2

## CERTIFICATE OF SERVICE

I certify that on October 23, 2023, I caused the foregoing Proposed Stipulated Protective Order to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record.  Remaining defendants have been served via first class mail.

Nicholas DeCarlo (27214-509)
Fort Worth Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 15330
Fort Worth, TX 76119

Matthew Greene
264 Burns Ave.
Syracuse, NY 13206

Christopher John Worrell
282 Stanhope Cir.
Naples, FL 34104

Louis Enrique Colon
1539 Rosehill Road
Overland Park, KS 66210

David Moerschel (53396-509)
FCI JESUP
Federal Correctional Institution
Federal Satellite Low
2680 301 South
Jesup, GA 31599

Jessica Marie Watkins
D.C. Central Detention Facility DCDC No. 376250
1901 D Street, SE
Washington, DC 20003

Graydon Young
1958 Allen St
Englewood, FL 34223

Dated: October 23, 2023                    /s/ *Jeannie S. Rhee*
_____
                                           Jeannie S. Rhee