## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DISTRICT OF COLUMBIA,**

      **Plaintiff,**

      **v.**　　　　　　　　　　**Case No: 1:21-cv-3267 (APM)**

**PROUD BOYS INTERNATIONAL,**　　**Jury Trial Demanded**
**LLC, et al.**

      **Defendants.**

## DEFENDANT BIGGS'S ANSWER AND
## AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Pursuant to Rule 8, Fed. R. Civ. P., defendant Joseph R. Biggs ("Biggs") responds to the

Amended Complaint ("complaint") as follows: [1]

### FIRST DEFENSE
### (Lack of Subject Matter Jurisdiction)

The court does not have subject matter jurisdiction to hear and decide this case.

### SECOND DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to assert the claims set forth in the complaint.

### THIRD DEFENSE
### (First Amendment)

The complaint is barred in whole or in part by law governing protest-related speech,

---

[1] In the following answers and responses, Biggs repeats or paraphrases the section headings in bold adopted by plaintiff in its Amended Complaint. Biggs does that for the reader's ease of reference and not to agree with statements or insinuations made in the bolded sections. Additionally, Biggs assumes the reader is mindful that, upon motions by eleven of the thirty-nine defendants, including motions by Biggs, the court on March 31, 2023, dismissed two of the five causes of actions in this case: Count I (42 U.S.C. § 1985(1)) and Count II (42 U.S.C. § 1986). By the same opinion and order, the court also dismissed plaintiff's prayer for permanent injunctive relief. *See,* ECF No. 171. Finally, unless ordered to do so by the court, Biggs is not responding to photos, photo captions or footnotes in the 490-paragraph Amended Complaint.

political speech and other forms of speech, governing right to assemble, to petition and of

association, and governing any other precepts protected under the First Amendment.

## FOURTH DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

The complaint fails to state claims upon which relief can be granted.

## FIFTH DEFENSE
### (Contribution and Indemnity)

To the extent that any of plaintiff's injuries were legally and proximately caused by

persons or entities other than defendant Biggs, then Biggs is entitled to contribution and

indemnity from such persons who are responsible.

## SIXTH DEFENSE
### (Equitable Estoppel)

The complaint is barred in whole or in part by the doctrine of equitable estoppel.

## SEVENTH DEFENSE
### (Additional Defenses and Avoidances)

Defendant Biggs incorporates by reference as if fully set forth herein any other affirmative

defense or avoidance which may be available to him under applicable federal law or District of

Columbia law and which may be revealed by further investigation or discovery in this

proceeding.

## EIGHTH DEFENSE
### (Specific Responses)

As his Eighth Defense, Biggs responds to the specific averments in the complaint as follows:

1–9.  The averments in these paragraphs are allegations to which no responsive pleading

is required; to the extent they are required, the allegations are denied. Answering further, these

allegations, like allegations in other actions against participants in the events of January 6, 2021, attempt to craft the existence of a conspiracy, orchestration, coordination, strategy, artifice, or plan ("plan") to prevent or hinder the Biden-Harris electoral college certification and cause injury to plaintiff when no such plan existed or could have existed.

## PARTIES

10. Admitted.

11. Denied.

12-13. Biggs is not required to respond to the allegations of paragraphs 12 and 13. To the extent that he is required to respond, he has no knowledge or information sufficient to form a belief as to their veracity.

14. Biggs is not required to respond to the allegations in the final sentence of paragraph 14. Biggs denies that he's also known as "Sergeant Biggs." The third sentence of paragraph 14 contains averments that are true except to the extent that the events of January 6, 2021, are characterized as an "Attack," which they were not. Further, Biggs denies he perpetrated anything. All remaining express or implied averments in paragraph 14 are denied.

15-20. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he has no information sufficient to form a belief as to their veracity.

21. Biggs is not required to respond to these allegations. To the extent that he is required to respond, the averments in the third sentence of paragraph 21 are true except to the extent that the events of January 6, 2021, are characterized as an "Attack," which they were not. All remaining express or implied averments in paragraph 21 are denied.

