# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DISTRICT OF COLUMBIA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **PROUD BOYS** ) <br> **INTERNATIONAL, L.L.C., et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 21-cv-03267 (APM) |

## ORDER

Plaintiff District of Columbia commenced this action on December 14, 2021. Nearly two years later, Defendant Nicholas De Carlo, proceeding pro se, has made his first appearance. He asks the court to squash service of process, claiming he was never personally served by "proper summons." *See* Def.'s Mot. to Squash Serv. Proc., ECF No. 229 [hereinafter Def.'s Mot.]. As explained below, the motion is denied.

Federal Rule of Civil Procedure 4(e) provides the standard for serving an individual defendant. *See* Fed. R. Civ. P. 4(e). Service can be effectuated in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* (e)(2)(A)-(C). The plaintiff has the burden of establishing the validity of service of process under the relevant portion of Rule 4. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). "A signed return of service . . . constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing

evidence." *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 65 (D.D.C. 2015); *see also* Fed. R. Civ. P. 4(l) (stating that, absent waiver or service by a United States marshal, "proof of service must be made to the court . . . by server's affidavit").

Here, the District submitted affidavits from process server, Michael Northup, demonstrating that it twice served De Carlo in accordance with Rule 4(e)(2)(B). *See* Pl.'s Opp'n to Def.'s Mot., ECF No. 235 [hereinafter Pl.'s Opp'n], at 1. First, for the District's initial complaint, Northup swore to serving a male co-occupant and roommate of De Carlo's residence on December 27, 2021. *See* Northup Aff., ECF No. 41. Then, after the District filed an amended complaint on April 1, 2022, Northup served De Carlo by leaving the new papers at the same residence with a female co-occupant and roommate. Northup Aff., ECF No. 120. Northup declares that, in each instance, he confirmed De Carlo currently resided at that location and the roommate who accepted process on De Carlo's behalf was of suitable age and discretion. Northup Decl., ECF No. 237. The District, therefore, has established prima facie evidence of valid service. *See Roland*, 149 F. Supp. 3d at 65.

De Carlo offers no evidence to rebut Northup's sworn statements. Nor does he explain why, in his view, "[t]he form of the summons [was] defective." Def.'s Mem. in Support of Def.'s Mot., ECF No. 229-1 [hereinafter Def.'s Mem.], at 1. Instead, he argues that he was never personally served with the original or amended complaint. *Id.* But that argument misreads Rule 4(e). A pleading need not be personally delivered to an individual defendant where, as here, a copy is left at the defendant's residence with a person of suitable age and discretion. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C).

Moreover, De Carlo cannot claim that he is prejudiced from his lack of "knowledge of the complaint," Def.'s Mem. at 2, while also asserting that his motion to squash is "based on the

pleadings and papers on file in this case," Def.'s Mot. at 1. De Carlo does not deny that he has access to the public case docket. In any event, the District mailed De Carlo another copy of the Amended Complaint, summons, and supplemental proof of service on October 4, 2023. Kohlhofer Decl., ECF No. 236, ¶ 4. De Carlo has received sufficient notice to file an answer to the Amended Complaint. See *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006) ("Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective.").

For the foregoing reasons, Defendant's Motion to Quash Service of Process is denied, ECF No. 229. Defendant shall answer the District's Amended Complaint, ECF No. 94, on or before December 7, 2023.

Dated: November 17, 2023

Amit P. Mehta
United States District Court Judge