UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>                    Plaintiff,<br><br>           v.<br><br>PROUD BOYS INTERNATIONAL, L.L.C., *et al.*,<br><br>                    Defendants. | Civil Action No. 21-cv-03267-APM |

**AFFIDAVIT IN SUPPORT OF DEFAULT**

I hereby certify under penalty of perjury, this 2nd of July, 2024, that I am the attorney of record for the Plaintiff in the above-entitled case and that the following Defendant was served with process as specified below:

- NICHOLAS DECARLO was served with process on April 14, 2022. ECF No. 120. The authority for obtaining personal jurisdiction over the Defendant served outside the District of Columbia is D.C. Code § 13-423(a)(3).

- CHRISTOPHER WORRELL was personally served with process on June 20, 2022. ECF No. 137.

- GRAYDON YOUNG was served with process on January 27, 2022. ECF No. 61. The authority for obtaining personal jurisdiction over the Defendant served outside the District of Columbia is D.C. Code § 13-423(a)(3).

As to Defendant DeCarlo, I further certify under penalty of perjury that:

1

- Defendant DeCarlo has not entered an appearance in this case.

- Defendant DeCarlo filed a motion to quash service of process of the Amended Complaint; the Court denied that motion and ordered Defendant DeCarlo to answer the Amended Complaint by December 7, 2023. Defendant DeCarlo failed to do so, and the time for filing an answer has expired.

- Defendant DeCarlo did not attend the initial conference held pursuant to Federal Rule of Civil Procedure 26(f) on May 9, 2023, nor has he attended any meet-and-confers held since, nor has he requested to meet-and-confer with Plaintiff.

- On June 20, 2023, Plaintiff served Defendant DeCarlo with Requests for Production, responses to which were due by July 24, 2023.  Plaintiff attempted to contact Defendant DeCarlo in August of 2023, requesting that he confirm his intent to respond to the requests by September 8, 2023. On October 31, 2023, Plaintiff filed a Motion to Compel against Defendant DeCarlo; the Court granted said motion and ordered Defendant DeCarlo to produce responsive documents by December 4, 2023.  On December 20, 2023, Plaintiff again attempted to contact Defendant DeCarlo, requesting that he comply with his discovery obligation and the Court's order by December 29, 2023.  But Defendant DeCarlo failed to respond to Plaintiff's Requests for Production or to any of Plaintiff's correspondence.

- On December 8, 2023, Plaintiff served its first set of Interrogatories on Defendant DeCarlo, responses to which were due by January 10, 2024. Defendant DeCarlo failed to respond by said deadline. On April 30, 2024, Plaintiff filed a Notice of Outstanding Interrogatories, listing Defendant DeCarlo as delinquent in his responses. The Court ordered Defendant DeCarlo to respond to the Interrogatories by May 21, 2024. Again, Defendant DeCarlo failed to do so. On June 5, 2024, Plaintiff filed a motion to compel responses to its Interrogatories. Defendant DeCarlo has still not responded to the Interrogatories.

- Defendant DeCarlo has not attended any joint status conferences.

- And Defendant DeCarlo is neither an infant nor an incompetent person.

As to Defendant Worrell, I further certify under penalty of perjury that:

- No appearance has been entered by Defendant Worrell in this case.

- Defendant Worrell joined certain other Defendants' motions to dismiss the Amended Complaint; the Court granted in part and denied in part the motions to dismiss. Defendant Worrell failed to file an answer, and the time for such filing has expired.

- Defendant Worrell did not attend the initial conference held pursuant to Federal Rule of Civil Procedure 26(f) on May 9, 2023, nor has he attended any meet-and-confers held since, nor has he requested to meet-and-confer with Plaintiff.

- On June 21, 2023, Plaintiff served Defendant Worrell with Requests for Production, responses to which were due by July 24, 2023. Plaintiff

attempted to contact Defendant Worrell in August of 2023, requesting that he confirm his intent to respond to the requests by September 8, 2023. On October 31, 2023, Plaintiff filed a Motion to Compel against Defendant Worrell; the Court granted said motion and ordered Defendant Worrell to produce responsive documents by December 4, 2023. On December 20, 2023, Plaintiff again attempted to contact Defendant Worrell, requesting that he comply with his discovery obligation and the Court's order by December 29, 2023. Defendant Worrell failed to respond to Plaintiff's Requests for Production or any of Plaintiff's correspondence.

