## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

                    *Plaintiff*,

         v.

                                                    Case No. 1:21-cv-03267 (APM)

PROUD BOYS INTERNATIONAL, L.L.C., et al.,

                    *Defendants*.

## PLAINTIFF DISTRICT OF COLUMBIA'S OPPOSITION TO DEFENDANT WATKINS' MOTION TO SEVER

Plaintiff District of Columbia (the "District") opposes Defendant Jessica Watkins' Motion to Sever (the "Motion") for the reasons set forth below.

### PRELIMINARY STATEMENT

Nearly three years after the District commenced this action, Defendant Watkins asks the Court to "Sever [her] from this Civil Action," claiming that she "did not inflict any harm" on the District nor "coordinate with any Proud Boys,"[1] and Watkins further asks the District to "remove [her] from [its] Claim." ECF No. 309 at 1. Watkins fails to carry her burden in requesting severance. Watkins fails to show that her joinder as a party is improper and does not argue that that severance as to her would be convenient, promote judicial economy or avoid prejudice. Nor could she. Watkins raises the same defenses on the same facts that arise from the same conspiracy in which all defendants took part.

---

[1] The District alleges that Watkins is an Oath Keeper and that she conspired and coordinated with other Oath Keepers to violently prevent the certification of the 2020 presidential election. *See, e.g.*, Amended Compl., ECF No. 94 ¶¶ 47, 405.

Indeed, in her criminal case held before this very Court, Watkins was tried alongside several of the defendants in the instant action.  Because Watkins' Motion is nothing more than a belated and inadequate attempt to dismiss the District's complaint, it should be denied.

## FACTUAL BACKGROUND

The District commenced this action by filing its first complaint on December 14, 2021.  ECF No. 1.  The District then filed its Amended Complaint on April 1, 2022.  ECF No. 94.  Watkins' answer to the Amended Complaint was due by May 17, 2022.  *See* ECF No. 136.

On May 18, 2022, Watkins filed an Answer of Acknowledgement, "the purpose of [which was] to indicate that [she had] been summoned" in this civil action brought by the District.  ECF No. 104 at 1.  Watkins also stated that she "intend[ed] to file Motions under Rule 12 of the Federal Rules of Civil Procedure." *Id.*  While Watkins acknowledged the Amended Complaint and summons by filing an answer on the docket, she never moved to dismiss.  Many months later, at the November 9, 2023 Joint Status Conference, the Court determined that "the time to move [to dismiss] ha[d] passed."  Tr. 15:8-9.

For over two years, Watkins' participation in this litigation stopped at her Answer. On June 21, 2023, the District served Watkins with Requests for Production.  After multiple attempts to contact Watkins, requesting that she comply with her discovery obligations and the Court's eventual order to produce responsive documents and communications, ECF No. 261, Watkins has still failed to respond to the District's Requests for Production or to any of its related correspondence.

Watkins was also severely delinquent in responding to the District's first set of Interrogatories, which it served on December 9, 2023. Watkins' responses were due January 10, 2024. After failing to receive her responses by that time, and as instructed by the Court, the District listed Watkins in its Notice of Outstanding Interrogatory Responses. ECF No. 294. The Court then ordered Watkins to submit her interrogatory responses by no later than May 21, 2024. Min. Order, May 7, 2024.

Watkins finally submitted a response to the District's Interrogatories on June 15, 2024, attached hereto as Exhibit A, in which she averred that no other discovery responses would be forthcoming.[2] *See* Watkins' Responses to Interrogatories at 1, Ex. A ("I am responding this one and only time to the Compelling motion to submit my Interrogatories to the Plaintiff's requests."). Attached to Watkins' responses was the Motion which the District now opposes.

