UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, <br><br> Plaintiff, <br><br> v. <br><br> PROUD BOYS INTERNATIONAL, L.L.C., *et al.*, <br><br> Defendants. | Civil Action No. 21-cv-03267-APM |

JOINT STATUS REPORT

In accordance with the Court's June 9, 2024 Minute Order in *Smith* v. *Trump*, No. 21-cv-2265 and *District of Columbia* v. *Proud Boys International, LLC*, No. 21-cv-3267, Plaintiff District of Columbia (the "District") and Defendants Minuta, Pepe, Vallejo, Klein, Pezzola, Rhodes, Kuehne, Biggs, and Tarrio submit this report regarding the status of this case.

I.   Background

The District filed the Complaint in this case on December 14, 2021, and the Amended Complaint on April 1, 2022. ECF Nos. 1, 94. The District brought multiple counts against Defendants[1] for violation of 42 U.S.C. § 1985(1), violation of 42 U.S.C. § 1986, and common-law civil conspiracy resulting in assault, battery, and intentional infliction of emotional distress.

---

[1] The term "Defendants," as used herein, refers to all Defendants in this action, regardless of whether they participated in the Rule 26(f) conference or have appeared in the case.

1

Twenty of the thirty-nine Defendants—Ashlock, Bru, Chrestman, Colon, Crowl, DeCarlo, Donohoe, Greene, Hackett, Jackman, James, Nordean, Ochs, B. Parker, S. Parker, Scott, Watkins, Young, Oath Keepers, and Proud Boys International, LLC—never responded to the Amended Complaint by filing an answer or filing or joining motions to dismiss. Fourteen of the thirty-nine Defendants—Biggs, Harrelson, Klein, Kuehne, C. Meggs, K. Meggs, Minuta, Pepe, Schaffer, Steele, Tarrio, Ulrich, Worrell, and Vallejo—filed or joined in motions to dismiss the Amended Complaint. Three of the thirty-nine Defendants—Caldwell, Moerschel, and Rehl—filed answers to the Amended Complaint. The remaining two Defendants—Pezzola and Rhodes—did not file or join in motions to dismiss the Amended Complaint but filed answers to the Amended Complaint following the Court's March 31, 2023 ruling on the motions to dismiss. On October 17, 2023, Caldwell moved for leave to file an amended answer to the Amended Complaint and attached the amended answer. ECF Nos. 256, 256-1. On October 18, the Court granted the motion. Min. Order, Oct. 18, 2023.

On March 31, 2023, the Court denied the moving Defendants' motions to dismiss the common law conspiracy claims and granted the moving Defendants' motions to dismiss the claims under 42 U.S.C. § 1985(1) and 42 U.S.C. § 1986. *See* ECF No. 171. Following that decision, Defendants Harrelson, Klein, Kuehne, Minuta, Pepe, Pezzola, Rhodes, Schaffer, Steele, Ulrich, and Vallejo each filed an answer to the Amended Complaint. *See* ECF Nos. 172, 175, 178, 187, 188, 189, 190, 194, 195, 196, 216. Several of the other Defendants who had moved to dismiss—Biggs, Tarrio, and Worrell—did not file answers following the Court's decision on their motions to dismiss. On October 2, 2023, Defendants C. Meggs and K. Meggs filed answers to the Amended Complaint. On November 6, 2023, Defendant Tarrio filed an answer to the Amended Complaint. On November 9, 2023, Defendant Biggs filed an answer to the Amended Complaint.

On April 6, 2023, following the Court's ruling on the Defendants' motions to dismiss, the Court issued an Order notifying the parties in this case that the Court had entered a Scheduling Order in a related case, *Smith* v. *Trump* (No. 21-cv-2265, ECF No. 213). The Court instructed the parties to "meet and confer with counsel in *Smith* to coordinate discovery between the cases." The Court further ordered the parties to provide a Joint Status Report by no later than April 14, 2023, which "updates the court on the meet and confer and advises whether any adjustments to the schedule in Smith will be required in this case." Min. Order, Apr. 6, 2023.

On April 17, 2023, the Court ordered that the parties' initial disclosures would be due on June 1, 2023, and that all other deadlines would be the same as those entered in *Smith* v. *Trump*, ECF No. 213 (the "*Smith* Scheduling Order").

