UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

    Plaintiff,

v.

PROUD BOYS INTERNATIONAL, L.L.C., *et al.*,

    Defendants.

Civil Action No. 21-cv-03267-APM

**JOINT STATUS REPORT**

In accordance with the Court's October 29, 2024 Minute Order in *Smith* v. *Trump*, No. 21-cv-2265 and *District of Columbia* v. *Proud Boys International, LLC*, No. 21-cv-3267, Plaintiff District of Columbia (the "District") and Defendant Schaffer submit this report[1] regarding the status of this case.

**I.  BACKGROUND**

For a detailed history of this case, the District respectfully refers the Court to previously submitted joint status reports. *See, e.g.*, ECF No. 346.

---

[1] On December 11, 2024, the District circulated a draft of this report to Defendants via email. Other than Defendant Schaffer and the two Defendants noted below who responded regarding the request for an extension, the remaining Defendants did not respond.

1

## II.    STATUS UPDATE

### A.    Depositions

On November 6, 2024, the Court resolved a pending dispute between the parties and entered a proposed coordination agreement regarding depositions. ECF No. 351. The Court further granted leave for the District (i) to depose incarcerated Defendants and (ii) to take more than ten (10) depositions. ECF Nos. 348, 353 (both without prejudice to any protective orders).

Since the October 29, 2024 status conference, the District has continued scheduling and taking depositions. It has noticed depositions of all twenty-three (23) non-defaulted Defendants.[2] It has taken three (3) depositions (Defendants Greene, Schaffer, and Ulrich) and by the December 18 joint status conference, will have taken three (3) more (B. Parker, S. Parker, and Pepe). Additionally, the District has begun coordinating the noticed depositions of incarcerated Defendants.

### B.    The District's Requests For Production

Responses to the District's Requests for Production were initially due by July 24, 2023. Thus far, twenty (20) Defendants have provided responses, with eight (8) producing a handful of documents. The District continues to correspond with various responsive Defendants concerning what the District sees as deficiencies in their responses to the District's document requests.

Nineteen (19) Defendants—Ashlock, Biggs, Bru, Chrestman, Crowl, DeCarlo, Donohoe, Hackett, Jackman, James, Nordean, Ochs, Scott, Tarrio, Watkins, Worrell, Young, Oath Keepers, and Proud Boys International, LLC (collectively, "delinquent Defendants")—have still not responded to the District's Requests for Production, despite the many communications from the

---

[2] The District has not received acknowledgement of these notices from counsel for certain Defendants, including Defendant C. Meggs.

District seeking those responses. At the September 4, 2024 status conference, the District received leave to move to compel responses to its discovery requests from Defendants Biggs, Tarrio, B. Parker and S. Parker, to the extent those Defendants did not respond by certain dates in September. Tr. of Sept. 4, 2024 Joint Status Conference at 11:2–12:6.

### 1. *Defendants Bennie and Sandra Parker*

On September 27, 2024, the Parkers served responses but produced no documents. On November 19, 2024, counsel for the District inquired into the Parkers' basis for not producing any documents in response to the District's Requests for Production. The District's counsel specifically identified the Parkers' lack of basis for withholding or not producing any responsive documents. At this point, nearly one month later, the Parkers have not responded. Depositions of the Parkers are scheduled for Monday, December 16, 2024.

### 2. *Defendants Biggs and Tarrio*

Defendants Biggs and Tarrio represented to the Court that they would provide responses to the District's Requests for Production by the end of September 2024. Sept. 4, 2024 Joint Status Conference Tr. 12:8–9. They made similar assurances at the October 29 status conference. Oct. 29, 2024 Joint Status Conference Tr. 13:25–14:1 ("It's coming. I'm about two months' late for the fourth or fifth broken promise, but they're coming."). Defendants Biggs and Tarrio had previously represented that they would respond to discovery "by the end of 2023 at the latest." ECF No. 227. With the end of 2024 quickly approaching, they still have not done so.

