IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLMBIA**  *Plaintiff,*  v.  **PROUD BOYS INTERNATIONAL, LLC,** *et al.*,  *Defendants.* | Case No. 21-cv-03267-APM  The Honorable Amit P. Mehta  The Honorable Moxila A. Upadhyaya |

**MOTION TO WITHDRAW AS COUNSEL FOR
DEFENDANTS KELLY MEGGS AND CONNIE MEGGS**

Pursuant to the Model Rules of Professional Conduct ("MRCP") Rule 1.16(b) and the District of Columbia Rules of Professional Conduct Rule 1.16(b), counsel for Defendants Kelly Meggs and Connie Meggs, Stanley E. Woodward, Jr. and Mark P. Nobile, move to withdraw their appearances in this matter and terminate their representation of Mr. and Mrs. Meggs in this matter. Mr. Woodward has consulted with both Mr. and Mrs. Meggs, who understand the potential consequences of this motion and approves of their withdrawal as counsel in this matter. The law firm Brand Woodward Law, LP, the firm where both Mr. Woodward and Mr. Nobile practice law, is dissolving for reasons which will be discussed below.

The operative rules state that counsel may withdraw from representation if any one of seven categories are met. *See* D.C. Rules of Professional Conduct 1.16(b)(1)-(7). For this matter, categories (1) and (7) are met. First, withdrawal can be accomplished without material adverse effect on the interests of the client. *See id.* at 1.16(b)(1). The procedural posture of this case allows any new counsel to transition into representation on this matter with little issue: this case is

currently focused on mediation proceedings, and both Mr. and Mrs. Meggs are set to engage in same.[1]  Further, this case is not yet scheduled for trial.

Other good cause to grant the motion exists.  *See* D.C. Rules of Professional Conduct Rule 1.16(b)(7).  For the Court's awareness, President-elect Donald J. Trump has announced that he intends to appoint Mr. Woodward to serve as Assistant to the President and Senior Counselor in the upcoming presidential administration.[2]  Relevant statutes and case law state that a presidential appointee must prioritize a smooth transition into such role, including taking the "appropriate actions" to "avoid or minimize any disruptions" to the presidential transition.  3 U.S.C. 102 note, § 2; *see also United States v. Cisneros*, 169 F.3d 763, 764 (1999) (citing U.S. CONST. amend. XX, § 1) ("For a smooth transition, the selection of potential nominees, the investigations of their backgrounds, and the adjudications of their security clearances must begin *well before the President takes the oath on January 20th*.") (emphasis added).  Mr. Woodward's unique situation and the necessity to prioritize important federal functions serve as further good cause for this Court to grant the instant motion and allow Mr. Woodward to withdraw as counsel for Mr. and Mrs. Meggs in this matter.[3]

---

[1] Out of an abundance of caution, specific details relating to the mediation process will not be discussed, as prior filings relating to the mediation process have been made exclusively under seal.

[2] *Statement of President Donald J. Trump*, Trump Vance 2025 Transition, Inc. (Jan. 4, 2025), https://www.trumpvancetransition.com/s/trump-announces-additional-wh-staff-.

[3] Although Mr. Nobile is not joining President-elect Donald J. Trump's administration, Mr. Nobile should be allowed to withdraw as counsel for Mr. and Mrs. Meggs because of Mr. Woodward's departure and the dissolution of Brand Woodward Law, LP.  Mr. Nobile is joining a firm in Maryland and transitioning to a role focusing almost exclusively on commercial litigation.  Mr. and Mrs. Meggs's representation in this matter, the related *Conrad Smith v. Donald J. Trump*, and the related criminal proceedings for Mr. and Mrs. Meggs were all almost exclusively handled by Mr. Woodward.  Mr. Nobile's participation in this case and the related *Conrad Smith v. Donald J. Trump* matter was limited to appearing at virtual status conferences and relaying details to Mr. Woodward.  Further, Mr. and Mrs. Meggs will have the opportunity to consult with Mr. Nobile's new law firm and to have Mr. Nobile continue representing Mr. and Mrs. Meggs in this matter, should Mr. and Mrs. Meggs so choose.

## **CONCLUSION**

For the reasons contained herein, Mr. and Mrs. Meggs respectfully requests that this Court grant Mr. Woodward's and Mr. Nobile's Motion to Withdraw from representation in this matter.

Dated: January 20, 2025          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Stanley E. Woodward, Jr.*
　　　　　　　　　　　　　　　　　　　Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
　　　　　　　　　　　　　　　　　　　BRAND WOODWARD LAW, LP
　　　　　　　　　　　　　　　　　　　400 Fifth Street, Northwest, Suite 350
　　　　　　　　　　　　　　　　　　　Washington, DC  20001
　　　　　　　　　　　　　　　　　　　202-996-7447 (telephone)
　　　　　　　　　　　　　　　　　　　202-996-0113 (facsimile)
　　　　　　　　　　　　　　　　　　　Stanley@BrandWoodwardLaw.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　*Connie Meggs and Kelly Meggs*

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, January 20, 2025, a true and correct copy was electronically filed through the CM/ECF system, which also transmitted a true and correct service copy of the foregoing motion upon all counsel of record in the instant case. I further certify that a true and correct copy was transmitted to Defendant Kelly Meggs, who is incarcerated at FCI Memphis. I further certify that a true and correct copy was transmitted to Defendant Connie Meggs, who currently resides at her home in Florida.

                                                */s/ Stanley E. Woodward, Jr.*
                                                Stanley E. Woodward, Jr.