IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>PROUD BOYS INTERNATIONAL, LLC, *et al.*,<br><br>    Defendants. | CASE NO. 21-CV-03267-APM |

**DEFENDANT LAURA STEELE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF DISTRICT OF COLUMBIA'S CIVIL CONSPIRACY CLAIMS (COUNTS III, IV, AND V) AND AS TO ATTORNEY'S FEES**

Pursuant to Fed. R. Civ. P. 56, Defendant Laura Steele ("Ms. Steele" or "Defendant") respectfully moves the Court to enter summary judgment in her favor as to Plaintiff District of Columbia's ("District" or "Plaintiff") civil conspiracy claims.

**SUMMARY**

On January 6, 2021, Defendant attended the Save America Rally in Washington, D.C. with her brother as security for VIPs. Although Defendant was around and with members of the Oath Keepers, she did not attend the rally as a formal member of their group; she was there to provide security, based on an application she sent on January 3, 2021, just three days earlier. At the rally, Defendant followed her brother and did as he instructed, including following him to the Capitol as the group of VIPs moved towards it. When others entered the Capitol, Defendant went along in an attempt to stay with her brother.

Despite having a pre-existing connection to her brother only, and the understanding that she was providing basic security services at the rally, Plaintiff insists that Ms. Steele was part of a greater, unlawful civil conspiracy to assault, batter, and intentionally inflict emotional distress onto

1

Washington, D.C. Metropolitan Police Department ("MPD") officers.  Plaintiff does not allege facts that indicate that Ms. Steele agreed to participate with others in a common scheme to commit the alleged, or any, unlawful acts on January 6, 2021.  There is no evidence that Ms. Steele agreed to an unlawful conspiracy.

Additionally, there is no basis for attorneys' fees.  The "American Rule" applies.  There is no fee shifting provision by contract, no applicable statutory provision, and this is not an equitable action.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Ms. Steele was previously a law enforcement officer and worked in a variety of law enforcement and public safety positions.  See Steele Declaration ("Steele Decl.") attached hereto as Exhibit A, at  ¶ 5.

2. At her brother's suggestion, Ms. Steele submitted an online application to the Oath Keepers on January 3, 2021 to help with security for VIPs at the Save America Rally in Washington, D.C. on January 6, 2021.  See id. at ¶ 6.

3. Before January 6, 2021, Ms. Steele sent no messages and otherwise did not initiate any communication with other members of the Oath Keepers, besides her brother.  See id. at ¶ 9.

5. Ms. Steele attended the January 6, 2021 Save America Rally with her brother.  See id. at ¶ 10.

6. Ms. Steele picked up an Oath Keepers t-shirt off the ground and wore it so that she could be identified as security for VIPs.  See id.

7. Ms. Steele followed her brother and the VIPs around, and was otherwise permitted to sit in a special section at the rally.  See id.

8.  Ms. Steele was not aware of a plan to enter the U.S. Capitol on January 6, 2021, or of a plan to interfere with Congress and engage in a riot; nor did she speak to anyone about such a plan or agree to such a plan.  See id. at ¶ 11.

9.  After President Trump's speech, Ms. Steele walked with a group up to and into the Capitol, staying with her brother, and was not aware of any pre-made plans to enter the Capitol. See id. at ¶ 11, ¶ 13.

10. Ms. Steele did not see law enforcement officers near the entrance of the Capitol as she entered. See id. at ¶ 12.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), Ms. Steele is entitled to summary judgment as to Plaintiff's civil conspiracy claims as "there is no genuine dispute as to any material fact and [Defendant is] entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Dist. No. 1 v. Liberty Mar. Corp., 567 F. Supp. 3d 217, 224–25 (D.D.C. 2021). Summary judgment is appropriate where, as here, the evidence is "so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 252.

## ARGUMENT

Plaintiff claims Ms. Steele was part of a civil conspiracy to harm the District and its police officers on January 6, 2021. Plaintiff's civil conspiracy claim is defective.  Based on her deposition, Plaintiff has no evidence whatsoever that Ms. Steele agreed to any unlawful conspiracy.

