**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA, | |
| Plaintiff, | |
| v. | No. 1:21-CV-03267-APM |
| PROUD BOYS INTERNATIONAL, L.L.C., et al., | |
| Defendants. | |

**DISTRICT OF COLUMBIA'S REQUEST FOR VOLUNTARY DISMISSAL
WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(2)**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff District of Columbia ("the District") respectfully requests that the Court dismiss, with prejudice, the above-captioned action against all Defendants, with each party bearing its own costs and fees. Consistent with this request, the District also withdraws its pending motion for partial summary judgment set for oral argument on March 3, 2024. Defendants Ryan Ashlock, Joseph Randall Biggs, Thomas Caldwell, Louis Enrique Colon, Kenneth Harrelson, Jonathanpeter Klein, Robert Minuta, William Pepe, Dominic Pezzola, Elmer Stewart Rhodes, Jon Schaffer, Enrique Tarrio, Brian Ulrich, and Edward Vallejo consent to dismissal of this action and to bear their own costs and fees. The remaining Defendants who have appeared in this matter have not responded to the District's request for consent to this motion.

Under Rule 41(a)(2), an action may be dismissed by court order on terms the court considers proper. Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Laboratories,* 793 F.2d 350, 353 (D.C.Cir.1986); *see*

*also GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 369 (D.C.Cir.1981).

A defendant suffers no legal prejudice where the plaintiff moves for dismissal with prejudice. That is because dismissal with prejudice provides the defendant all they could obtain from a judgment and assures the defendant will not have to litigate the matter again. For that reason, a Rule 41(a)(2) motion must be granted when the plaintiff requests dismissal with prejudice. *See* 9 Charles Wright & Arthur Miller 2367 (4th ed. 2023) ("If the plaintiff moves for voluntary dismissal by court order under Rule 41(a)(2), specifically requesting that it be with prejudice, it has been held that the district court must grant the request.") (collecting cases); *Harsell v. Virginia Motor Lodges, Inc.*, 2018 WL 217506, at *2 (W.D. Va. May 10, 2018) ("Because district courts ordinarily 'must' grant a plaintiff's request for voluntary dismissal with prejudice, [plaintiff's] Rule 41(a)(2) motion will be granted.").

The District is moving for dismissal with prejudice here. Accordingly, its motion is required to be granted.

Even if dismissal is not mandatory, the District's motion should be granted. A dismissal under Rule 41(a)(2) is without prejudice unless otherwise ordered. Fed. R. Civ. P. 41(a)(2). In determining whether such a dismissal without prejudice would result in legal prejudice to a defendant, a court considers the following factors: (1) the defendant's trial preparation efforts, (2) any excessive delay or lack of diligence by the plaintiff in prosecuting the action, (3) an insufficient explanation by the plaintiff for taking nonsuit, and (4) the filing of motions for summary judgment by the defendant. *Conafay,* 793 F.2d at 353.

Under these criteria, ordinarily applied to a motion to dismiss without prejudice, dismissal with prejudice is warranted. As to the first factor, Defendants' trial preparations have been minimal. No trial date has been set and discovery is not scheduled to conclude for another

five months. *See* December 19, 2024 Minute Order; *Conafay*, 793 F.2d at 352 ("Appellants filed their motion to dismiss at a relatively early stage of the litigation: three months before the District Court's deadline for completion of discovery."). Moreover, the burdens of this litigation on Defendants have been limited. Sixteen Defendants have had default judgments entered against them for failing to participate in the litigation at all. ECF Nos. 241–252, 313–315. For those who have participated, the District issued just one set of requests for production of documents in June 2023 and one set of interrogatories in December 2023. ECF No. 363 at 2-4. Twenty-two Defendants responded to the interrogatories and just eight produced any responsive documents. *Id*. Several Defendants responded to discovery only after extraordinary delays and court intervention. *Id.* Only seven depositions have been taken to date. And to the extent that Defendants incurred expenses litigating the matter, those expenses are likely to be small given the course of litigation and do not amount to legal prejudice in any event, given that the requested dismissal is with prejudice. *See, e.g.*, *Chavez v. Huhtamaki, Inc.*, 2021 WL 4441976, at *3 (C.D. Cal. Sept. 28, 2021 (an award of costs or attorneys' fees is improper when the dismissal is with prejudice).

As to the second factor, the District has been extremely diligent in litigating this action. The District has not caused any delay, much less excessive delay, and it has prosecuted the case in earnest. It has met every court-ordered deadline, timely briefed both dispositive and discovery motions, and responsibly pursued discovery.

As to the third factor, the Attorney General has determined that, notwithstanding the virtue and propriety of this case, the District's limited law enforcement resources must now be committed elsewhere in the service of District residents, taking into account both the growing challenges the District faces and the relatively small recoveries the District stands to obtain on

its remaining common law causes of action.

Finally, as to the fourth factor, only one Defendant out of the 39 in this case, Laura Steele, filed a motion for summary judgment. ECF No. 364. The District has not yet filed an opposition to that motion, and the Court has not decided it. Nor is there any danger of an adverse ruling—the principal reason for *Conafay's* fourth factor—as Defendant Steele's argument that there is no evidence she agreed to participate in an unlawful conspiracy is belied by her conviction under 18 U.S.C. § 372 for conspiring to prevent members of Congress and/or federal law enforcement from carrying out their duties related to the certification of the 2020 presidential election. Moreover, non-consideration of Defendant Steele's motion cannot prejudice her because dismissal with prejudice will effectively yield the same result as success on her motion.

For the foregoing reasons, the District respectfully requests that the Court dismiss this action with prejudice with each party bearing its own costs and fees.

Dated: February 28, 2025

***Counsel for Plaintiff District of Columbia:***

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:     */s/ Brendan B. Downes*
          Brendan B. Downes (D.C. Bar 187888)
          400 6th St. NW
          Washington, DC 20001
          Tel: 202-805-7515
          Email: brendan.downes@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on February 28, 2025, I caused the foregoing Request for Voluntary Dismissal to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining defendants have been served via first class mail.

/s/ *Brendan B. Downes*
Brendan B. Downes (D.C. Bar 187888)