**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| **District of Columbia**, *Plaintiff*, v. **Proud Boys International**, et al. *Defendants*. | Case No. 1:21-cv-03267-APM |

**Defendant Christopher Kuehne's Response to
Plaintiff District of Columbia's Motion for Voluntary Dismissal**

Defendant Christopher Kuehne does not object to dismissing the District of Columbia's Amended Complaint. That dismissal, however, should award costs to Defendants.[1]

The District of Columbia brought five claims against Defendants that lacked any legal basis, factual basis, or both. This was not a case of an overworked public agency's counsel doing the best they could with limited time and resources. Rather, the District of Columbia Attorney General brought in two of the country's leading law firms, Paul Weiss Rifkind, Wharton & Garrison LLP, and Dechert, LLP, and two prominent and well-funded public interest groups, the States United Democracy Center and the Anti-Defamation League to prosecute this action.

Despite all that legal talent, the District of Columbia brought two statutory claims for which it lacked any plausible standing, and three claims for which, after two and a half years of litigation, it could not, or would not, identify a single specific officer that a Defendant injured. The District of Columbia had no factual or legal basis to hold Defendants liable for any District of Columbia officer's injury that was not inflicted by a Defendant.

**Facts**

On January 6, 2021, approximately 2,500 people marched to the United States Capitol Building, passed the barriers restricting entry, and forced entry into the Capitol

---

[1] Kuehne does not move for attorneys' fees as part of this motion but intends to file a motion for attorneys' fees under Rule 11.

Building. According to the Amended Complaint, 65 District of Columbia police officers suffered physical injuries during the riot. Am. Compl. ¶ 450. The Amended Complaint describes the injuries to two officers but does not identify those officers or that any Defendant inflicted those injuries. *Id.* ¶¶ 451-53. The Amended Complaint also implies over 1,000 District of Columbia officers or other employees suffered emotional damages. *Id.*, ¶ 454.

After the attacks, more than 1200 people were arrested and charged with crimes committed on January 6, 2021. Of those 2,500 participants, and those 1200 charged with crimes at the Capitol, the District of Columbia selected thirty-six people—all allegedly affiliated with the Proud Boys or Oath Keepers—and sued to hold them liable for every injury suffered by every District of Columbia police officer. Am. Compl. ¶¶ 456 – 490.

## Analysis

**1. The Court may grant a motion to dismiss under Rule 41(a)(2) on whatever conditions the Court deems appropriate.**

The District of Columbia moved to dismiss with prejudice. Dkt. 367. An order of "dismissal with prejudice is on the merits." *Scott v. Wash. Metro. Area Transit Auth.*, No. 24-cv-00487 (DLF), 2024 U.S. Dist. LEXIS 217088, at *5 (D.D.C. Dec. 2, 2024). When a Court enters a judgment, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Similarly, when dismissing a claim under Rule 41(a)(2), the Court may impose conditions on the dismissal that the Court deems just. Those conditions include paying

the Defendants' costs if those costs were incurred unnecessarily. *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981).

2. **The Court should impose costs on the District because the District of Columbia brought legally and factually deficient claims.**
   a. **Counts 1 and 2 had no legal basis because they asserted claims for injuries to federal officials.**

The District of Columbia brought two claims under statutes that, on their face, apply only to *federal*, not state or local, officers. *See* Am. Compl. ¶¶ 460-75. Count 1 asserts a claim under 42 U.S. Code § 1985(1), which prohibits interfering with or injuring a United States officer performing his or her duties. *Id.* at ¶¶ 460-68. Further, Section 1985 limits any damages claims to "the party so injured." *Id.* Count 2 asserts a claim under 42 U.S. Code § 1986, which imposes liability for any injuries under Section 1985 if the defendant knew about or could have prevented the act that caused that injury. Thus, Sections 1985 and 1986 limit any cause of action to the injured federal official.

The District of Columbia obviously lacked standing to bring Counts 1 and 2. First, Section 1985 limits standing to the injured federal officer. And Section 1986 depends on liability under Section 1985. *Burnett v. Sharma*, 511 F. Supp. 2d 136, 145 (D.D.C. 2007). The District of Columbia is a governmental entity, not an individual. Second, even if a federal officer's employer had standing to bring a claim under the statute, that would be the United States, not the District of Columbia. The Amended Complaint does not allege any relationship with federal officers or other fact that could suggest the District of Columbia had standing to bring any claim under Sections 1985 or 1986.

Defendant Kuehne's counsel sent a Rule 11 letter to the District of Columbia's counsel raising the obvious standing problem. Ex. 1, A. Bradley Letter to Def. Counsel. The letter pointed out that no court had ever allowed a governmental entity to bring a suit on behalf of a federal officer under Sections 1985 or 1986, and that no court had ever applied Sections 1985 or 1986 to state or local officers. *Id.* Thus, Kuehne asked the District to withdraw the claims. *Id.* The District of Columbia refused.

Defendant Kuehne moved to dismiss Counts 1 and 2 for lack of standing. The District of Columbia's opposition was frivolous. The District of Columbia could not cite a single case allowing the federal government, let alone a non-federal government, to bring a claim on behalf of an individual officer. Dkt. 145. Nor could the District of Columbia find a single case that applied Sections 1985 or 1986 to a state or local officer rather than a federal officer. Instead, the District of Columbia relied on *Thompson v. Trump*. Dkt. 145, *passim*, citing *Thompson v. Trump*, 590 F. Supp. 3d 46 (D.D.C. 2022). But *Thompson* simply addressed the scope of federal employees who could be considered federal officers under the statute. President Trump argued that Section 1985(1) protected only a narrow class of Presidentially-appointed officials, court officials, and heads of agencies. *Id.* at *82-83. The court rejected that strict reading of the statute and found that a particular group of plaintiffs—ten members of the United States House of Representatives—were federal officers under Section 1985(1). Nothing in *Thompson* could reasonably be read to expand Section 1985 or 1986 to non-federal officers, or to give standing to any governmental entity, let alone a non-federal entity, to bring a claim under those sections.

