# Exhibit C

BRIGLIAHUNDLEY PC

**William T. DeVinney**
Direct Dial: (703) 942-8076
wdevinney@brigliahundley.com

January 30, 2025

***Delivered Via Email***

Mark Weiner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Re: *District of Columbia v. Proud Boys International, LLC*, No. 1:21-cv-03267

Mr. Weiner:

I am writing regarding Plaintiff's responses to Defendant Chris Kuehne's first set of interrogatories. The District objected to several responses on the ground that discovery was still ongoing. Discovery has been open for nearly two years and the District has not provided basic information about its claims.

**Interrogatory No. 3.** The District is required to answer interrogatories relating to its damages. The District must state, at a minimum, the name of the person injured, and amount of damages claimed for each injury. Also, for each person injured, the District must identify the alleged conspirator or conspirators who inflicted the injury. The District cannot recover damages for injuries not inflicted by any Defendant. The documents that the District cites in its answer do not provide that information.

The District cannot require Mr. Kuehne to seek "other means of discovery" to obtain this information. Requiring Defendants to depose each person injured would impose an undue burden on Defendants. Further, the District should have known this information before filing its Complaint. Mr. Kuehne and the other "defendants are certainly entitled to know with specificity, to the extent it is reasonably known or can be learned by plaintiff, the details of these [damages] allegations." *Lohrenz v. Donnelly*, 187 F.R.D. 1, 4 (D.D.C. 1999).

**Interrogatory No. 4.** The District's response to Interrogatory No. 4 is not sufficient to identify what the District alleges that Mr. Kuehne and the other defendants conspired to do. Mr. Kuehne has reviewed the Amended Complaint and it does not define the conspiracy. The Amended Complaint includes the following different descriptions of or allegations about the conspiracy:

- Three Defendants conspired to "unlawfully enter the Capitol grounds by overwhelming police defenses, for the purpose of interfering with the certification of the Electoral College Vote taking place inside the Capitol building." Dkt. 94, ¶ 72.

- Members of the Proud Boys conspired to "impede federal workers." *Id.*, ¶ 80.

- Defendant Schaffer pled to "seditious conspiracy" to "overthrow, put down, or destroy by force the Government of the United States or to prevent, hinder or delay the execution of any law of the United States." *Id.*, ¶ 90.

- Several Defendants "conspired to oppose by force the execution of the laws governing the transfer of presidential power by January 20, 2021." *Id.*, ¶ 91.

- The Oath Keepers and Proud Boys engaged in a "conspiracy to commit the January 6th Attack." *Id.* ¶ 94.

- The Defendants conspired "to deploy violent forces in the District in an effort to frustrate and undermine the formal process required to declare a Presidential election winner." *Id.*, at 37 (heading III).

- Defendant Young "consp[ed] to thwart the certification of the presidential election." *Id.*, ¶ 168.

- Defendant Greene "conspire[ed] with others to enter the restricted area of the Capitol grounds." *Id.*, ¶ 380.

- The Proud Boys and Oath Keepers admitted to a conspiracy "to carry out the January 6th Attack." *Id.*, ¶ 390.

The Amended Complaint also suggests that there are not one but several different conspiracies. Count I refers to "the Section 1985 Conspiracy … to prevent, interrupt, hinder, and impede, through force, intimidation, and threat: (i) United States officials from discharging official duties of their offices and positions of trust as part of the formal

process for counting and certifying the count of electoral votes for the 2020 presidential election and declaring a winner of the 2020 presidential election; (ii) President Biden and Vice President Kamala Harris from accepting or holding the offices of President of the United States and Vice President of the United States, respectively; and (iii) President Biden and Vice President Harris from discharging any duties of the offices of President of the United States and Vice President of the United States, respectively." *Id.*, ¶ 463. The following paragraph alleges that Defendants "also conspired to injure Vice President Pence's person and property on account of his lawful discharge or performance of his duties as Vice President." *Id.*, ¶ 464.

**Interrogatory No. 7.** The District's response to Interrogatory No. 7 does not explain what the District alleges to be Mr. Kuehne's membership, association or affiliation with the Proud Boys. Mr. Kuehne knew members of the Kansas City Proud Boys and shared a ride with them to Washington, D.C., but has no other association or affiliation with the Proud Boys. He never applied for membership, requested membership, or participated in Proud Boys's activities. If the District alleges or has information otherwise, it must disclose that in discovery. If the District does not supplement Interrogatory 7, Mr. Kuehne will object to any evidence that the District attempts to introduce at trial about any purported affiliation between Mr. Kuehne and the Proud Boys beyond sharing a ride to the District of Columbia.

**Interrogatory No. 8.** The District's answer to Interrogatory No. 8 does not inform Mr. Kuehne about what the District alleges that Mr. Kuehne did to join the conspiracy. Interrogatory No. 8 merely repeats the District's unsupported allegation that Mr. Kuehne is somehow affiliated or associated with the Proud Boys. That does not explain how or when Mr. Kuehne joined the alleged conspiracy unless the District alleges that mere affiliation or association with the Proud Boys constitutes joining the conspiracy. If the District believes that Mr. Kuehne's mere affiliation with the Proud Boys is sufficient to establish a conspiracy, please so state.

**Interrogatory No. 9.** The District's response to Interrogatory No. 9 does not answer the question posed. Does the District contend that the Defendants are liable for all injuries suffered by a District police officer, regardless of whether that officer was injured by a co-conspirator? The District must answer interrogatories "that relate[ ] to … the application of law to fact." Fed. R. Civ. P. 33(a)(2).

Please let me know if the District will supplement its interrogatories to provide the requested information or if the District would like to set up a meet and confer call.

Thank you.

Sincerely,

William T. DeVinney
BRIGLIA HUNDLEY, P.C.