## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>          Plaintiff,<br><br>    v.<br><br>PROUD BOYS INTERNATIONAL, L.L.C., et al.,<br><br>          Defendants. | No. 1:21-CV-03267-APM |

### DISTRICT OF COLUMBIA'S REPLY IN SUPPORT OF ITS REQUEST FOR VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(2)

The District of Columbia filed a request for voluntary dismissal of this action with prejudice against all Defendants on February 28, 2025, with each party bearing its own costs and fees. Every Defendant who responded to the District's request consented, with the sole exception of Defendant Christopher Kuehne. Mr. Kuehne does not object to dismissal of the action but asks the Court to order the District to pay his costs. Dkt. No. 371 at 1. However, Mr. Kuehne fails to apply the appropriate legal standard for conditioning a dismissal with prejudice on an award of costs under F.R.C.P. 41(a)(2). Moreover, Mr. Kuehne rests his request for costs on erroneous contentions, speciously arguing that the District's claims are "frivolous" because the Court partially granted his motion to dismiss and the District's remaining claims are supposedly deficient. Dkt. No. 371 at 4-8. Mr. Kuehne's request for costs should be denied.[1]

---

[1] Mr. Kuehne also signals his intent to file a motion for attorney's fees under Rule 11. Dkt. 371 at 2 n.1. Such a motion would be unsupported and frivolous for many of the reasons identified here. Mr. Kuehne previously threatened the District with a Rule 11 motion nearly three years ago because, in his view, all of the District's legal claims in its amended complaint, including those that survived the motion to dismiss, were meritless. *See id.* at Exhibit 1.

Under F.R.C.P. 41(a)(2), dismissal of an action should include payment of costs only if the costs were incurred "unnecessarily." *See, e.g.*, *GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 367 (D.C. Cir.1981). Where, as here, a plaintiff requests voluntary dismissal with prejudice, courts have interpreted this standard to mean that a defendant must demonstrate "exceptional circumstances"—like when a plaintiff sues a defendant and voluntarily dismisses claims with prejudice repeatedly—to secure dismissal conditioned on payment of costs. *Office and Professional Employees International Union Local 2 v. Sheet Metal Workers International Association*, 2008 WL 11397884, at *1 (D.D.C. June 26, 2008) (citing *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) and *Colombrito v. Kelly*, 764 F.2d 122, 133-134 (2nd Cir. 1985)); *see also Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 42 (D.D.C. 2012) (declining to award costs as a condition of dismissal in part because "there is no evidence that plaintiff intends to re-file his suit in another forum, or that he is seeking dismissal for a tactical advantage.").

Mr. Kuehne's request fails to satisfy this stringent standard. He does not present "exceptional circumstances" that warrant an award of costs, much less establish that costs were incurred unnecessarily (and notably, Mr. Kuehne does not identify any recoverable costs he actually incurred). The Court's ruling on Mr. Kuehne's motion to dismiss proves as much. Contrary to Mr. Kuehne's assertion that the District's common law claims are frivolous, those claims survived the motion to dismiss. Since then, they have been in discovery and headed for trial, where a jury would determine whether Mr. Kuehne, as a member of the Proud Boys, conspired with fellow Proud Boys to prevent members of Congress and the Vice President from discharging their constitutional duty to declare the winner of the 2020 presidential

election, with the natural and foreseeable consequence being the assault, battery, and/or intentional infliction of emotional distress on MPD officers who were protecting the Capitol. *See, e.g.*, *Atchley v. AstraZeneca UK Ltd.*, 22 F.4th 204, 221-23 (D.C. Cir. 2022); *Halberstam v. Welch*, 705 F.2d 472 at 477-78 (D.C. Cir. 1983). These facts plainly warrant the denial of Mr. Kuehne's request.

The Court's dismissal of the District's two federal statutory claims at the pleading stage does not alter this conclusion. As a matter of law, when some of a plaintiff's claims survive a motion to dismiss, the dismissal of other claims based on the same set of facts cannot establish that recoverable costs present exceptional circumstances or are unnecessarily incurred, either in briefing the part of the motion the defendant won or otherwise. Courts generally do not engage in a piecemeal, claim-by-claim analysis to determine whether to award costs when claims are based on the same set of facts; rather, they look at the whole case. *See Guttenberg v. Emery*, 68 F. Supp. 3d 184, 189 (D.D.C. 2014) (rejecting the argument that, because defendant successfully moved the court to dismiss three of the four claims originally asserted by the plaintiffs, defendant unnecessarily incurred costs). And here, the case survived the motion to dismiss and has been litigated on common law claims that rest on the same set of facts as the District's federal statutory claims.

Moreover, the Court dismissed the District's federal claims at the pleading stage only after carefully considering the statutory language and legislative history of the supporting statutory provisions. *See* Dkt. No. 171 at 6-11. Inasmuch as "winning and losing has never been the stick by which courts have measured whether to impose fees-and-costs conditions [under Rule 41(a)(2)]," the dismissal of those claims after careful consideration does not indicate that exceptional circumstances exist or that Mr. Kuehne unnecessarily incurred

3

recoverable costs in briefing his motion. *Guttenberg*, 68 F. Supp. 3d at 189; *see also SBM Wageneder Gesellschaft v. American Arbitration Association*, 113 F.R.D. 659, 663 (D.D.C. 1987) (rejecting request to condition voluntary dismissal on an award of fees and costs because "the case law requires that defendant's efforts must have been unnecessary, not that the plaintiff must prevail.").[2]

For the foregoing reasons, the District respectfully requests that the Court grant its request to voluntarily dismiss this matter with prejudice, with each party bearing its own fees and costs.

Dated: March 12, 2025

*Counsel for Plaintiff District of Columbia:*

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:    */s/ Brendan B. Downes*
         Brendan B. Downes (D.C. Bar 187888)
         400 6th St. NW
         Washington, DC 20001
         Tel: 202-805-7515
         Email: brendan.downes@dc.gov

---

[2] Mr. Kuehne also complains that the District failed to respond to his interrogatories, but this is incorrect. Dkt. No. 371 at 8. The District responded to those interrogatories on July 26, 2024, *id.* at Exhibit 2 and did not hear anything from Mr. Kuehne regarding those responses until six months later, *id.* at Exhibit 3.

**CERTIFICATE OF SERVICE**

    I hereby certify that, on March 12, 2025, I caused the foregoing Reply in Support of the District's Request to Voluntarily Dismiss with Prejudice to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record. Remaining Defendants have been served via first class mail.

                                                        /s/ *Brendan B. Downes*
                                                    Brendan B. Downes (D.C. Bar 187888)