UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-03267 (APM) |
| | ) | |
| **PROUD BOYS** | ) | |
| **INTERNATIONAL, L.L.C., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Plaintiff District of Columbia has moved to dismiss the complaint against all Defendants with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), ECF No. 367 [hereinafter Pl.'s Request]. No Defendant opposes the request for dismissal with prejudice, but Defendant Christopher Kuehne has asked the court to condition dismissal on an award of costs to "Defendants" (not just himself). Def.'s Resp. to Pl.'s Request, ECF No. 371. Defendant argues, in essence, that such an award is appropriate here because all of Plaintiff's claims were frivolous. *See generally id.*

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of the 'terms and conditions' clause is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981) (citations omitted).

When, as here, a plaintiff seeks dismissal *with prejudice* "many courts have held that . . . , absent 'exceptional circumstances' the court lacks the power to require payment of attorney's fees

[or costs] unless there has been vexatiousness or the case is of a kind in which attorney's fees [or costs] otherwise might be ordered after termination on the merits." Wright & Miller, Fed. Practice & Procedure, § 2366 Voluntary Dismissal—Conditions on Dismissal, 9 Fed. Prac. & Proc. Civ. § 2366 (4th ed.) (citations omitted).[1]  The Third Circuit, for instance, has said that "although attorneys' fees and costs should not typically be awarded in a Rule 41(a)(2) dismissal with prejudice, exceptional circumstances may sometimes warrant granting such an award." *Carroll v. E One Inc*, 893 F.3d 139, 149 (3d Cir. 2018).  In *Carroll*, the court found such "exceptional circumstances" based on "a litigant's failure to perform a meaningful pre-suit investigation, coupled with a litigant's repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system." *Id.*  The Tenth Circuit likewise has held that, "a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).  Such circumstances include "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.  See also Colombrito v. Kelly*, 764 F.2d 122, 133–34 (2d Cir. 1985) (observing that "when a lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a)(2), attorney's fees have almost never been awarded") (emphasis in original).

The rationale for the distinction between a dismissal with prejudice and one without prejudice is that, "[w]hen a plaintiff dismisses an action without prejudice, a district court may

---

[1] The D.C. Circuit has not addressed the standard for imposing costs under Rule 41(a)(2) for a dismissal with prejudice. The relevant cases the court has identified all have involved dismissal without prejudice. *See GAF Corp.*, 665 F.2d at 366; *McLaughlin v. Cheshire*, 676 F.2d 855, 856 (D.C. Cir. 1982); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1338 (D.C. Cir. 1988); *Conafay by Conafay v. Wyeth Lab'ys, a Div. of Am. Home Prods. Corp.*, 841 F.2d 417, 418 (D.C. Cir. 1988).

seek to reimburse the defendant for his attorneys' fees [or costs] because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." *AeroTech*, 110 F.3d at 1528 (citation omitted). "In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees [or costs] are usually not a proper condition of dismissal because the defendant cannot be made to defend again." *Id. See also Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (same rationale); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (same rationale). This dichotomy is consistent with the purpose of Rule 41(a)(2), which is "to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito*, 764 F.2d at 133 (citations omitted).

In this case, Defendant Kuehne has failed to establish "exceptional circumstances" that would justify an award of costs as a condition of dismissal with prejudice. He has not shown that Plaintiff failed to perform a meaningful pre-suit investigation or has acted vexatiously as to him or any other Defendant. To the extent that he asserts Plaintiff's claims are frivolous, that argument fails because the court found plausible Plaintiff's common law civil conspiracy claims and permitted them to proceed to discovery. *See Dist. of Columbia v. Proud Boys Int'l, LLC*, No. 21-cv-03267 (APM), 2023 WL 2733767, at *8 (D.D.C. Mar. 31, 2023). And to the extent the court dismissed Plaintiff's § 1985 and § 1986 claims, it did so not for the absence of Article III standing but the lack of statutory standing. *See id.* at *3*6. With no case directly on point, the court considered the statutory text, purpose, and history to reach that conclusion. *Id.* The mere fact the court disagreed with Plaintiff and dismissed its claims does not make them frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (stating "that a finding of a failure to state a claim does not invariably mean that the claim is without arguable merit") (citation omitted).

3

With Defendant Kuehne not having established the type of "exceptional circumstances" that would justify awarding costs as a condition of dismissal with prejudice, the court hereby grants Plaintiff's Request for Voluntarily Dismissal with Prejudice, ECF No. 367, and dismisses this action against all Defendants with prejudice.

Dated: March 14, 2025

Amit P. Mehta
United States District Court Judge