22-32. Biggs is not required to respond to the allegations in these paragraphs. To the extent

that he is required to respond, he lacks information sufficient to form a belief as to their veracity.

33.   Biggs is not required to respond to these allegations. To the extent that he is required to respond, the third sentence of paragraph 33 is true except to the extent that the events of January 6, 2021, are characterized as an "Attack,", which they were not. All remaining express or implied averments in paragraph 33 are denied.

34-37.   Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he has no information sufficient to form a belief as to their veracity.

38-39.   Biggs is not required to respond to these allegations. To the extent that he is required to respond, the third sentence of both paragraphs 38 and 39 is true except to the extent that the events of January 6, 2021, are characterized as an "Attack," which they were not. All remaining express or implied averments in paragraphs 38-39 are denied.

40-43.   Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he has no information sufficient to form a belief as to their veracity.

44.   Biggs admits that Tarrio is a citizen of Florida, that Tarrio was once chairman of the Proud Boys, and that Tarrio was indicted in the action at 21-cr-175. All remaining express or implied averments are denied. To answer further, Biggs is not required to respond to the final sentence of paragraph 44.

 45-53. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he has no information sufficient to form a belief as to their veracity. He denies playing any role in an "Attack" or conspiracy on January 6, 2021.

## JURISDICTION AND VENUE

54-56.  Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, these averments are denied.

## FACTUAL ALLEGATIONS

57. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied. Answering further, Biggs is without information sufficient to form a belief as to the veracity of the averments concerning violence as a hallmark of the Oath Keepers.

### I. The Proud Boys and The Oathkeepers.

#### A. The Proud Boys' Organization and History of Violence.

58.  Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied. Answering further, he has no information sufficient to form a belief as to whether Canada has designated any entity "terrorist."

59-61. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, the averments are denied.

62. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied, except it's admitted that some Proud Boys were arrested by the New York Police Department. Answering further, neither McInnes nor any Proud Boy instigated any violence in New York City.

63-64.  Biggs is not required to respond to the allegations in these two paragraphs. To the extent a response is required, Biggs is without information sufficient to form a belief as to the

veracity of the averments in these paragraphs. Answering further, any express or implied averments that Proud Boys are violent or instigate violence are denied.

65-66.  Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, the averments are denied.

67-70. The express or implied allegations in these paragraphs that Proud Boys from time-to-time display colors or "self-identify" and that Tarrio in some time periods acted as the organization's public face or spokesman are admitted. The remaining averments are denied. Answering further, the legal by-laws referred to in these paragraphs were extremely short-lived and not in effect on January 6, 2021.

71-72. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he is without information sufficient to form a belief as to the veracity of the averments in these paragraphs, and they are denied.

**B. The Oathkeepers' Organization and History of Violence.**

73-93.  Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he is without information sufficient to form a belief as to the veracity of the averments in these paragraphs, and they are denied. Answering further, the Oathkeepers and Proud Boys organizations do not appear to be alike or similarly directed in any respect. The former is older and centralized with a somewhat paranoid anti-government thrust; the Proud Boys is a relatively new, decentralized men's social club with a traditional values culture.

**II. Proud Boys and Oathkeepers Efforts to Use Coordinated Violence.**

94.  Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied.

-6-

**A. Preelection Proud Boys and Oathkeepers Readiness to Incite Violence.**

95. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied.

96. Admitted.

97. Denied. Answering further, Proud Boys, many of whom in previous years had been ejected from mainstream media platforms, often used alternative platforms like Parler to chat, discuss issues and post photos.

98. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied. Answering further, "them" in the Biggs rejoinder referred to Antifa, and the averments in the final sentence of this paragraph as stated are admitted.

99-101. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he is without information sufficient to form a belief as to the veracity of the averments in these paragraphs, and they are denied.

**B. Alleged Post-Election Recruitment Efforts.**

102. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he is without information sufficient to form a belief as to the veracity of the averments in these paragraphs, and they are denied.

103. Biggs is without information sufficient to form a belief as to the veracity of the averments in this paragraph. Answering further, Biggs did from time-to-time post things on social media.