- On December 8, 2023, Plaintiff served its first set of Interrogatories on Defendant Worrell, responses to which were due by January 10, 2024. Defendant Worrell failed to respond by said deadline. On April 30, 2024, Plaintiff filed a Notice of Outstanding Interrogatories, listing Defendant Worrell as delinquent in his responses. The Court ordered Defendant Worrell to respond by May 21, 2024. Again, Defendant Worrell failed to do so. On June 5, 2024, Plaintiff filed a motion to compel responses to its Interrogatories. Defendant Worrell has still not responded to the Interrogatories.
- Defendant Worrell has not attended any joint status conferences.
- And Defendant Worrell is neither an infant nor an incompetent person.

As to Defendant Young, I further certify under penalty of perjury that:

- There is currently no one appearing on behalf of Defendant Young, and he has not appeared *pro se*.[1]

- On March 22, 2022, Defendant Young filed a Suggestion of Bankruptcy. The Bankruptcy Court in the Middle District of Florida ordered Defendant Young to seek an extension in this action to respond to the Amended Complaint or to otherwise respond by August 15, 2022. *In re Graydon Young*, No. 8:22-bk-795 (M.D. Fla.), ECF No. 58. Defendant Young did not seek an extension, nor did he file any response. The Bankruptcy Court further ordered that Plaintiff "may continue to prosecute and litigate to judgment (including entry of a default judgment) all of its claims and causes of action against" Defendant Young in this action. *Id.*

- Defendant Young did not attend the initial conference held pursuant to Federal Rule of Civil Procedure 26(f) on May 9, 2023, nor has he attended any meet-and-confers held since, nor has he requested to meet-and-confer with Plaintiff.

- On June 21, 2023, Plaintiff served Defendant Young with Requests for Production, responses to which were due by July 24, 2023. Plaintiff attempted to contact Defendant Young in August of 2023, requesting that he confirm his intent to respond to the requests by September 8, 2023. On September 5, 2023, Plaintiff's counsel received an email from Defendant Young stating that "all documents and devices were confiscated by the

---

[1] Defendant Young was represented by counsel until September 7, 2022, by which time former counsel for Defendant Young had filed three documents: a Suggestion of Bankruptcy, a Consent Motion for Extension of Time to File Answer, and a Motion to Withdraw as Attorney. ECF Nos. 74, 78, 152.

5

government when [he] was arrested" and so "he cannot comply" with Plaintiff's Requests for Production, but he did not otherwise respond to the Requests.

- Plaintiff has circulated every joint status report to this same email address since receiving that message – six status reports in total – but never received comments or responses from Defendant Young.

- On December 8, 2023, Plaintiff served its first set of Interrogatories on Defendant Young, responses to which were due by January 10, 2024. Defendant Young failed to respond by said deadline. On April 30. 2024, Plaintiff filed a Notice of Outstanding Interrogatories, listing Defendant Young as delinquent in his responses. The Court ordered Defendant Young to respond by May 21, 2024. Again, Defendant Young failed to respond by said deadline. On June 5, 2024, Plaintiff filed a motion to compel responses to its Interrogatories. Defendant Young has still not responded to the Interrogatories.

- Defendant Young has not attended any joint status conferences.

- And Defendant Young is neither an infant nor an incompetent person.

The Clerk is requested to enter a Default against said Defendants.

|  |  |
|---|---|
| Dated: July 2, 2024 | By:   /s/ Jeannie S. Rhee<br>Jeannie S. Rhee (D.C. Bar 464127)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>2001 K Street, NW<br>Washington, D.C. 20006-1047<br>Tel: 202-223-7300<br>Fax: 202-223-7420<br>Email: jrhee@paulweiss.com<br><br>*Attorney for Plaintiff District of Columbia* |

7

**CERTIFICATE OF SERVICE**

      I hereby certify that, on July 2, 2024, I caused the foregoing Affidavit in Support of Default to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining defendants have been served via first class mail.

      */s/ Jeannie S. Rhee*

      Jeannie S. Rhee