## ARGUMENT

Under Federal Rule of Civil Procedure 21, the Court may sever claims or parties that are improperly joined. Fed. R. Civ. P. 21 (authorizing the court to add or drop a party or sever a claim against any party "at any time, on just terms" on motion of the parties or *sua sponte*). Whether to grant a motion to sever is within the discretion of the trial court. *See M.K.* v. *Tenet*, 216 F.R.D. 133, 137-138 (D.D.C. 2002). In determining whether parties are misjoined for purposes of Rule 21, courts apply the permissive joinder requirements of

---

[2]   Watkins' responses were inadequate, as Watkins repeatedly asserted that she has "had no affiliation with the Proud Boys" in response to Request Nos. 1-7 and 9-10. Ex. A. However, the District's Requests did not in fact ask about the Proud Boys and instead asked *only* about the Oath Keepers, the organizational defendant with which Watkins is alleged to be affiliated. *See* District's Interrogatories to Defendant Watkins, attached as Exhibit B.

Rule 20(a).  *See Davidson* v. *D.C.*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010); *Montgomery*

v. *STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008).

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of defendants in a

single case under certain conditions.  Trial courts have discretion to allow the joinder of

parties if:

> (A) any right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the
> action.

Fed. R. Civ. P. 20(a)(2).

"The two prongs of Rule 20(a) are to be liberally construed in the interest of

convenience and judicial economy . . . in a manner that will secure the just, speedy, and

inexpensive determination of the action."  *Alexander* v. *Edgewood Mgmt. Corp.*, 321

F.R.D. 460, 462 (D.D.C. 2017) (quoting *Spaeth* v. *Mich. State Univ. Coll. of Law*, 845 F.

Supp. 2d 48, 53 (D.D.C. 2012)).

To satisfy the first requirement, claims against multiple defendants must have a

"logical relationship."  *See Moore* v. *New York Cotton Exch.*, 270 U.S. 593, 610 (1926);

*Martinez* v. *Dep't of Justice*, 324 F.R.D. 33, 36 (D.D.C. 2018).  "The logical relationship

test is flexible because 'the impulse is toward entertaining the broadest possible scope of

action consistent with fairness to the parties; joinder of claims, parties and remedies is

strongly encouraged.'"  *Disparte* v. *Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004)

(quoting *United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 724 (1966).  Under the

"logically related" standard, courts "consistently deny motions to sever where [the]

plaintiffs allege that [the] defendants have engaged in a common scheme or pattern of

behavior." *In re Vitamins Antitrust Litig.*, 2000 WL 1475705, at *17 (D.D.C. 2000) (citing *Brereton* v. *Commc'ns Satellite Corp.*, 116 F.R.D. 162, 164 (D.D.C. 1987)).

The second requirement of Rule 20(a)(2) permits joinder where "at least one issue of law or fact will generally be common to all defendants." *AF Holdings, LLC* v. *Does 1–1058*, 752 F.3d 990, 997 (D.C. Cir. 2014). Factors to be considered include, "the circumstances surrounding the [ ] claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior." *Alexander*, 321 F.R.D. at 462 (quoting *Montgomery*, 532 F. Supp. 2d at 35 (D.D.C. 2008)). In addition to applying Rule 20(a)(2)'s two-prong test, a court may also order severance upon a sufficient showing of prejudice to the defendant, undue delay, or potential for jury confusion. *See id.* at 463.

Defendant Watkins' arguments for severance are without force. Watkins does not attempt to show that the claims are improperly joined under Rule 21, nor does she make any attempt to show that a joint action would cause prejudice, undue delay, or jury confusion. Instead, Watkins argues that she is innocent, and so she should be "removed from this Legal Action". ECF No. 309 at 1 (Watkins specifically argues that she did not harm any MPD Officer on January 6, she did not coordinate with any Proud Boys, and that the District will be unable to recover any financial benefit from her because she is indigent). But the time for moving to dismiss the District's claims has passed,[3] and severance under Federal Rule of Civil Procedure 21 is *not* a vehicle for dismissing a claim or party.

---

[3] In any event, the factual arguments she purports to rely on could not form the basis of a successful motion to dismiss. *See Robert Half Int'l Inc.* v. *Billingham*, 317 F. Supp. 3d 379, 381 (D.D.C. 2018) (in evaluating a motion to dismiss, the court must "accept[] as true the plaintiff's factual allegations and 'construe[s] the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" (quoting *Hettinga* v. *United States*, 677 F.3d 471, 476 (D.C. Cir. 2012))).