On May 9, 2023, the parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f). Fifteen Defendants—Biggs, Caldwell, Harrelson, Klein, Kuehne, Minuta, Pepe, Pezzola, Rehl, Rhodes, Schaffer, Steele, Tarrio, Ulrich, and Vallejo—participated in that conference.

On June 1, 2023, the District served initial disclosures that identified, among others, sixty-five Metropolitan Police Department officers who were injured in the January 6 Attack on the Capitol. Thirteen of the Defendants who attended the May 9 conference (all but Biggs and Tarrio) also served initial disclosures on June 1, 2023. On June 15, 2023, Defendant Moerschel, who did not attend the May 9 conference, also served initial disclosures. On October 2, 2023, C. Meggs and K. Meggs served initial disclosures. On November 29, 2023, Harrelson served a second set of "initial disclosures." None of the other Defendants have served initial disclosures.[2]

The Court held joint status conferences for this litigation and the litigation in *Smith* v.

---

[2] On June 1, 2023, Defendant Klein filed a document labeled as a "Rule 26a1 Statement." ECF No. 208. The document does not consist of initial disclosures under Rule 26(a)(1) and instead appears to be an answer to the Amended Complaint. On June 5, a "Notice of Error" was entered advising that Klein's filing was associated with the "[i]ncorrect event" and should be refiled. Since then, the District has not received initial disclosures from Defendant Klein.

3

*Trump* on June 16, 2023, August 2, 2023, October 5, 2023, November 9, 2023, and January 11, 2024. On January 16, the Court entered an Amended Scheduling Order applicable in this litigation and *Smith* v. *Trump*. *See* ECF No. 274. The Court held further joint status conferences for this litigation and the litigation in *Smith* v. *Trump* on February 21, 2024, April 18, 2024, and June 3, 2024. During the June 3, 2024 joint status conference, the Court discussed considerations for a proposed coordination agreement in discovery and ordered the parties to propose a schedule for partial summary judgment. The Court scheduled the next joint status conference for July 24, 2024 at 5:15 pm and asked the parties to submit joint status reports by July 19, 2024. *See* Min. Order July 16, 2024.

**II.    Status Update**

    **A.**    **The District's Discovery Requests**

        **1.**    **Requests For Production**

On June 20, 2023, the District served Requests for Production on Defendants Ashlock, Biggs, Kuehne, Caldwell, Chrestman, DeCarlo, Donohoe, Greene, Jackman, C. Meggs, K. Meggs, Nordean, Colon, Crowl, Hackett, Harrelson, James, Moerschel, Steele, Ulrich, and the Oath Keepers. Under FRCP 34(b)(2)(A), these Defendants were obligated to respond to the District's Requests for Production by July 24, 2023.[3]

On June 21, 2023, the District served Requests for Production on Defendants Bru, Klein, Minuta, Ochs, B. Parker, S. Parker, Pepe, Pezzola, Rehl, Rhodes, Schaffer, Scott, Tarrio, Vallejo,

---

[3] On June 3, 2024, counsel for Defendant Harrelson stated that "Mr. Harrelson was only recently released from prison where it was impossible to communicate with him. We respectfully request that you re-send these discovery requests and now that Ken is out we will make another attempt to see if there is any information we can add." The District then re-transmitted its Requests for Production.

4

Watkins, Worrell, Young, and Proud Boys International, L.L.C.[4] Under FRCP 34(b)(2)(A), these Defendants were obligated to respond to the District's Requests for Production by July 24, 2023.

To date, eleven of the thirty-nine Defendants—Caldwell, Greene,[5] Harrelson, Kuehne, Moerschel, Rehl, Schaffer, Steele, Ulrich, C. Meggs, and K. Meggs—have responded to the District's requests. Two additional Defendants—Tarrio and Biggs—have filed a document titled "Notice Re: Tarrio-Biggs Discovery Compliance," attaching a copy of their "response in late July to discovery requests by plaintiffs in *Smith* v. *Trump*" and indicating that "responsive documents should be available soon and by the end of 2023 at the latest." ECF No. 227 at 1.