### 3. *Defendants Klein, Minuta, Pepe, Pezzola, Rhodes, and Vallejo*

On October 14, 2024, Defendants Klein, Minuta, Pepe, Pezzola, Rhodes and Vallejo submitted initial responses to the District's Requests for Production, producing no documents but indicating that responsive documents would be produced on a rolling basis upon identification thereof. On November 19, 2024, counsel for the District emailed counsel for these Defendants,

requesting that Defendants provide any responsive documents, given past promises to do so, or at least identify the steps taken to obtain the requested information, by November 27, 2024. On November 27, 2024, counsel for these Defendants requested an additional 45-day extension to supplement the responses. Attached to this correspondence, Defendants Rhodes, Vallejo, and Minuta each produced a single document responsive to the District's Requests for Production: a copy of the Oath Keepers bylaws. With respect to Defendant Pepe, whose deposition was already scheduled for December 18, the District granted an extension until December 13. With respect to the other Defendants, the District provided an extension until January 3, 2025.

### C.    The District's Interrogatories

Responses to the District's Interrogatories were initially due by January 10, 2024. To date, nineteen (19) Defendants have provided responses. The Court twice ordered[3] the following Defendants to respond to the District's interrogatories by May 21 and August 26, 2024: Ashlock, Biggs, Bru, Chrestman, Crowl, DeCarlo, Donohoe, Greene, Hackett, Jackman, James, Nordean, Ochs, Rehl, Scott, Tarrio, Worrell, Young, Oath Keepers, and Proud Boys International, LLC. Of these Defendants, Biggs, Tarrio, Greene, and Rehl are not currently in default.

####     1.    *Defendants Biggs and Tarrio*

Over the past year, the District has corresponded with counsel Defendants Biggs and Tarrio concerning their supposedly forthcoming interrogatory responses. Defendants Biggs and Tarrio have repeatedly promised responses by the end of September 2024. These two Defendants even made similar representations to the Court at multiple status conferences. Sept. 4, 2024 Joint Status Conference Tr. 12:8–9 ("[W]e will get those two in, Biggs and Tarrio, by the end of the month.");

---

[3] *See* Min. Order, May 7, 2024; ECF No. 326.

Oct. 29, 2024 Joint Status Conference Tr. 13:25–14:1. Defendants Biggs and Tarrio have still not provided any interrogatory responses. Accordingly, at this point, the District is considering bringing a motion for sanctions against Defendants Biggs, Tarrio, Greene and Rehl for violation of the Court's May 21 and August 26, 2024 Orders.

        2.     *Defendants Klein, Minuta, Pepe, Pezzola, Rhodes, and Vallejo*

After the District sent emails detailing certain deficiencies in their written discovery, on October 14, 2024, these Defendants provided supplemental interrogatory responses. On November 19, 2024, the counsel for the District emailed counsel for these Defendants again, detailing remaining deficiencies, and requesting supplemented responses by November 27, 2024. As noted above, these Defendants requested an additional forty-five (45) days from November 27 to supplement their responses. The District granted an extension until December 13 for Defendant Pepe, and until January 3, 2025 for the other Defendants.

    **D.**    **Defendants' Discovery Requests**

Five (5) Defendants—Schaffer, Rehl, Caldwell, Steele, and Kuehne—have served discovery requests on the District, to which the District has timely served responses and objections.

On October 14, 2024, Defendant Rehl served a second set of requests for production, to which the District timely served responses and objections on November 13, 2024. On November 25, 2024, upon request of his counsel, the District met and conferred with Defendant Rehl concerning the District's responses and objections to this second set of document requests.

    **E.**    **The District's Document Productions**

To date, the District has made nine (9) document productions, including radio transmissions, video footage, and situational briefs from January 6, 2021; MPD safety and security plans related to January 6; MPD email communications; documents related to MPD officers' medical expenses; and social media messages and tips related to January 6. The District's

5

expansive document review and production is ongoing, and it anticipates that rolling productions will continue.