### I. Plaintiff Has No Evidence that Ms. Steele Agreed to the Alleged Conspiracy

Civil conspiracy requires an agreement to participate in an unlawful act or a lawful act in an unlawful manner. Ofisi v. BNP Paribas, S.A., 77 F.4th 667, 671 (D.C. Cir. 2023).  Plaintiff alleges that the Defendants, including Ms. Steele, "agreed to participate together in a common

3

scheme...to commit lawful acts by unlawful means." Am. Compl. ¶ 478.  In alleging civil conspiracy, Plaintiff "must set forth more than just conclusory allegations of [the conspiracy] agreement." See Acosta Orellana v. CropLife Int'l, 711 F. Supp. 2d 81, 91 (D.D.C. 2010).  Ms. Steele only agreed to attend the rally with her brother to provide security, she did not conspire with anyone.  Plaintiff's Amended Complaint does not provide evidence of how or when Ms. Steele, specifically, agreed to and planned the alleged conspiracy; or how she, rather than all the defendants, was specifically involved in the agreement.  See id. at 92 (finding it fatal to plaintiff's conspiracy claim that they failed "to provide any indication of when or how such [a conspiracy] agreement was brokered" or how a specific defendant had agreed to the conspiracy).  The events that occurred on January 6, 2021 could have been the result of individual actors that Ms. Steele was not a part of.  See id. at 93. Ms. Steele's deposition, taken by Plaintiff's counsel on January 23, 2025, revealed no evidence of any unlawful conspiracy to which she was a party.

## II. Defendant Did Not Agree to Participate in a Lawful Act in an Unlawful Manner

Ms. Steele attended the rally with her brother to provide security for VIPs. Attending a rally is a legal activity and the manner of Ms. Steele's attendance was not unlawful.  She sat in a special section of seating in order to be close to the VIPs.  Nothing about Ms. Steele's actions suggests she acted in an unlawful manner while attending the rally.  Furthermore, Defendant's lawful actions, conducted in a lawful manner, were not pre-discussed with anyone besides her brother, especially not with any members of the Oath Keepers.  There is no evidence that Ms. Steele made plans, or agreed, to attend the rally and behave in a riotous, harmful, or otherwise unlawful manner.  Her deposition testimony confirmed this.

### III. Defendant Did Not Agree to Participate in an Unlawful Act

Ms. Steele also did not agree to participate in any unlawful acts which would serve as grounds for civil conspiracy. See BNP Paribas, S.A., 77 F.4th at 671. While unlawful acts occurred on January 6, 2021, Ms. Steele did not agree to any common scheme to commit them. Ms. Steele was at most simply swept away by the crowd into the Capitol as she attempted to stay with her brother, who was her main contact in the area. Ms. Steele did not understand that there was a plan to challenge an election certification. President Trump told rallygoers to go to the Capitol, and she went with the crowd. Ms. Steele never discussed any of this with anyone and never imagined that it would happen; again, she thought she was attending to listen to President Trump and provide security if needed. Although others may have had plans to enter the Capitol and resort to violence, Ms. Steele's deposition, summarized in her declaration to save funds, made clear that she did not engage in any unlawful conspiracy as alleged.

Admittedly, Ms. Steele was convicted criminally, but she did not testify at her criminal trial, and the evidence in this case confirms that she did not engage in the civil conspiracy as alleged in the Amended Complaint. Summary judgment should be granted in the interests of justice.

### IV. There is No Basis for Attorneys' Fees

There is no basis for any fee-shifting in any case. Any claim for attorneys' fees should be dismissed.

### CONCLUSION

There is no evidence that Defendant Laura Steele conspired to assault, batter, or intentionally inflict emotional distress on anyone present at the Capitol on January 6, 2021, and certainly no evidence sufficient to withstand summary judgment.

WHEREFORE, Defendant prays that this Court grant summary judgment for Defendant on Counts III, IV, and V, and on any claim for attorneys' fees.

Dated: February 13, 2025.                                            Respectfully Submitted,

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

COUNSEL FOR LAURA STEELE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached document was served via electronic mail, through the ECF system, on February 13, 2025, to all counsel of record.

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

COUNSEL FOR LAURA STEELE