The Court granted Kuehne's motion, and other Defendants' motion based on similar reasoning, to dismiss Counts 1 and 2. The Defendants should not have been forced to bear the costs to litigate these two frivolous claims. Thus, the Court should award Defendants' costs incurred until the date the Court dismissed Counts 1 and 2.

b. **The District of Columbia had no legal standing to sue for injuries to federal officials.**

The District of Columbia asserted Counts 3 through 5 without properly investigating the legal or factual basis for those claims.

After the Court dismissed Counts 1 and 2, the District of Columbia proceeded on its claims for conspiracy to commit assault, (Count 3), conspiracy to commit battery, (Count 4), and conspiracy to intentionally inflict emotional distress (Count 5). As described above, the Amended Complaint does not identify any injured police officer or allege that any Defendant injured any particular officer. Yet the District of Columbia still seemed to be pursuing damages for every injury to every D.C. officer. Thus, the District of Columbia's theory seemed to be that Defendants conspired to assault, batter, and inflict emotional distress on January 6, 2021, so they are liable for every injury inflicted by assault, battery, or emotional distress, regardless if inflicted by a Defendant. But the D.C.'s highest court has already rejected that argument. *D.C. v. Beretta*, 872 A.2d 633, 653-54 (2005). In that case, the District of Columbia tried to hold certain gun manufacturers liable for all gunshot injuries to D.C. officers, regardless of which manufacturer's weapon inflicted the injury. The D.C. Court of Appeals rejected such a theory. Instead, it found the District of Columbia had standing to bring claims only on

behalf of specific, named officers who had been injured by a particular manufacturer's gun: "[Sections 4-602 and 5-602] give the District rights of 'legal subrogation' to claims ***a beneficiary or specified District employee*** may have." *Beretta*, 872 A.2d at 635 (emphasis added). The Court of Appeals affirmed the dismissal of the District's entire case except for two claims "***named individual plaintiffs*** for whom it has incurred medical expenses" due to injuries allegedly inflicted by an identifiable weapon. *Id.* at 637 (emphasis added). Thus, under Beretta, the District of Columbia can only recover for injuries to specified officers injured by an identified Defendant.

To prepare his defense and a possible motion for summary judgment, Kuehne served interrogatories asking the District of Columbia to specify which Defendant inflicted what injury on which police officer. Ex. B, 7/26/24, Pl.'s Resp. to Kuehne's First Interrogatories, at 7. Kuehne also served interrogatories asking whether the District of Columbia contended that Defendants were liable for injuries inflicted by third party, non-conspirators and, if so, to explain the legal theory. *Id.* at 16.

The District of Columbia failed or refused to answer the interrogatories. The District of Columbia did not identify any D.C. police officer injured by any Defendant. *Id.* at 7-8. Instead, the District of Columbia cited four hundred pages of documents that did not contain the requested information. The District of Columbia claims that it was still investigating its claims—two and a half years after filing its complaint—that depositions still had not taken place, and stating that it needed to take expert discovery. *Id.*

The District of Columbia similarly could not, or would not, identify any legal theory under which Defendants would be liable for every injury to every D.C. officer. *Id.* at 16. Instead, it merely cited various paragraphs in the amended complaint that did not answer the question. *Id.* And many of the cited paragraphs referred to an alleged conspiracy under Section 1985 or 1986, which the Court had already dismissed.

Kuehne sent a letter to the District of Columbia's counsel on January 30, 2025, explaining these deficiencies and asking the District of Columbia to supplement its responses. Ex. C, 1/30/2025 W. DeVinney letter to M. Weiner. The District of Columbia never responded. Instead, the parties finally scheduled a meet and confer call, which did not occur, for the day the District of Columbia moved to dismiss.

The deficiencies in the District of Columbia' Amended Complaint, its deficient interrogatory responses, and its refusal or inability to supplement those responses, show that the District of Columbia could not identify which, if any, officers the Defendants injured, and lacked a viable legal theory why Defendants would be liable for injuries inflicted by third parties.

## Conclusion

The District of Columbia Attorney General, aided by some of the nation's top lawyers, brought unsupported claims against the Defendants. Whatever the reason, Defendants should be forced to bear the costs for those defending against those claims. Thus, Defendant Kuehne respectfully requests that the Court order the District of Columbia to pay Defendants' costs in its order of dismissal.

Dated: March 5, 2025

Respectfully Submitted,

*William DeVinney* (signature)

_____
William T. DeVinney (Bar No. 488539)
Briglia Hundley, P.C.
1921 Gallows Road, Ste 750
Tysons Corner, VA 22182
Phone: (703) 883-0880
Fax: (703) 942-8092
Email: abradley@brigliahundley.com
Email: wdevinney@brigliahundley.com

*Attorneys for Defendant Christopher Kuehne*

**Certificate of Service**

I certify that on March 5, 2025, I caused this Defendant Christopher Kuehne's Response to Plaintiff District of Columbia's Motion for Voluntary Dismissalto be served by the Court's electronic filing system to all parties of record.

_____
William DeVinney