104. Biggs is without information sufficient to form a belief as to the veracity of the

averments in this paragraph.

105. Biggs is without information sufficient to form a belief as to the veracity of the averments in this paragraph. Answering further, Tarrio did from time-to-time post things on social media.

106. Admitted.

107. Denied as to Proud Boys. With respect to the Oathkeepers, Biggs is without information sufficient to form a belief as to the veracity of the averments.

108. Biggs is without information sufficient to form a belief as to the veracity of the averments in both sentneces. Answering further, Goodwyn was not and never has been a Proud Boy.

109-115. Biggs is without information sufficient to form a belief as to the veracity of the averments in these paragraphs concerning the Oathkeepers.

116. Biggs is without information sufficient to form a belief as to the veracity of the averments in this paragraph. Answering further, Tarrio did from time-to-time post things on social media.

117. Biggs is without information sufficient to form a belief as to the veracity of the averments in this paragraph concerning the Oathkeepers.

118-122. Biggs is without information sufficient to form a belief as to the veracity of the averments in these paragraphs.

123. Biggs is without information sufficient to form a belief as to the veracity of the averments in this paragraph, and they are denied. Answering further, Biggs did from time-to-time

post things on social media and at one point did say something similar to the quoted five words.

124-126. Biggs is without information sufficient to form a belief as to the veracity of the averments in these paragraphs, and they are denied.

127-129. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, he is without information sufficient to form a belief as to the veracity of the averments in these paragraphs.

**C. Coordinated Violence to Intimidate Public and the Government.**

130-134. It is admitted that Proud Boys attended rallies and events held on November 14 and December 12, 2020, in Washington, D.C., that four members were stabbed, that some members beat up one self-proclaimed Antifa operative, and that Tarrio "took credit" for a BLM flag event. Biggs is without information sufficient to form a belief as to what if anything the Oathkeepers did at these rallies and events. Answering further, Biggs denies that Proud Boys coordinated with anyone, including amongst themselves, to intimidate the public or the government on November 14 and December 12. Any other express or implied averments in these paragraphs are denied.

135-136.  Biggs is without information sufficient to form a belief as to the veracity of the averments in these paragraphs.

**III. Defendants Conspire to Deploy Violence and Hinder the Biden-Harris Certification.**

137. Denied.

**A. Defendants' Alliance and Coordination for January 6 Rallies and Events.**

138. Admitted.

-9-

139. Biggs is without information sufficient to form a belief as to the veracity of the averments in this paragraph.

140.  Biggs is not required to respond to the allegations in the first three lines of this paragraph. To the extent that he is required to respond, the averments are denied. He is without information sufficient to form a belief as to the veracity of the averments quoted in the five bullet points this paragraph. Answering further, he denies that he made any of them.

141-147. Biggs is not required to respond to the allegations these paragraphs. To the extent that he is required to respond, the averments are denied. Answering further, he denies the express or implied averments that any coordination for events or rallies on January 6 occurred between Proud Boys and Oathkeepers and any other groups, that he has any relationship with or has ever communicated with K. Meggs or is otherwise aware of anything said or done by K. Meggs.

**B. Planning and Coordination of January 6 Rallies and Events.**

148. It is admitted that some Proud Boys in connection with January 6 rallies and events raised money for travel, raised money for the purchase or rental of stab-proof gear, arranged in some cases for the loan of stab-proof gear to members, and used electronic messaging. It is denied that any planning or coordination occurred amongst Proud Boys or between Proud Boys and other entities to "attack" the Capitol or hinder the Biden-Harris certification.  All remaining express or implied averments are denied.

**1. Recruitment.**

149-154. All express or implied averments that the Proud Boys recruited anyone or wanted

to recruit anyone for January 6 rallies and events are denied. Answering further, Biggs is without information sufficient to form a belief as to the veracity of the averments concerning what Oathkeepers thought, said or did.

155-156.  Biggs is without information sufficient to form a belief as to the veracity of the averments in the paragraphs, and they are therefore denied.