Here, there is no question that severance is improper. The two prongs of Rule 20(a)(2) are clearly satisfied. The claims against Defendant Watkins arise from the same transaction or occurrence as the claims against all other defendants, who are all alleged to have participated in a conspiracy to attack the United States Capitol Building on January 6, 2021. *See, e.g.*, ECF No. 94 ¶¶ 404-406, 460-490. Given this shared participation in the conspiracy to attack the Capitol, as alleged in the Amended Complaint, *see id.*, the claims against Watkins are clearly logically related to those against the other defendants, especially since "the logical relationship test is a flexible one, and is to be construed in a legal climate that favors joinder," *Alexander*, 321 F.R.D. at 463. The second requirement of Rule 20(a)(2) is likewise satisfied, as this action raises common questions of law or fact for all defendants again due to their shared participation in the same conspiracy. *See* ECF No. 94 ¶¶ 460-490 (alleging that the defendants engaged in a shared conspiracy); *Alexander*, 321 F.R.D. at 463 (finding there were common questions of law or fact even though the defendants acted independently from each other because there was otherwise a common location, time frame, and pattern of behavior). Under Rule 20's permissive joinder rules, the joinder of Defendant Watkins in the instant action is proper.

Moreover, at this stage in the action and given that the time for filing a motion to dismiss passed almost two years ago, "severance at this stage would more likely prejudice the plaintiff than the defendant[], and [] severance itself might cause undue delay." *Alexander*, 321 F.R.D. at 464.

Accordingly, the Court should deny Defendant Watkins' Motion.

## CONCLUSION

For the reasons set forth above, the Court should deny Watkins' Motion to Sever.

Dated: July 11, 2024

*Counsel for Plaintiff District of Columbia:*

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:   */s/ Brendan B. Downes*
      Brendan B. Downes (D.C. Bar 187888)
      400 6th St. NW
      Washington, DC 20001
      Tel: 202-724-6533
      Email: Brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By:   */s/ Norman Eisen*
      Norman Eisen (D.C. Bar 435051)
      Christine P. Sun
      Katherine Reisner
      Gillian Feiner
      Zack Goldberg
      1101 17th St NW, Suite 250
      Washington, DC 20036
      Tel: (202) 999-9305
      Email: norm@statesuniteddemocracy.org
         christine@statesuniteddemocracy.org
         katie@statesuniteddemocracy.org
         gillian@statesuniteddemocracy.org
         zack@statesuniteddemocracy.org

**DECHERT LLP**

By:   */s/ Vincent H. Cohen*
      Vincent H. Cohen, Jr. (D.C. Bar 471489)
      D. Brett Kohlhofer (D.C. Bar 1022963)
      1900 K Street, NW
      Washington, D.C. 20006-1110
      Tel: 202-261-3300
      Fax: 202-261-3333
      Email: vincent.cohen@dechert.com

**THE ANTI-DEFAMATION LEAGUE**

By: */s/ James Pasch*
      James Pasch
      605 Third Avenue
      New York, NY 10158-3650
      Tel: 212-885-5806
      Email: jpasch@adl.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Jeannie S. Rhee*
      Jeannie S. Rhee (D.C. Bar 464127)
      2001 K Street, NW
      Washington, D.C. 20006-1047
      Tel: 202-223-7300
      Fax: 202-223-7420
      Email: jrhee@paulweiss.com

d.brett.kohlhofer@dechert.com

By:    /s/  Michael S. Doluisio
      Michael S. Doluisio
      2929 Arch Street
      Philadelphia, PA 19104-2808
      Tel: 215-994-2000
      Fax: 215-994-2222
      Email: michael.doluisio@dechert.com

By:    /s/  Daniel J. Kramer
      Daniel J. Kramer
      Andrew J. Ehrlich
      Erin J. Morgan
      Cassandra N. Love
      1285 Avenue of the Americas
      New York, NY 10019-6064
      Tel: 212-373-3000
      Fax: 212-757-3990
      Email: dkramer@paulweiss.com
            aehrlich@paulweiss.com
            ejmorgan@paulweiss.com
            clove@paulweiss.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on July 11, 2024, I caused the foregoing Opposition to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining defendants have been served via first class mail.

*/s/ Jeannie S. Rhee*

Jeannie S. Rhee