Defendants Greene, Harrelson, Moerschel, Steele, Ulrich, C. Meggs, and K. Meggs served responses and objections but produced no documents, each representing that they do not have custody of most responsive documents.[6] Defendants Kuehne and Rehl served responses and objections in which they declined to respond to each of the District's requests on Fifth Amendment grounds, and they produced no documents. Defendant Schaffer served responses and objections and also made a production of documents. Defendant Caldwell made a production of documents. The District met and conferred with various Defendants concerning their responses and objections, some of which suggest Defendants are not meeting their discovery obligations. Following the meet-and-confer process, the District anticipates seeking leave to file a motion to compel with respect to Defendants who have served deficient responses and objections to the District's discovery requests.

---

[4] The District served its Requests on Defendant Proud Boys International, LLC via its chairman, Defendant Tarrio.

[5] Defendant Greene responded to the District's Requests for Production, but has not previously answered either the original or amended complaint, moved to dismiss, participated in conferences, or served initial disclosures.

[6] Harrelson's responses and objections indicate he may produce documents responsive to some of the District's requests. To date, he has not produced any such documents.

Twenty-six Defendants—Ashlock, Bru, Chrestman, Colon, Crowl, DeCarlo, Donohoe, Hackett, Jackman, James, Klein, Minuta, Nordean, Ochs, B. Parker, S. Parker, Pepe, Pezzola, Rhodes, Scott, Vallejo, Watkins, Worrell, Young, Oath Keepers, and Proud Boys International, LLC (collectively, the "delinquent Defendants")—did not respond to the District's Requests for Production.[7]

From August 22 to August 30, 2023, the District attempted to contact these delinquent Defendants (through counsel, where they are represented) asking them to let the District know by September 8 whether they intended to produce documents or serve responses and objections to the Requests for Production. On September 5, 2023, one of the delinquent Defendants—Young—sent an email to counsel for the District stating that "all documents and devices were confiscated by the government when [he] was arrested" and so "[he] cannot comply." None of the delinquent Defendants has since produced documents or served responses and objections.[8] Defendant Schaffer has previously contended that, while the District provided an initial disclosure statement, the District did not provide any evidence or documents to support its claim against Schaffer. In light of the lack of any such evidence, Schaffer has also previously requested that the District reach out to the prosecutor in the criminal proceedings as part of its due diligence.

---

[7] Since November 6, 2023, when a previous joint status report was filed in this matter, Defendants C. Meggs, K. Meggs, and Harrelson have served responses and objections to the District's Requests for Production. Accordingly, the District does not include these Defendants among the "delinquent Defendants" for purposes of this status report.

[8] Defendant Colon replied that he "can't afford an attorney to answer every legal filing" the District sends him, requested the District's "help in getting whatever document you need from me," and stated that "the DOJ and Attorney General in my criminal case have all the evidence that you could possibly want and/or need." In a separate email, Colon wrote, "I know for a fact that I am not going to be able to produce anything for you by September 1, 2023." On August 31, the District replied to Colon that it cannot give him legal advice and reiterated, "if we do not hear from you by September 8 as to whether you intend to respond to the District's Requests for Production in accordance with the applicable rules, the District intends to file a motion to compel."

On October 31, 2023, after receiving leave from the Court, the District filed a Motion to Compel against Defendants Ashlock, Proud Boys, Bru, Chrestman, DeCarlo, Donohoe, Jackman, Nordean, Ochs, Scott, Worrell, Colon, Oath Keepers, Crowl, Hackett, Harrelson, James, and Watkins. ECF No. 260. On November 3, 2023, the Court granted the District's Motion to Compel. ECF No. 261. The Court ordered each of these eighteen Defendants to produce all documents and communications responsive to the District's Requests for Production by December 4, 2023.

On December 5, 2023, Defendant Harrelson served Responses and Objections to the District's Requests for Production and a document listing "General Objections to Discovery Propounded by the Plaintiff[]." All other Defendants subject to the Court's November 3 order did not produce any documents.

Accordingly, on December 20, 2023, the District sent letters and/or emails to each of the Defendants subject to the order granting the motion to compel except Harrelson, reiterating the Defendants' obligations to respond to the District's requests, and requesting both that Defendants immediately comply with their discovery obligations and that, by December 29, 2023, Defendants confirm their intent to comply with their discovery obligations and to participate in this litigation going forward. On December 21, 2023, the District received an email from criminal counsel for Defendant Ashlock requesting a call with the District's counsel. No other Defendants responded to the District's December 20 communication.