### F. Entries of Default

To date, the Clerk of Court has entered default against sixteen (16) Defendants: Ashlock, Bru, Chrestman, Crowl, DeCarlo, Donohoe, Hackett, Jackman, James, Nordean, Ochs, Scott, Worrell, Young, Oath Keepers, and Proud Boys International, LLC. ECF Nos. 241–252, 313–315. The District has not yet requested entry of default against Defendant Watkins. On June 24, 2024, over one month after the Court-ordered deadline, counsel for the District received in the mail Watkins' responses to the District's Interrogatories. Attached to her responses and filed on the docket on June 26, 2024 was Watkins' Motion to Sever, which also requested that the District dismiss the claims against her. ECF No. 309. The District opposed, ECF No. 320, and the Court denied Watkins' motion. Min. Order, July 16, 2023.[4] At this point, because Defendant Watkins continues to refuse to respond or otherwise participate in this litigation, the District may soon seek appropriate relief from the Court, including default against Defendant Watkins.

### G. Motion for Partial Summary Judgment

On July 19, 2024, the District filed, jointly with the *Smith* plaintiffs, a motion for partial summary judgment based on issue preclusion. ECF No. 323. Briefing concluded on September 9, 2024. *See* ECF Nos. 330–32, 339. The motion is currently *sub judice*.

### H. Mediation

On December 9, 2024, Magistrate Judge Upadhyaya issued a Mediation Standing Order and Protocol. ECF No. 355 (under seal). Magistrate Judge Upadhyaya has scheduled mediation

---

[4] On August 26, 2024, Defendant Watkins filed another Motion to Sever, ECF No. 320, which the Court again denied, Min. Order, Aug. 28, 2024.

with certain defendants on January 16, 2025, and has requested additional dates with respect to the remaining mediating Defendants for February and March 2025.

## III.  NEXT STEPS

The District remains focused on discovery and mediation. The District has noticed all currently authorized depositions, and is working to schedule and coordinate such depositions with those Defendants and their counsel, as well as counsel for the *Smith* plaintiffs and defendants. The District has initiated the process of scheduling depositions with the incarcerated Defendants, which requires coordination with the Bureau of Prisons and/or the Defendants' respective facilities.

The District is also continuing to respond to Defendants' discovery requests, which presently includes a large-scale document review to identify, review, and make rolling productions of responsive, non-privileged documents within its possession custody and control, consistent with its responses and objections to the same requests.

With respect to document and written discovery, as outlined above, certain Defendants have failed to meet many Court-ordered deadlines. Foremost, Defendants Biggs and Tarrio, who are represented, have not responded at all to written discovery requests, despite repeated assurances to the District and the Court. The District already has leave to move to compel these responses. *See* Sept. 4, 2024 Joint Status Conference Tr. 11:2–12:6. At the December 19 status conference, given the lapse of time since propounding its requests, the District again intends to address this recurring deficiency with the Court.

The District is eager to begin mediation and, pursuant to Magistrate Judge's Upadhyaya's Order, is reaching out to Defendants participating in that process to schedule mediation dates. Magistrate Judge Upadhyaya has indicated the process will continue at least until March 2025.

Finally, at the status conference, the parties intend to request an additional modification to the current scheduling order, *see* ECF No. 344, including for an extension of the current fact

7

discovery deadline, currently set for January 27, 2025. The District understands that the *Smith* plaintiffs are seeking a similar modification in light of remaining merits discovery concerning parties and non-parties and the ongoing litigation of Defendant Trump's potential immunity, *see Lee v. Trump*, 21-cv-400-APM (D.D.C). Here, although depositions are proceeding, there are logistical challenges associated with deposing certain Defendants, particularly those that are currently incarcerated. Furthermore, the District (and *Smith* Plaintiffs') Motion for Partial Summary Judgment is fully briefed and *sub judice* with the Court, and the resolution of that motion will significantly shape the necessary scale and scope of the remaining fact discovery. Finally, based on statements from counsel for Defendants to date, the District anticipates that mediation is likely to narrow the necessary scope of the remaining fact discovery. Thus, in alignment with the *Smith* plaintiffs, at the status conference, the parties intend to request the following extension of the current discovery deadlines:[5]