157. It is admitted that Biggs wrote the quoted message or something like it. It is denied that the message was private. Answering further, Biggs is without information sufficient to form a belief as to when the quoted message was sent. Any express or implied averments that recruitment was specially undertaken for January 6 rallies and events are denied.

158-159. It is admitted that the MOSD was created in late December 2020. It is denied that it was created especially for January 6 rallies and events. Answering further, MOSD, as the spelled-out name for this abbreviation implies, was to ensure the safety of Proud Boy members at national rallies, to provide protocols to prevent violence to members, to arrange for help for injured members, and to quickly communicate with Proud Boy family members and friends in the case of an injury. Any remaining express or implied averments that recruitment to MOSD was undertaken for January 6 rallies and events or to hurt or hinder anyone or anything are denied.

**2. Strategies of Disguise.**

160-166. It is admitted that Proud Boy members attending January 6 rallies and events did not wear traditional colors or gear identifying them as members of the Proud Boys fraternity and were encouraged not to do so by those members mentioned in these paragraphs. Answering further, "incognito" mode was encouraged so that members would not be stabbed or otherwise attacked or hurt by members of Antifa or other progressive factions in Washington, D.C. on January 6. It

is admitted that Tarrio said, among other things, the things quoted in paragraph 163, and that Biggs said the things quoted in paragraph 165. Answering further, Biggs lacks information about when these things were said, or about any of the averments in paragraph 164.  Any remaining express or implied averments, including but not limited to, averments that "incognito" mode was a way to facilitate an "attack" of the Capitol or hinderance of the Biden-Harris certification, are denied. Finally, answering further, any express or implied averments that "antifa" is merely an idea, concept, ideology, or hallucination is denied; Antifa is real, long-established and with an active membership both within the United States and abroad.

167-168. With respect to Proud Boys, the express or implied averments in the first sentence of paragraph are denied. Biggs is without information sufficient to form a belief as to the veracity of the remaining averments in these paragraphs.

169. It is admitted that the Proud Boys identified used some channels for secret communication but denied that the communications were used to facilitate an "attack" on the Capitol or to hinder the Biden-Harris certification. Answering further, Proud Boys did intend to hide communications from Antifa or other progressive factions in Washington, D.C. on January 6 so that they would not be stabbed or otherwise injured by these factions.

**3. Coordination of Collections of Weapons and Supplies.**

170-182. Biggs is without information to form a belief as to the veracity of any of the allegations in these paragraphs. Answering further, any express or implied averments that Proud Boys members coordinated with Oathkeepers in connection with January 6 rallies or events are denied.

183. It is admitted that Proud Boys, including those mentioned, solicited gear and equipment

for January 6 rallies and events. The remaining express or implied averments that these solicitations were connected to an "attack" on the Capitol or to hinder the Biden-Harris certification are denied. Answering further, Biggs is without information sufficient to form a belief as to whether defendant Nordean was calling himself "Sargeant-at-Arms" [*sic*] at the time in question.

**4. Travel to the District.**

184-200. Biggs admits some Proud Boys members coordinated plans to travel to and stay in or near the District of Columbia for rallies and events of January 6.  Any express or implied averments that these plans were connected to an "attack" on the Capitol or to hinder the Biden-Harris certification are denied. Answering further, Biggs is without information sufficient to form a belief as to the veracity of the allegations concerning the Oathkeepers in paragraphs 186-200 or concerning what Oathkeepers thought, said or did.

201. The averments in the first sentence are admitted. Biggs is without information sufficient to form a belief as to the veracity of the remaining allegations concerning Greene and Pezzola.

202-203. Biggs is without information sufficient to form a belief as to the veracity of these allegations, and they are therefore denied.

**C. Increased Promotion of the Attack.**

204.  Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, these averments are denied.

205-217.  Biggs is without information sufficient to form a belief as to the veracity of these allegations concerning the Oathkeepers.

218. The averments in the first sentence are denied. Biggs is without information sufficient

to form a belief as to the veracity of the allegations in the second sentence. The averments in the third sentence are admitted.

219. Admitted.

220. Biggs is without information sufficient to form a belief as to the veracity of these allegations.

221. Biggs is without information sufficient to form a belief as to the veracity of these allegations concerning Donohoe.