On March 28, 2024, the District again sent letters and/or emails to each of the Defendants subject to the order granting the motion to compel except Harrelson, requesting that these Defendants confirm that they will comply with their discovery obligations by April 11, 2024. Also on March 28, 2024, the District sent an email to counsel for Defendants Bennie and Sandra Parker

7

requesting that counsel confirm that Mr. and Ms. Parker will respond to the Amended Complaint, respond to the District's discovery requests, and make initial disclosures by April 11, 2024.

On March 28, 2024, the District received a response from Defendant Colon confirming that he would respond to the District's Requests for Production. That same day, the District also received an email from criminal counsel for Defendant Ashlock requesting another call with District's counsel. No other Defendants have responded to the District's March 28 emails.

On March 29, 2024, the District received a further response from Defendant Colon. In his message, Mr. Colon included four pictures of an email thread in response to the District's Requests for Production.

To summarize, three Defendants have produced only a handful of documents – Caldwell, Colon, and Schaffer. Nine other Defendants responded to the District's Requests for Production but produced no documents – C. Meggs, Greene, Harrelson, K. Meggs, Kuehne, Moerschel, Rehl, Steele and Ulrich. No other Defendant in this Action has responded to the District's document requests or to the many communications from the District seeking those responses.

### 2. The District's Interrogatories

On December 8, 2023, the District served its first set of Interrogatories on all thirty-nine Defendants in this action. As of the April 18 status conference, only five Defendants—Steele, Caldwell, Schaffer, Moerschel, and Ulrich—had responded. The District had granted Ulrich an extension of time to respond until February 19, 2024, and he responded on that date. All other Defendants were required to serve responses and any objections by January 10, 2024 and failed to do so.

On April 30, 2024, pursuant to the Court's instruction at the April 18 joint status conference, the District filed a Notice of Outstanding Interrogatory Responses, identifying each defendant that had yet to respond to the District's Interrogatories. *See* ECF No. 294. On May 7,

8

2024, the Court ordered the listed Defendants to "submit their interrogatory responses to [the District] by no later than May 21, 2024." Min. Order, May 7, 2024.[9]

On May 6, 2024, Defendant Colon served responses to the District's Interrogatories. On May 21, 2021, Defendants Kuehne, Klein, Minuta, Pepe, Pezzola, Rhodes, and Vallejo served responses to the District's Interrogatories.

On May 3, 2024, counsel for Defendants Biggs and Tarrio emailed counsel for the District and requested a seven-day extension for the submission of their responses. Counsel for the District replied that it would not object to such an extension. On May 20, counsel for Defendants Biggs and Tarrio stated that they would likely be unable to serve responses to the District's Interrogatories by that day or by May 21, the day set forth in the Court's minute order. The District has not received responses from Defendants Biggs and Tarrio. On June 3, 2024, Defendants Connie and Kelly Meggs served responses to the District's Interrogatories.[10]

None of the following Defendants listed in the District's Notice of Outstanding Interrogatory Responses – Ashlock, Bru, Chrestman, Crowl, DeCarlo, Donohoe, Greene, Hackett, Harrelson, Jackman, James, Nordean, Ochs, B. Parker, S. Parker, Rehl, Scott, Worrell, Young, Oath Keepers, and Proud Boys – have served responses. On June 5, 2024, having received leave at the April 18 status conference,[11] the District filed a motion to compel the production of interrogatory responses against the delinquent Defendants. *See* ECF No. 304. None of the above-named Defendants submitted an opposition to the District's motion within the prescribed time

---

[9] On April 29, 2024, also in accordance with the Court's instruction at the April 18 status conference, the District re-transmitted its Interrogatories to counsel for Defendants Biggs, Tarrio, Klein, Minuta, Pepe, Pezzola, Rhodes, and Vallejo, requesting that responses be served within two weeks of that re-transmission, or by May 13, 2024.

[10] Counsel for the District received unverified versions of Defendants Connie and Kelly Meggs' interrogatory responses, but counsel for these defendants stated that he is working to obtain signed versions.

[11] Tr. of Apr. 18, 2024 Joint Status Conference, 21:3-6, 21:13-16.

period. Accordingly, the Court may treat the District's motion as conceded. *See* LCvR 7(b).