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| **Fact Discovery Closes** | January 27, 2025 | July 28, 2025 |
| **Expert Reports** | February 18, 2025 | August 18, 2025 |
| **Rebuttal Expert Reports** | March 11, 2025 | September 8, 2025 |
| **Expert Discovery Closes** | April 15, 2025 | October 14, 2025 |
| **Post-Discovery Status Conference** | April 21, 2025 | October 20, 2025 |

The parties thank the Court for its consideration.

---

[5] Defendants Caldwell and Moerschel objected to a six-month extension of deadlines and would agree instead to 90-day extensions. No other Defendant has responded to the above-proposed extension of discovery deadlines.

Dated: December 13, 2024

*Counsel for Plaintiff District of Columbia:*

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:  */s/ Brendan B. Downes*
 Brendan B. Downes (D.C. Bar 187888)
 400 6th St. NW
 Washington, DC 20001
 Tel: 202-724-6533
 Email: Brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By:  */s/ Norman Eisen*
 Norman Eisen (D.C. Bar 435051)
 Christine P. Sun
 Katherine Reisner
 Gillian Feiner
 Zack Goldberg
 Meagan Harding
 Alexander F. Atkins (D.C. Bar 90003787)
 1101 17th St NW, Suite 250
 Washington, DC 20036
 Tel: (202) 999-9305
 Email: norm@statesuniteddemocracy.org
  christine@statesuniteddemocracy.org
  katie@statesuniteddemocracy.org
  gillian@statesuniteddemocracy.org
  zack@statesuniteddemocracy.org
  meagan@statesuniteddemocracy.org
  alex@statesuniteddemocracy.org

**DECHERT LLP**

By:  */s/ Vincent H. Cohen, Jr.*
 Vincent H. Cohen, Jr. (D.C. Bar 471489)
 D. Brett Kohlhofer (D.C. Bar 1022963)
 1900 K Street, NW
 Washington, D.C. 20006-1110
 Tel: 202-261-3300
 Fax: 202-261-3333

**THE ANTI-DEFAMATION LEAGUE**

By: */s/ James Pasch*
 James Pasch
 605 Third Avenue
 New York, NY 10158-3650
 Tel: 212-885-5806
 Email: jpasch@adl.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  */s/ Jeannie S. Rhee*
 Jeannie S. Rhee (D.C. Bar 464127)
 2001 K Street, NW
 Washington, D.C. 20006-1047
 Tel: 202-223-7300
 Fax: 202-223-7420
 Email: jrhee@paulweiss.com

By:  */s/ Andrew J. Ehrlich*
 Daniel J. Kramer

9

Email: vincent.cohen@dechert.com
      d.brett.kohlhofer@dechert.com

By:   */s/ Michael S. Doluisio*
     Michael S. Doluisio
     2929 Arch Street
     Philadelphia, PA 19104-2808
     Tel: 215-994-2000
     Fax: 215-994-2222
     Email: michael.doluisio@dechert.com

Andrew J. Ehrlich
Erin J. Morgan
Mark A. Weiner
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
      aehrlich@paulweiss.com
      ejmorgan@paulweiss.com
      mweiner@paulweiss.com

*Counsel for Defendant Jon Schaffer:*

**ATTORNEYS FOR FREEDOM LAW FIRM**

By:   /s/ *Pierre B. Whyte*
     Pierre B. Whyte
     3185 S. Price Road
     Chandler, AZ 85248
     Phone: (480) 455-5229
     Email: pierre@attorneysforfreedom.com

**CERTIFICATE OF SERVICE**

   I hereby certify that, on December 13, 2024, I caused the foregoing Joint Status Report to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining defendants have been served via first class mail.

                */s/ Andrew Ehrlich*

                Andrew Ehrlich