222-223. Admitted that Biggs was a member of the Proud Boys marketing arm. Answering further, a "top down" structure was discussed to ensure safety of members at future rallies and events, starting on January 6. He is without information sufficient to form a belief as to the veracity of the remaining express or implied allegations.

224. Biggs is without information sufficient to form a belief as to the veracity of the allegation that Pezzola's message was direct or encrypted or when it was sent. The remaining averments are admitted. Answering further, the shield was presented to one of the Proud Boys who had been stabbed on December 12.

225. The averments in the first three sentences are admitted. Biggs is without information sufficient to form a belief as to the veracity of the allegations in the last sentence concerning Rehl.

226-229. It is admitted that Tarrio received a "1776 Returns" document. Express or implied averments that the document was devised, drafted, written, or sent by a Proud Boy, or is connected to the rallies and events of January 6, are denied. Answering further, the document was sent or forwarded by one of Biggs's Miami area girlfriends and reflects a paramilitary plan by an unknown author to occupy select certain Senate and House office buildings (not the Capitol building) on

January 6.   Biggs is without information sufficient to form a belief as to the veracity of the remaining express or implied allegations in these paragraphs.

230-231. Biggs is without information sufficient to form a belief as to the veracity of these allegations.

232. The averments in the first sentence are admitted. Biggs is without information sufficient to form a belief as to the veracity of the remaining allegations.

233.   The averment that MOSD members exchanged messages in the first sentence are admitted; the averment that the messages were "about attacking the Capitol" are denied. Biggs is without information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 233.

234-235. Biggs is currently without information sufficient to form a belief as to the veracity of the allegations in these paragraphs about what he or Tarrio said.

236. The averments in the first sentence are denied. Biggs is without information sufficient to form a belief as to the veracity of the remaining allegations.

237.  Biggs is without information sufficient to form a belief as to the veracity of these allegations.

238. Admitted except that Biggs lacks information as to whether the firearm magazines were compatible with AR-16 or M4 rifles. Answering further, the magazines were Proud Boys "merch."

239-242. Biggs is currently without knowledge or information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

243. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, these averments are denied.

244-247. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

248-251. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs. Answering further, averments in the clause containing the final fifteen words in paragraph 251 are admitted.

252. Biggs is currently without information sufficient to form a belief as to the veracity of the allegations in this paragraph.

253-259. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

260.  Admitted that there was a plan to meet at the Washington Monument at 10:00 a.m. on January 6. However, Biggs is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in this paragraph, and therefore denies them.

261. Biggs is without information sufficient to form a belief as to the veracity of the allegations in this paragraph concerning Pepe or Greene.

**D. Not Deterred by Law Enforcement Efforts.**

262. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, these averments are denied.

263.  Averments in the first sentence and in the first clause of the second sentence are admitted. The remaining express or implied averments are denied. Answering further, Biggs is unaware of anyone in the Proud Boys having an intent to commit violence or to do anything other than attend rallies and events on January 6.

264-266. Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in these paragraphs, and therefore denies them.

267.   Averments in the first sentence of paragraph 267 are denied. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in this paragraph. Answering further, coordination of activities on January 6 followed the patterns of past Proud Boys rallies and events across the country.

268. Biggs is not required to respond to the allegations in the first sentence of this paragraph. To the extent that he is required to respond, the averments are denied. Biggs is without knowledge sufficient to form a belief as to the veracity of the allegations in the final sentence.

**E. Launching of the Attack on Officials Certifying the Biden-Harris Certification.**

269. Denied.

270-273.  Biggs is not required to respond to the allegations in these paragraphs. To the extent that he is required to respond, Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in these paragraphs, and therefore denies them.

**IV. Assembling Forces for the January 6 Attack.**

274.  The averments in the first two sentences are admitted.  Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in the final sentence.

275. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in this paragraph.

276. Admitted that Tarrio traveled to Baltimore. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in this paragraph.

277-278. Denied.