Counsel for the Defendants Bennie and Sandra Parker requested additional copies of the served discovery requests. The District provided these copies, and the parties agreed that the Parkers would respond to each of the District's discovery requests by June 13, 2024. To date, the Parkers have failed to do so. The District, therefore, intends to file a motion to compel the production of responses to its Requests for Production *and* Interrogatories against the Parkers.

B.  **Defendants' Discovery Requests**

Five Defendants—Schaffer, Rehl, Caldwell, Steele, and Kuehne—have served discovery requests on the District. Defendant Schaffer served Requests for Production and Interrogatories, to which the District served responses and objections on September 1, 2023. On September 5, 2023, Rehl served Requests for Production, to which the District served responses and objections on October 5, 2023. The District and Defendant Rehl have met and conferred three times to discuss the District's responses and objections to Rehl's Requests for Production.

On February 6, notwithstanding the provision in the Amended Scheduling Order that discovery motions require leave of court, *see* ECF No. 274 at 2, Rehl filed a motion to compel the District to produce documents in response to his Requests for Production. The District set forth its grounds for opposing the motion in its opposition brief, which was filed on February 20. At the April 18 status conference, the Court denied the motion as moot, *See* Min. Order April 18, 2024, and ordered the District to run additional searches.

The District complied with the Court's order by running searches across Metropolitan Police Department emails during the time period identified in the District's responses and objections to Rehl's Requests for Production for the terms "PB," "Ministry of Self Defense," and "MOSD." The District has run those searches and is reviewing the results. The District will

produce any responsive, non-privileged, and non-duplicative additional documents identified through the Court's ordered searches.

On September 8, 2023, Caldwell served Requests for Production and Interrogatories, to which the District served responses and objections on October 9, 2023. Counsel for the parties have had one meet and confer with the expectation of having another to resolve any disputes.

On September 27, 2023, counsel for Defendant Rehl forwarded a document production that the Police Department for Muskegon, Michigan made in response to a third-party subpoena.

On January 8, 2024, Defendant Steele served Requests for Production and Interrogatories, to which the District served responses and objections on February 7.

On June 26, 2024, Defendant Kuehne served Requests for Production and Interrogatories, to which the District will serve responses and objections by July 26, 2024.

### C. The District's Document Productions

To date, the District has made five document productions, including radio transmissions, video footage, and situational briefs from January 6, 2021; MPD safety and security plans related to January 6; MPD email communications; documents related to MPD officers' medical expenses; and social media messages related to January 6. The District is continuing to review documents and anticipates continuing to make rolling productions to the Defendants.

### D. Entries of Default

On October 2, 2023, the District requested entry of default against thirteen Defendants[12] who have not responded to the original Complaint or the Amended Complaint, participated in meet and confer discussions, made initial disclosures, or responded to the District's Requests for Production. On October 5, the Clerk of Court entered default against these thirteen Defendants.

---

[12] Ashlock, Bru, Chrestman, Crowl, Donohoe, Hackett, Jackman, James, Nordean, Ochs, Scott, Oath Keepers, and Proud Boys International, LLC.

11

*See* ECF Nos. 241-252.

On June 2, 2024, the District requested entry of default against Defendants DeCarlo, Worrell, and Young. *See* ECF Nos. 310-311. On November 17, 2023, the Court denied Defendant DeCarlo's motion to quash service, and ordered DeCarlo to answer the District's Amended Complaint by December 7, 2023, *see* ECF No. 266, which he failed to do. One July 8, 2023, Defendant Worrell joined motions to dismiss the District's Amended Complaint, *see* ECF No. 140, which were granted in part and denied in part. Defendant Worrell never filed an answer. Defendant Young was ordered to respond to the Amended Complaint by August 15, 2022, but he similarly failed to do so. *See In re Graydon Young*, No. 8:22-bk-795 (M.D. Fla.), ECF No. 58. Neither of these three Defendants have responded to the District's discovery requests, its various correspondences, or made initial disclosures. On June 3, 2024, the Clerk of Court entered default against them. ECF Nos. 313-315.

The District did not request entry of default against Defendant Watkins. On June 24, 2024, over one month after the Court's ordered deadline, counsel for the District received in the mail Watkins' responses to the District's Interrogatories. Attached to her responses and filed on the docket on June 26, 2024 was Watkins' Motion to Sever, which also requested that the District dismiss the claims against her. *See* ECF No. 309. The District opposed Watkins' motion for the reasons set forth in its memorandum of law. *See* ECF No. 320. On July 16, 2023, the Court denied Watkins' motion.  Min. Order July 16, 2023.