279-284. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

285. The averments of the first sentence are admitted. The averments of the first half of the second sentence that Nordean, Biggs, Rehl and Donohoe were present are admitted; further, Biggs is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations concerning Greene, Pezzola or Pepe. Also admitted (i.e., third sentence) that marchers were not wearing Proud Boy colors. The remaining averments in the paragraph are admitted as stated; however, Biggs denies any express or implied averment that the group's intention was to march to the Capitol.

286. Admitted. Answering further, the group here is gathering at the Supreme Court, where it had gathered at past rallies and events in the District.

287. Denied that Proud Boys lined up for an "attack" or that Biggs was organizing anyone. The averments in the first four sentences are otherwise admitted. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the allegations in the final sentence of paragraph 287.

288-294. These averments are denied to the extent they state or imply that Proud Boys were in any respect following the lead or directions of Donald Trump or preparing for an attack. Biggs is without knowledge or information sufficient to form a belief as to the veracity of the balance of express or implied allegations in these paragraphs, which are somewhat confusing in content and arrangement.

-18-

295.  Biggs is lacks information sufficient to form a belief as to the veracity of the allegations in this paragraph. Answering further, the averments are denied to the extent they state or imply that Proud Boys were in any respect following the lead or directions of Donald Trump or preparing for an attack.

296. Denied as to the Proud Boys organization.  Biggs lacks information sufficient to form a belief as to the veracity of the averments in this paragraph about what others were wearing.

297. Biggs is lacks information sufficient to form a belief as to the veracity of this paragraph concerning Oathkeeeper Watkins.

298. Denied. Answering further, by that time on January 6, Proud Boys weren't coordinating anything.

299. The averments of the first sentence in this paragraph are denied. With respect to the second sentence, it is denied that dark clothing was worn; admitted that Proud Boys were not dressed in colors, and that some were still carrying walkie-talkie communications devices.

300-301. Biggs lacks information sufficient to form a belief as to the veracity of the averments of these two paragraphs concerning what Pezzola wore or what Oathkeepers were wearing or doing.

**V. Defendants' Attack on the Capitol.**

**A. Storming the Capitol.**

302-303. These averments are admitted. Answering further, on January 6, both Capitol Police and District's MDP made *ad hoc* adjustments to procedures for entry as the day went on.

304-319. Biggs denies he breached any standing barricades, overwhelmed police or gave tactical directions. He is without information sufficient to form a belief as to the veracity of the

remaining express or implied allegations in these paragraphs.

320-333. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

334-336. Biggs admits these allegations to the extent that they aver that he and Pezzola were among the first 150 people to enter the Capitol, and that Pezzola broke a window. However, he denies he helped Pezzola do that, or that other Proud Boys, including MOSD members, were among the first 150 entrants.  Answering further, on January 6, he did not know Pezzola, had never met Pezzola, and did not know what Pezzola looked like.   All remaining express or implied averments are denied.

337-353.  Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

354-355. Biggs admits he reentered the Capitol. He denies that he pushed past an officer and was with other Proud Boys when he reentered. He is without information sufficient to form a belief as to the veracity of the remaining allegations in these paragraphs, including the time of day or whether he moved to the Senate chamber.

356-365. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs. Answering further, he lacks information as to what Oathkepers were doing or saying.

366-368. Denied.

369-371. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs. Answering further, he lacks information as to what Oathkepers were doing or saying.

-20-

**B. Movement Toward Congressional Chambers.**

372. Biggs is not required to respond to the allegations in this paragraph. To the extent that he is required to respond, the averments are denied. Answering further, he denies any express or implied averments that any coordination for rallies or events on January 6 occurred between Proud Boys and Oathkeepers and any other groups to attack the Capitol or hinder the Biden-Harris certification. Answering further, Proud Boys never coordinated with each other to do anything other than march and attend rallies and events on January 6.

373-377. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

**C. Breaching Congressional Chambers.**

378-379. Denied.

380-382. Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs, and they are therefore denied.

383-386. Biggs is not required to respond to the allegations in paragraph 383. To the extent that he is required to respond, the averments are denied. With respect to remaining averments in the additional paragraphs, Biggs is without information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

387-389. Biggs is currently without information sufficient to form a belief as to the veracity of the allegations in these paragraphs, and they are therefore denied.