E.     **Notices of Depositions**

On March 20, 2024, the District served Notices of Depositions of Defendants Jon Schaffer, Louis Colon, Brian Ulrich, and Matthew Greene on all counsel of record via email. The District also mailed hardcopies of each notice to all counsel of record and to each individual defendant in this case. These four Defendants are not named in *Smith* v. *Trump*.

The District intends to notice depositions of other Defendants in the future, and in addition, consistent with Federal Rule of Civil Procedure 30(a)(2)(B), the District intends to seek leave to notice depositions for certain Defendants who are confined in prison.

The District reached agreement with the *Smith* plaintiffs on a coordination agreement, which will propose procedures for deposition limits, cross- and non-noticed depositions, deposition time allocations, expert depositions, and non-party depositions, among other items. On July 15, 2024, counsel for the District shared the proposed coordination agreement with Defendants, and asked for comments by close of business on Thursday, July 17, 2024. On July 15, 2024, counsel for Defendants Biggs and Tarrio asked to provide comments by July 20, 2024, to which counsel for the District agreed.

### F. Motion for Partial Summary Judgment

As previewed in the June 20, 2024 joint status report and ordered by the Court, *see* Min. Order June 25, 2024, the District will have filed, jointly with the *Smith* plaintiffs, a consolidated motion for partial summary judgment based on issue preclusion by July 19, 2024. Consolidated oppositions from named Defendants charged under the same criminal docket are due by August 19, 2024, and a further consolidated reply from the coordinated Plaintiffs is due September 6, 2024. *See id.*

### G. Mediation

On April 18, 2024, the Court granted the District's Motion for an Order Referring Case to Magistrate Judge for Mediation. *See* ECF No. 292. On June 13, 2024 the District and consenting Defendants[13] appeared before Magistrate Judge Updahyaya for an initial status conference.

---

[13] Defendants Ashlock, Biggs, Caldwell, Colon, Harrelson, Klein, C. Meggs, K. Meggs, Minuta, B. Parker, S. Parker, Pepe, Pezzola, Rhodes, Schaffer, Steele, Tarrio, Ulrich, and Vallejo consented to mediation.

Pursuant to the June 13, 2024 Minute Order, on June 21, the District filed under seal a proposed structure for mediation. ECF No. 308. On July 8, 2024, Defendants Ulrich, Steele, and C. and K. Meggs filed responses under seal. ECF Nos. 316, 317, 318. The consenting Parties await Magistrate Judge Upadhyaya's ruling on the District's proposed scheduling order and will proceed accordingly when the time comes. The District anticipates it will continue to confer with consenting Defendants, and the Magistrate Judge, on a consistent basis.

### III. Next Steps

The District remains focused on discovery. The District is continuing to fulfill its discovery obligations by reviewing and producing responsive, non-privileged documents within its possession custody and control, consistent with its responses and objections to Defendants' discovery requests and with the Court's instruction at the April 18 status conference. The District intends to continue collecting, reviewing, and producing responsive, non-privileged documents on a rolling basis.

The District is also continuing to obtain discovery from the Defendants and third parties, including by noticing and preparing to take depositions. As noted, the District intends to move to compel responses to its Interrogatories against the Parker Defendants prior to the July 24 status conference.

The District continues to coordinate discovery, including depositions, with the Plaintiffs in *Smith* v. *Trump*, No. 21-cv-2265. As discussed at prior status conferences, the District and the *Smith* plaintiffs intend to file a coordination agreement with consenting Defendants. To the extent Defendants object to the proposal, the District intends to meet and confer with them to reach agreement before submitting the proposal to the Court. The District hopes that the coordination order will be entered within the next few weeks so that depositions may proceed.

The District also continues to engage in mediation with consenting Defendants and looks forward to further conferences with said Defendants and Magistrate Judge Upadhyaya.

Finally, as noted in prior submissions, the District is considering amending the Amended Complaint, ECF No. 94. The Amended Scheduling Order, ECF No. 274, vacated all deadlines set forth in the Court's April 6, 2023 Scheduling Order, extending said deadlines by approximately six months. Pursuant to the discussion at the April 18 status conference, the District understands that the deadline for joinder of parties and amendment of pleadings to be November 1, 2024, which is commensurate with the extension on the rest of the schedule.