390. Denied.

391-392. Biggs is without information sufficient to form a belief as to the veracity of the allegations in this paragraph.

-21-

393. Admitted.

**D. Defendants Attacking Law Enforcement Officers.**

393-401. Biggs lacks information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

402. Biggs is without information sufficient to form a belief as to the veracity of the allegations in this paragraph; answering further, Proud Boys, many of whom in previous years had been ejected from mainstream media platforms, often used alternative platforms like Parler to chat, discuss issues and post photos.

**E. Defendants Coordinating Communications.**

403-413. Biggs lacks information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

414. Denied.

415. Biggs is without information sufficient to form a belief as to the veracity of the allegations in this paragraph.

**F. Defendants' Post-Rally Actions.**

416-421. Biggs lacks information sufficient to form a belief as to the veracity of the allegations in these paragraphs, all of which seem confined to the Oathkeeper defendants. Answering further, no Proud Boys brought firearms or live ammunition to the rallies and events of January 6.

422. Biggs lacks information sufficient to form a belief as to the veracity of the allegations in this paragraph concerning Matthew Greene.

423-440.  Biggs lacks information sufficient to form a belief as to the veracity of the

allegations in these paragraphs, all of which seem confined to the Oathkeeper defendants.

## VI. District of Columbia Response.

441-449.   Biggs lacks information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

### A. MPD Officers' Physical and Mental Injuries.

450-455.  Biggs lacks information sufficient to form a belief as to the veracity of the allegations in these paragraphs.

### B. Other Significant District of Columbia Damages.

456-459.  Biggs lacks information sufficient to form a belief as to the veracity of the allegations in these paragraphs. Answering further, he denies taking any action, alone or in concert with others, that harmed any member of the District of Columbia MPD, on January 6, 2021.

## COUNT I: 42 U.S.C. § 1985(1)
## (ALL DEFENDANTS)

460-468.  This cause of action has been dismissed.

## COUNT II: 42 U.S.C. § 1986
## (ALL DEFENDANTS)

469-475. This cause of action has been dismissed.

## COUNT III: ASSAULT
## (CIVIL CONSPIRACY BY ALL DEFENDANTS)

476-480. Biggs is not required to respond to the allegations in these paragraphs.  To the extent that he is required to respond, the averments are denied.

## COUNT IV: BATTERY
## (CIVIL CONSPIRACY BY ALL DEFENDANTS)

481-485. Biggs is not required to respond to the allegations in these paragraphs.  To the extent that he is required to respond, the averments are denied.

-23-

**COUNT V: INTENTIONAL INFLICTION OF MENTAL DISTRESS
(CIVIL CONSPIRACY BY ALL DEFENDANTS)**

486-490. Biggs is not required to respond to the allegations in these paragraphs.  To the extent that he is required to respond, the averments are denied.

****

491. Any express or implied allegation or averment in the complaint which may be deemed not specifically responded to above is denied.

492. Biggs requests recovery of attorney's fees and costs of this action available under federal r District of Columbia statutes or case law.

493.  Finally, Biggs demands a jury trial on all claims so triable that survive dismissal.

Respectfully submitted,

Dated: November 9, 2023

By: */s/ J. Daniel Hull*
JOHN DANIEL HULL
D.C. Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
(202) 429-6520 office
(619)  895-8336 mobile
jdhull@hullmcguire.com

For Defendant Joseph R. Biggs

-24-

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 9, 2023, he served a true and correct copy of

the foregoing Defendant Biggs's Answer and Affirmative Defenses to Amended Complaint upon

all counsel of record via the Electronic Case Filing (ECF) system or via regular mail or email in

the case of *pro se* parties.

> By:  /s/ *John Daniel Hull*
> JOHN DANIEL HULL
> DC Bar No. 323006 / California Bar No. 222862
> HULL MCGUIRE PC
> 1420 N Street, N.W.
> Washington, D.C.  20005
> 202-429-6520 office
> jdhull@hullmcguire.com