Dated: July 19, 2024

*Counsel for Plaintiff District of Columbia:*

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:  */s/ Brendan B. Downes*
      Brendan B. Downes (D.C. Bar 187888)
      400 6th St. NW
      Washington, DC 20001
      Tel: 202-724-6533
      Email: Brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By:  */s/ Norman Eisen*
      Norman Eisen (D.C. Bar 435051)
      Christine P. Sun
      Katherine Reisner
      Gillian Feiner
      Zack Goldberg
      Meagan Harding
      Alexander F. Atkins (D.C. Bar 90003787)
      1101 17th St NW, Suite 250
      Washington, DC 20036
      Tel: (202) 999-9305
      Email: norm@statesuniteddemocracy.org
           christine@statesuniteddemocracy.org
           katie@statesuniteddemocracy.org
           gillian@statesuniteddemocracy.org
           zack@statesuniteddemocracy.org
           meagan@statesuniteddemocracy.org
           alex@statesuniteddemocracy.org

**DECHERT LLP**

By:  */s/ Vincent H. Cohen, Jr.*
      Vincent H. Cohen, Jr. (D.C. Bar 471489)
      D. Brett Kohlhofer (D.C. Bar 1022963)
      1900 K Street, NW
      Washington, D.C. 20006-1110
      Tel: 202-261-3300
      Fax: 202-261-3333

**THE ANTI-DEFAMATION LEAGUE**

By: */s/ James Pasch*
      James Pasch
      605 Third Avenue
      New York, NY 10158-3650
      Tel: 212-885-5806
      Email: jpasch@adl.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  */s/ Jeannie S. Rhee*
      Jeannie S. Rhee (D.C. Bar 464127)
      2001 K Street, NW
      Washington, D.C. 20006-1047
      Tel: 202-223-7300
      Fax: 202-223-7420
      Email: jrhee@paulweiss.com

By:  */s/ Daniel J. Kramer*
      Daniel J. Kramer

|  |  |
|---|---|
| Email: vincent.cohen@dechert.com<br>       d.brett.kohlhofer@dechert.com | Andrew J. Ehrlich<br>Erin J. Morgan<br>Cassandra N. Love |
| By:   */s/ Michael S. Doluisio*<br>     Michael S. Doluisio<br>     2929 Arch Street<br>     Philadelphia, PA 19104-2808<br>     Tel: 215-994-2000<br>     Fax: 215-994-2222<br>     Email: michael.doluisio@dechert.com | 1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel: 212-373-3000<br>Fax: 212-757-3990<br>Email: dkramer@paulweiss.com<br>       aehrlich@paulweiss.com<br>       ejmorgan@paulweiss.com<br>       clove@paulweiss.com |

*Counsel for Defendants Roberto A. Minuta, William Joseph Pepe, Edward Vallejo, Jonathanpeter Klein, Dominic Pezzola and Elmer Stewart Rhodes, III:*

**JOHN PIERCE LAW P.C.**

By:   /s/ *John M. Pierce*
     John M. Pierce
     Roger Roots
     21550 Oxnard Street
     Suite 3rd Floor OMB #172
     Woodland Hills, CA 91367
     213-400-0725
     Email: jpierce@johnpiercelaw.com
           rroots@johnpiercelaw.com

*Counsel for Defendant Christopher Kuehne:*

**BRIGLIA HUNDLEY, P.C.**

By:   /s/ *William T. DeVinney*
     1921 Gallows Road, Suite 750
     Tysons Corner, Virginia 22182
     Tel: (912) 942-8076
     Fax: (703) 883-0899
     Email: wdevinney@brigliahundley.com

*Counsel for Defendants Joseph Randall Biggs and Henry "Enrique" Tarrio:*

**HULL MCGUIRE PC**

By: /s/ *J. Daniel Hull*
John Daniel Hull
1420 N Street, NW
Washington, DC 20005
202-429-6520
Fax: 412-261-2627
Email: jdhull@hullmcguire.com

**CERTIFICATE OF SERVICE**

      I hereby certify that, on July 19, 2024, I caused the foregoing Joint Status Report to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining defendants have been served via first class mail.

                                        */s/ Jeannie S. Rhee*

                                        Jeannie S. Rhee